## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| KEVIN S. CLAPP, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | C.A. 1:18-cv-10426-ADB |
| MARK COHEN, JOHN FANNING, | ) | |
| JOHN FANNING, VINCENT NOE, | ) | |
| BRUCE TOBIN, BRIAN TULLY, | ) | |
| SCOTT KEARNS, BRIAN BROOKS, | ) | |
| AND JAMES FLANAGAN | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM IN SUPPORT OF
## DEFENDANT JAMES FLANAGAN'S MOTION TO DISMISS

*Pro se* plaintiff Kevin S. Clapp's Amended Complaint fails to state a claim under 42 U.S.C. §1983 and so defendant James Flanagan is entitled to dismissal of the claim against him in Plaintiff's Amended Complaint. Plaintiff quarrels with Flanagan, the First Assistant Clerk Magistrate of the Stoughton District Court in Massachusetts, having signed a warrant for Plaintiff's arrest. Allegations of such conduct, though, entitle Assistant Clerk Flanagan to quasi-judicial immunity. Assistant Clerk Flanagan is also entitled to qualified immunity. Plaintiff also fails to plausibly allege that he was deprived of a federally protected right pursuant to §1983. As a result, Assistant Clerk Flanagan is entitled to dismissal.

## I.     BACKGROUND

### A. Procedural History

On March 5, 2018, *pro se* plaintiff Kevin S. Clapp filed a complaint against Assistant Clerk Flanagan and 78 other defendants. [ECF No. 1]. After Plaintiff was granted *in forma pauperis* status on March 9, 2018, Plaintiff was ordered to file an amended complaint that complied with the basic pleading requirements of the Federal Rules of Civil Procedure. [ECF No. 7]. On September 21, 2018, Plaintiff filed his Amended Complaint, naming Assistant Clerk Flanagan and 40 other defendants. [ECF No. 21 ("Am. Compl.")]. On March 14, 2019, this Court issued a Memorandum & Order pursuant to 28 U.S.C. § 1915(e)(2)(B) dismissing: (1) all claims under Title III of the Americans with Disabilities Act, 42 U.S.C. §§ 12181 *et seq.*, (2) all claims against all but eight defendants, and (3) all official-capacity monetary damages claims against the remaining defendants.[1] [ECF No. 4]. Accordingly, the only remaining federal claims are personal capacity claims for violations of 42 U.S.C. §1983 against eight defendants, including as against Assistant Clerk Flanagan.[2]

### B. Facts Alleged in the Amended Complaint

For purposes of this Motion only, Assistant Clerk Flanagan assumes that the allegations in Plaintiff's Amended Complaint are true. The relevant allegations are as follows:

On March 8, 2016, defendant James Flanagan, who was a First Assistant Clerk Magistrate of the Stoughton District Court, signed an arrest warrant for Plaintiff "with no evidence or merit" on charges of threatening to kill State Trooper John Fanning and his wife. Am. Compl. ¶¶ 1, 21, 27-28. "Perjury was committed" by Assistant Clerk Flanagan, who

---

[1] The Court also concluded that it is without Diversity Jurisdiction under 28 U.S.C. § 1332.
[2] Under 42 U.S.C. §1983, state officials may be personally liable for damages based on actions taken in their official capacities; state officials sued in their personal capacity may assert personal immunity defenses. Hafer v. Melo, 502 U.S. 21, 25 (1991).

2

"conspired to commit perjury so [Plaintiff] would be falsely accused of all crimes that [Plaintiff] never did." Id. ¶ 21. Plaintiff further alleges that State Trooper Bruce Tobin "committed perjury" with other troopers to "falsely accuse and falsely charge" Plaintiff with an arrestable felony and "submitted a fraudulent police report under the pains and penalties of perjury as to arrest." Id. ¶ 1-4. Plaintiff was arrested on the warrant and brought to the "Plymouth House of Correction and Jail" for one night. Id. ¶ 6. The day after, on March 9, 2016, Plaintiff was arraigned on the charges underlying the arrest warrant (Docket No. 1655CR281) ("the underlying criminal matter") in Stoughton District Court before Judge Antoinette Leoney, who ordered several conditions including a cash bail and GPS monitoring, and "would not cancel [the arrest] warrant in error." Id. ¶ 10, 12. Two years later on March 9, 2018, Plaintiff was found not guilty on all charges after a four-day jury trial. Id. ¶ 1, 13.

