UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| KEVIN CLAPP,       )<br>    Plaintiff   )<br>                    )<br>V.                    )<br>                    )<br>CHARLES BAKER, et. al.,   )<br>    Defendants,    )<br>                    ) | Civil Action No. 18-10426-ADB |

**MOTION TO DISMISS FOR FAILURE TO MEET A DISCOVERY ORDER**

NOW comes Joseph G. Donnellan, counsel for the Defendant, Scott Kearns, in the above captioned matter, and moves, on behalf of all of the DEFENDANTS, that the Plaintiff's Amended Complaint (ECF No. 21) be dismissed, with prejudice. On July 10, 2020 the Court allowed an ASSENTED to motion to extend a discovery deadline for the Plaintiff (ECF No. 92). This ASSENTED to motion contained an agreement between the parties that the Plaintiff's Complaint would be dismissed, with prejudice, should the Plaintiff fail to meet his agreed upon deadline (ECF No. 91).[1] This motion is now brought by the Defendants to enforce the Plaintiff's agreement that his case be dismissed, with prejudice, because of the Plaintiff's failure to meet that deadline (ECF No. 92).

**BACKGROUND**

The Plaintiff in this action alleging police misconduct is Kevin Clapp. Mr. Clapp has asserted that his constitutional and other rights were violated as a result of the use of

---

[1] See, ECF No. 91 at Paragraph (d): "Mr. Clapp agrees, that based on his current circumstances, this is the last extension that he is entitled to receive and that he further agrees to a dismissal of his case, with prejudice, if he is unable to meet this newly enlarged deadline."

1

excessive force upon his person during an arrest that was undertaken by the Defendants, all of whom are members of the Massachusetts State Police.

A scheduling conference was convened on January 15, 2020.  Shortly thereafter, the Defendants served discovery requests upon Mr. Clapp.  The Plaintiff did not respond to those requests within the time set forth in the rules.  In fact, it was the Defendants who made contact with the Plaintiff to inquire as to the whereabouts of the overdue discovery (Exhibit 1).  In response to that inquiry, Mr. Clapp offered that he did not receive the discovery due to delivery problems with the U.S. Mail.  Additional copies of the discovery requests were sent to Mr. Clapp and he was granted an extension of time to respond to them through to April 4, 2020 (Exhibit 2).  Again, Mr. Clapp did not meet that extended deadline.  Rather, after missing the extended deadline, Mr. Clapp advised that he was suffering from some medical issues, including dealing with symptoms of COVID-19.  The Defendants further extended the discovery deadline to April 30, 2020 (Exhibit 3).  Mr. Clapp failed to meet that agreed upon deadline as well and it too was extended.  Mr. Clapp then failed to meet the further extension of time that provided him until June 15, 2020 to respond to the discovery (Exhibit 4).

Based on the discovery responses being four months late, on June 17, 2020 the Defendants filed a Motion to Compel (ECF No. 88).  This Court allowed that Motion and ordered Mr. Clapp to respond to the outstanding discovery no later than July 10, 2020 ECF No. 89).  On July 9, 2020, Mr. Clapp contacted counsel and requested an extension of that date.  The parties agreed to a further extension through to July 31, 2020 and submitted an ASSENTED to motion to that effect, which was allowed (ECF No. 91 and 92).

Mr. Clapp provided only a partial response to the outstanding discovery requests on July 31, 2020.[2] He did not respond to all of the interrogatories until he hand delivered his responses on August 31, 2020 while maintaining that he had long ago mailed them. After Mr. Clapp's in-person delivery, the remaining interrogatories were delivered by U.S. Mail bearing a postmark of September 1, 2020 (Exhibit 5).[3] He has provided no response to any of the requests for production of documents that were served upon him back in January. Rather he has merely stated in a cover letter that the courts and businesses are closed and he is unable to obtain certain documents (Exhibit 6).