## II.     STANDARD OF REVIEW

To survive a Rule 12(b)(6) motion to dismiss, a complaint must state a "plausible, not a merely conceivable" claim for relief on its face. Ocasio-Hernández v. Fortuño-Burset, 640 F.3d 1, 12 (1st Cir. 2011). In determining facial plausibility, "a court should employ a two-pronged approach." Ocasio-Hernández at 12. First, the "mere legal conclusions in a complaint, i.e., 'threadbare recitals' of the elements of a cause of action" are identified and "cull[ed]." Roche v. Morgan Collection, Inc., 2012 WL 12950955, *1 (D. Mass. 2012), citing Ocasio-Hernández at 12.  See Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (a plaintiff must provide more than "labels and conclusions, and a formulaic recitation of the elements of a cause of action"); Gagliardi v. Sullivan, 513 F. 3d 301, 305-306 (1st Cir. 2008) (a court need not credit "bald assertions," "unsubstantiated conclusions," "subjective characterizations," or "problematic suppositions"). Second, the remaining non-conclusory facts are taken as true, with all reasonable

3

inferences made in the plaintiff's favor. Ocasio-Hernández at 12. If this remaining "factual content…'allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged, the claim has facial plausibility.'" Ocasio-Hernández at 11-12, quoting Ashcroft v. Iqbal, 556 U.S. 662, 665 (1940).

**III.     ARGUMENT**

Plaintiff's claim against Assistant Clerk Flanagan should be dismissed because he is entitled to quasi-judicial immunity, as well as qualified immunity, and Plaintiff fails to plausibly allege that he was deprived of a federally protected right pursuant to §1983.

A.  Quasi-Judicial Immunity Bars the Claim.

Under the doctrine of judicial immunity, judges are shielded from "liability of damages for acts committed within their judicial jurisdiction." Pierson v. Ray, 386 U.S. 547, 554-555 (1967); Becks v. Plymouth County Superior Court, 511 F. Supp. 2d 203, 206 (D. Mass. 2007), citing Stump v. Sparkman, 435 U.S. 349 (1978) (absolute immunity "applies to any judicial officer for any normal and routine judicial act"). "This [absolute] immunity applies no matter how erroneous the act may have been, how injurious its consequences, how informal the proceeding or how malicious the motive." Cok v. Cosentino, 876 F.2d 1, 2 (1st Cir. 1989), citing Cleavinger v. Saxner, 474 U.S. 193, 199-200 (1985). The purpose is not to protect or benefit the "malicious or corrupt judge, but…the public, whose interest it is" that judges exercise impartial judgment without fear of potential liability. Pierson at 554-555; Antoine v. Byers & Anderson, Inc., 508 U.S. 429, 433 (1993). Driven by the same rationale, judicial immunity has been extended to "those who perform tasks that are inextricably intertwined with the judicial function" through the doctrine of quasi-judicial immunity. Nystedt v. Nigro, 700 F.3d 25, 30 (1st Cir. 2012). Quasi-judicial immunity applies to non-judicial court personnel and officials when they

4

exercise discretionary judgment in a manner functionally comparable to judges. Imbler v. Pachtman, 424 U.S. 409, 423, n.20 (1976).

     Here, in determining probable cause to issue the criminal complaint and warrant for Plaintiff's arrest, Assistant Clerk Flanagan was entitled to quasi-judicial immunity because he was performing a discretionary function that was authorized by law. See Mass. Gen. Laws Ch. 218, §§33, 35; Commonwealth v. Muller, 18 Mass.L.Rptr. 483, *2 (2004) (Assistant Clerk authorized to issue arrest warrants upon a finding of probable cause pursuant to Mass. Gen. Laws Ch. 218, §33); Roberts v. Town of Scituate, 2012 WL 2914444, *4 (2012) (Clerk Magistrate authorized to "adjudicate an application for a criminal complaint" pursuant to Mass. Gen. Laws Ch. 218, §35). This Court, in Roberts v. Town of Scituate, extended judicial immunity to a Clerk Magistrate of the Hingham District Court in Massachusetts where he was "authorized under Massachusetts law to adjudicate an application for a criminal complaint." Roberts at *4 ("Judicial immunity extends to decisions makers other than judges who have discretionary authority to determine the applicability of the governing law to the individual facts in each case."). Thus, this Court opined, even if the Clerk Magistrate was wrongful in issuing a criminal complaint and refusing to allow the plaintiff to present evidence at the show cause hearing, the Clerk Magistrate was protected by judicial immunity. Id. See Merrifield v. Demello, 116 F.3d 464, *1 (1st Cir. 1997) (Clerk Magistrate "was absolutely immune for his decision to issue the arrest warrant."), citing Scott v. Dixon, 720 F.2d 1542, 1546 (11th Cir. 1983) (absolute judicial immunity applied to state court clerk who, in issuing criminal warrants, had to determine the applicable law and probable cause—functions normally handled by a judge). As such, Plaintiff's claim against Assistant Clerk Flanagan is barred by quasi-judicial immunity.