The Defendants have been most cooperative with this pro se Plaintiff by agreeing to multiple extensions and by accepting service on one Defendant as service upon all. Unfortunately, despite the representations of the Plaintiff, Mr. Clapp has yet to respond to document requests that were first served upon him in January 2020. Despite a general response that the courts and other businesses are closed, he has made no effort to respond to any of the document requests. By way of example, Tpr. Kearns requested Mr. Clapp to provide "[his] most recent resume or curriculum vitae" (Exhibit 7 at Request No. 10). Surely, if such a document exists it would be in the possession of the Plaintiff and not the court system. Likewise, Tpr. Kearns requested Mr. Clapp to produce copies of his personal notes, diaries or other writings that he made and that relate to his claims (Exhibit 7 at Request No. 14). Again, Mr. Clapp did not respond to the requests for documents

---

[2] Per the agreement, Mr. Clapp's discovery responses were deemed timely if they were received with a postmark of July 31, 2020 (ECF No. 91 at Paragraph (a)).

[3] The black postmark over the stamp is the official postmark: "noun an official mark stamped on letters and other mail, serving as a cancellation of the postage stamp and indicating the place, date, and sometimes time of sending or receipt." https://www.dictionary.com/browse/postmark.

that he himself would have created.  There were a number of requests that were directed toward the financial harm that Mr. Clapp alleges he suffered.  Those requests focused on his own personal financial records.  Again, Mr. Clapp did not respond to that request for his personal financial documents (Exhibit 7 at Requests 23, 24, 25).  Finally, in response to Mr. Clapp's allegation that Tpr. Kearns committed perjury and submitted false police reports (ECF No. 21 at p. 4) the Defendant requested Mr. Clapp to produce "[c]opies of all police reports that you allege contain perjured statements of Scott Kearns" and further requested of Mr. Clapp that he produce "[c]opies of all police reports that you allege are 'false reports.'" (Exhibit 7 at Requests No. 28, 29).  If it is the position of Mr. Clapp that he does not have copies of or access to reports that he alleges contain perjured statements of Scott Kearns or constitute false reports, the inclusion of such serious allegations in his Amended Complaint becomes quite troubling.  At a minimum, Mr. Clapp should have addressed each of the requests individually and not with a blanket dismissal that he is unable to obtain documents due to COVID-19.  Unfortunately for Mr. Clapp the time for such a response has come and gone.

The focus of the Defendants' discovery requests has been to investigate and test the allegations of wrongdoing as made against them.  The Plaintiff's allegations that Tpr. Kearns committed perjury and filed false police reports (ECF No. 21 at p. 4), both of which are extremely serious allegations to make against a law enforcement officer, require such.  In addition Mr. Clapp claims special damages well in excess of twelve millions dollars ($12,000,000.00) (ECF No. 21 at ¶ 5).  The number of document requests are reasonable given the magnitude of the case.  The failure of Mr. Clapp to respond to them is unforgiveable, especially in light of the multiple extensions that he has been

provided to date and especially in light of his agreed upon sanction for failing to meet his latest agreed upon extension.

Mr. Clapp was well aware of the penalty that would befall him should he miss the extended discovery deadline of July 31, 2020. It is the inaction of Mr. Clapp that has placed him in peril of having his case dismissed. With no effort to meet his discovery obligations in this matter, it is respectfully requested that Mr. Clapp suffer the sanction that he agreed to through the assented to motion filed on July 10, 2020 (ECF No. 91 and 92).

WHEREFORE, the Parties respectfully request that the Plaintiff's Amended Complaint be dismissed, with prejudice, based on the failure of Mr. Clapp to meet his discovery obligations and as is consistent with his agreement as set forth in ECF No. 91 and 92.

        Respectfully submitted,

        The Defendant,
        SCOTT KEARNS,
        By his attorneys,

        ROGAL & DONNELLAN, P.C.

        /s/ Joseph G. Donnellan
        Joseph G. Donnellan, BBO# 558060
        100 River Ridge Drive, Suite 203
        Norwood, Massachusetts 02062
        (781) 255-1200

**September 8, 2020**        jdonnellan@rogalanddonnellan.com

## **CERTIFICATE OF SERVICE**

    I, Joseph G. Donnellan, hereby certify that I served a copy of the foregoing MOTION TO DISMISS to all counsel of record, via ECF, and to those not so registered via FED EX and 1st Class U.S. Mail, postage prepaid this 8th day of September 2020.

                                /s/ Joseph G. Donnellan

Kevin S. Clapp
79 Brookville Avenue
Brockton, MA 02302