B.  Assistant Clerk Flanagan is Entitled to Qualified Immunity.

If this Court declines to apply quasi-judicial immunity, Assistant Clerk Flanagan is also entitled to qualified immunity. "The general rule of qualified immunity…is that 'government officials performing discretionary functions, generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights.'" Floyd v. Farrell, 765 F.2d 1, 4 (1st Cir. 1985), quoting Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982). The First Circuit has adopted a two-part test to assess qualified immunity in which a court must decide: "(1) whether the facts alleged or shown by the plaintiff make out a violation of a constitutional right; and (2) if so, whether the right was 'clearly established' at the time of the defendant's alleged violation[3]." Lachance v. Town of Charlton, 368 F. Supp. 3d 231, 237 (D. Mass. 2019), citing Maldonado v. Fontanes, 568 F.3d 263, 269 (1st Cir. 2009). "[C]laims of qualified immunity [are viewed] through the lens of objective reasonableness; so viewed, only those officials who should have known that their conduct was objectively unreasonable are beyond the shield of qualified immunity[.]" Conlogue v. Hamilton, 906 F.3d 150, 154 (1st Cir. 2018). Qualified immunity allows officials "breathing room to make reasonable but mistaken judgments" and "protects all but the plainly incompetent or those who knowingly violate the law." Gunter v. Cicero, 364 F. Supp. 3d 124, 139 (D. Mass. 2019), quoting Carroll v. Carman, 574 U.S. 13, 135 (2014). Qualified immunity "is an immunity from suit" and protects the official "from the burdens of discovery." Hegarty v. Somerset County, 25 F.3d 17 (1st Cir. 1994). Thus, "until this threshold immunity question is resolved, discovery should not be allowed." Hegarty

---

[3] "The second prong, in turn, has two elements…'(a) whether the legal contours of the right in question were sufficiently clear that a reasonable officer would have understood that what he was doing violated the right, and (b) whether in the particular factual context of the case, a reasonable officer would have understood that his conduct violated the right.'" Ciolino v. Gikas, 861 F.3d 296, 303 (1st Cir. 2017), quoting Mlodzinski v. Lewis, 648 F.3d 24, 32–33 (1st Cir. 2011).

at 17, quoting Harlow at 818. See Fort v. Sullivan, 974 F.2d 1329 (1st Cir. 1992) (affirming 12(b)(6) dismissal based on qualified immunity).

Here, the facts as alleged do not give rise to a reasonable inference that Assistant Clerk Flanagan's issuance of the criminal complaint and arrest warrant was objectively unreasonable. As such, Assistant Clerk Flanagan is entitled to qualified immunity. Reading the Amended Complaint in the light most favorable to Plaintiff, Plaintiff's claim against Assistant Clerk Flanagan is essentially that the arrest warrant was issued without probable cause—based on false information provided by Tobin's affidavit—which implicates the Fourth Amendment right to be free from unreasonable seizure. Am. Compl. ¶ 21. See Parks v. Town of Leicester, 2011 WL 864823, *3 (D. Mass. 2011) (an alleged arrest without probable cause is an alleged violation of the Fourth Amendment "that, at least on its face, is actionable under §1983"). On this, the Court may consider Tobin's Application for Criminal Complaint (and arrest warrant) and Affidavit in Support of Application for an Arrest Warrant that seeks the issuance of a criminal complaint and arrest warrant for Plaintiff on one count of Stalking and two counts of Threats.[4] [Exhibit 1 ("Tobin's Application and Affidavit")]. Assuming, *arguendo*, that Tobin's Affidavit contained false information, Plaintiff has not alleged any plausible, non-conclusory facts showing that Assistant Clerk Flanagan would have reason to know this. Am. Compl. ¶ 21. Plaintiff simply accuses, speculates, and concludes, without any elaboration or substantiation, that Assistant Clerk Flanagan "conspired to commit perjury so [Plaintiff] would be falsely accused of all

---

[4] In determining a Rule 12(b)(6) motion to dismiss, a court "is generally limited to considering facts and documents that are part of or incorporated into the complaint[,]" but may also consider documents incorporated by reference in the complaint, matters susceptible to judicial notice, and matters of public record such as documents from prior state court adjudications. Giragosian v. Ryan, 547 F.3d 59, 65 (1st Cir. 2008). See Watterson v. Page, 987 F.2d 1, 3 (1st Cir. 1993) ("A court may consider documents 'central to the plaintiffs' claim' or 'sufficiently referred to in the complaint' without converting the motion to dismiss into one for summary judgment."). Tobin's Application and Affidavit are court records in the underlying criminal matter that Plaintiff specifically references and relies on in framing the Amended Complaint and claims against Assistant Clerk Flanagan. As such, the Court may consider them.

crimes that [Plaintiff] never did." Am. Compl. ¶ 21. See Gagliardi v. Sullivan, 513 F. 3d 301, 305-306 (1st Cir. 2008) (a court need not credit "bald assertions," "unsubstantiated conclusions," "subjective characterizations," or "problematic suppositions"). See Slotnick v. Garfinkle, 632 F.2d 163, 165-166 (1st Cir. 1980) (affirming dismissal of §1983 claim dependent on the existence of a conspiracy where *pro se* plaintiff's complaint did not elaborate on or substantiate "its bald claims that certain defendants 'conspired' with one another"); see also Ulatowski v. Ponte, 524 F.Supp. 1112, 1114 (1st Cir. 1981) (though a *pro se* complaint is "evaluated upon less stringent standards…courts need not conjure up unpleaded facts to support conclusory allegations in a *pro se* pleading, and sufficient supportive facts outlining the elements of a claim must be alleged to survive a Rule 12(b)(6) dismissal). Because Assistant Clerk Flanagan reasonably based his probable cause determination on Tobin's Application and Affidavit, he is entitled to qualified immunity and Plaintiff's claim against him should be dismissed.

  iii. <u>Plaintiff Fails to Plausibly Allege a Deprivation of a Federally Protected Right.</u>

  Finally, if the Court declines to apply quasi-judicial or qualified immunity, Plaintiff's claim against Assistant Clerk Flanagan should be dismissed because Plaintiff has failed to plausibly allege that he was deprived of a federally protected right pursuant to §1983. "[T]wo allegations are required in order to state a cause of action under [§1983][.] First, the plaintiff must allege that some person has deprived him of a federal right. Second, he must allege that the person who has deprived him of that right acted under color of state or territorial law." Gomez v. Toledo, 446 U.S. 635, 640 (1980).

  Plaintiff here has not plausibly alleged any non-conclusory facts that he was deprived of a federal right. Plaintiff claims that Tobin's Application and Affidavit, which prompted the issuance of and served as the basis for the arrest warrant, were false. Am. Compl. ¶ 1-4. But,

Plaintiff has not alleged any plausible, non-conclusory facts to support this. As with Plaintiff's claim against Assistant Clerk Flanagan, Plaintiff simply accuses, speculates, and concludes—repeatedly, without any elaboration or substantiation—that Tobin "committed perjury with other troopers to falsely accuse and falsely charge the Plaintiff to be charged with an arrestable felony by lying under oath to obtain such arrest warrant." Am. Compl. ¶¶ 1-4.

It is also irrelevant to this issue that Plaintiff was later acquitted of the charges in Tobin's Application. Id. at ¶ 1, 13. The day after his arrest, Plaintiff was arraigned on the charges and Judge Leoney ordered several conditions of release including a cash bail and GPS monitoring, and "would not cancel [the arrest] warrant in error." Id. at ¶ 12. The underlying criminal matter survived beyond Plaintiff's arrest for two years and only after a four-day trial jury trial was Plaintiff acquitted of the charges. See Roche v. John Hancock Mut. Life Ins. Co., 81 F.3d 249, 255 (1st Cir. 1996) ("The probable cause [to arrest] determination is made at a different point in time by a different, less demanding methodology, and requires less proof than a conviction."). "The Constitution does not guarantee that only the guilty will be arrested. If it did, §1983 would provide a cause of action for every defendant acquitted—indeed, for every suspect released." Baker v. McCollan, 443 U.S. 137, 142-143 (1979).

## IV.     CONCLUSION

For the foregoing reasons, Assistant Clerk Flanagan respectfully requests that the Court grant this Motion, and that it dismiss all of Plaintiff's claims against him.

Respectfully submitted,

Defendant,
JAMES FLANAGAN
By his Attorneys

MAURA HEALEY
ATTORNEY GENERAL

9

/s/ Evelyn Y. Tang<br>
Evelyn Y. Tang, BBO No. 669820<br>
Assistant Attorney General<br>
Government Bureau/Trial Division<br>
One Ashburton Place, 18th Floor<br>
Boston, MA  02108<br>
Tel: (617) 727-2200 Ext. 2905<br>
Fax: (617) 727-3076<br>
Evelyn.Tang@mass.gov

Date: August 9, 2019

## CERTIFICATE OF SERVICE

I, Evelyn Y. Tang, Assistant Attorney General, hereby certify that the above Memorandum in Support of Defendant James Flanagan's Motion to Dismiss and associated Exhibit 1 filed through the CM/ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing and a true copy will be sent to those indicated as non-registered participants on August 9, 2019 via USPS First Class mail.

/s/ Evelyn Y. Tang<br>
Evelyn Y. Tang<br>
Assistant Attorney General