UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| KEVIN CLAPP, | ) | |
| Plaintiff | ) | |
| | ) | |
| V. | ) | Civil Action No. 18-10426-ADB |
| | ) | |
| MARK COHEN, JOHN FANNING, | ) | |
| VINCENT NOE, BRUCE TOBIN, | ) | |
| BRIAN TULLY, SCOTT KEARNS, | ) | |
| BRIAN BROOKS, AND | ) | |
| JAMES FLANAGAN, | ) | |
| Defendants, | ) | |

## DEFENDANT, SCOTT KEARNS'
## FIRST SET OF INTERROGATORIES TO THE PLAINTIFF, KEVIN CLAPP

Pursuant to Rule 33 of the Federal Rules of Civil Procedure, the Defendant, Scott Kearns ("Mr. Kearns"), hereby serves the following written interrogatories upon Plaintiff, Kevin Clapp ("Plaintiff"). Answers to these interrogatories shall be signed under oath and returned to Joseph G Donnellan, Rogal & Donnellan, P.C., 100 River Ridge Drive, Suite 203, Norwood, Massachusetts 02062, no later than thirty (30) days following service. These Interrogatories shall be deemed continuing so as to require supplemental answers if you obtain further information between the time your answer is served and the time of trial.

Scope: It is intended by these interrogatories to elicit information not merely within your own personal knowledge, but obtainable by you, including information in possession of anyone acting on your behalf, such as your attorney, investigators, and their representatives. Whenever the term "incident" is used, it refers to the incident referred to in your lawsuit, specifically the events of March 8, 2016, as well as the events that occurred on other unspecified dates as referred to in your Amended Complaint, for the purposes of this Defendant's Interrogatories unless the sense appears to be the contrary.

[1]

If you cannot answer the following Interrogatories in full, after exercising due diligence to secure the information to do so, so state, and answer to the extent possible, specifying your inability to answer the remainder, and state whatever information or knowledge you have concerning the unanswered portions.

## **DEFINITIONS**

1.      Communication - The term "communication" means the transmittal of information (in the form of facts, ideas, inquiries, or otherwise), oral and written conversations and non-verbal communications, including without limitation, gestures, eye and body movements, intended or understood as conveying a particular message.

"Communication" means, if any part of the communication was written, to "identify" (as defined below) the pertinent "document" or "documents" and, to the extent the communication was non-written, to "identify" (as defined below) each and every "person" participating in or overhearing the communication, the place, date and method of the communication, and the full substance thereof as best you can reconstruct it, stating with particularity who said what to whom;

2.      A "building" or "premises", means to state the street and city or town address, its description (e.g., 3-story brick building, containing 3,000 sq. ft. per floor), its uses (e.g., residential, office, hotel business, etc.), the number of units (e.g., 30 apartments, 10 offices, 50 hotel room, etc.), and the number and location of all entrances and exits to and from the building;

3.      The "scene of the incident", means to state the highway, street or road and the city or town address where the incident is alleged to have occurred, stating in exact detail where you alleged the incident occurred, giving distances from easily recognizable fixed objects, such as trees, road signs, exits, curbstones and buildings;

4.      Document - Term "document" is defined to be synonymous in meaning and equal in scope to the usage of this term in Fed. R. Civ. P. 34(a).  A draft or non-identical copy is a separate document within the meaning of this term.

The term "document" is used in this request in its broadest sense and means any record of information, of any kind or description, however made, produced, or reproduced, whether by hand or by any electronic, photographic, mechanical, or other process.  Documents can take the form of any medium on which information can be stored including, without limitation, computer memory, film, paper, phonograph records, tape recordings, videotapes, and video disks.

The term "document" includes, without limitation, the following:  accounts, advertising, affidavits, agreements, analyses, appointment books, appraisals, authorizations, bank statements, bills, blueprints, books, books of account, brochures, bulletins, calendars, catalogues, charts, checks, checkbooks, check stubs, circulars, communications, compilations, confirmations, contracts, correspondence, diaries, directives, drawings, drafts, evaluations, files, filings with any governmental agency, film, forms, graphs, hospital records, inspection reports, instructions, insurance policies, interviews, invoices, journals, letters, logs, maintenance records, manuals, maps, medical records, memoranda, minutes, newspapers, notes, notebooks, note charts, office reports, opinions or reports of consultants, orders, paintings, pamphlets, periodicals, photographs and photographic negatives, plans, press releases, promotional literature, prospectuses, purchase orders, receipts and other records of payments, records, reports, reports of x-rays or laboratory tests, research data, schedules, scrapbooks, sketches, speeches, statements, studies, summaries or records of any transaction or occurrence including, without limitation, conversations, interviews, meetings and conferences, summaries of any other document including, without limitation, reports of investigations and reports of negotiations, studies, surveys, tables, or tabulations of data, tracings, telegrams, videotape, vouchers, work papers and worksheets.

5. <u>Identify</u> (With Respect to Persons).  When referring to a person, "to identify" means to give, to the extent known, the person's full name, present or last known address, and, when referring to a natural person, the present or last known place of employment.  Once a person has been identified in accordance with this subparagraph, only the name of that person need be listed in response to subsequent discovery requesting the identification of that person.

6.      Identify (With Respect to Other Than a Natural Person).  When referring to a person other than a natural person, "to identify" means to state its full name, its present or last known business address, its form of business organization (e.g., corporation, trust, etc.), its date of commencement, its state of incorporation or place of its commencement, a description of the major business of the company, and its officers, directors, stockholders, trustees, beneficiaries, partners or members, however they may be described;

7.      Identify (With Respect to Documents).  When referring to documents, "to identify" means to give, to the extent known, the

        a.      type of document,

        b.      general subject matter;

        c.      date of the document; and

        d.      author(s), addressee(s), and recipient(s).

When referring to documents, "to identify" also means to describe the nature of the document (e.g., letter, handwritten notes, etc.), the number of pages, its title (if any), its date, or if undated, the dates upon which the document was sent and received, all of its authors and addressees, its present location and custodian or the means of gaining access to it, including identifying data used to retrieve information held by computers, a detailed and complete summary of the contents of the document, and any note, comment or annotation placed thereon or on any copies thereof, and the manner and date of disposition of any document which once was but is no longer in your possession or subject to your control;

8.      Parties.  The terms "Plaintiff" and "Defendant" as well as a party's full or abbreviated name or a pronoun referring to a party mean the party and, where applicable, its officers, directors, employees, partners, corporate parent, subsidiaries, or affiliates.  This definition is not intended to impose a discovery obligation on any person who is not a party to the litigation.

4

9.   <u>Person</u>.  The term "person" is defined as any natural person or any business, legal or governmental entity or association.

10.   The terms, "Plaintiff", "you" and "yours", unless another intention clearly appears, refers to each party to whom this Request is made, namely **Kevin Clapp** and any of his principals, agents, employees, attorneys, representatives, insurers, and any persons acting or purporting to act on their behalf, and any persons in active concert and participation with them, whether past or present, without regard to whether or not the relationship currently exists or has been terminated.

11.   The term "date" as used herein means the exact date, month and year, if ascertainable, or if not, the last approximation thereof, with a statement that such is an approximation.

12.   <u>Privilege</u>.  If any document is withheld on any claim of privilege, or otherwise, set forth the following:

        a.   the basis of the privilege claimed;

        b.   the author of the document;

        c.   the date of the document;

        d.   the recipient or intended recipient of the document;

        e.   a brief description of the substance of the document; and

        f.   all persons who received copies of the document or were shown copies of the document, along with an identification of each such person.

13.   <u>Prior Disclosure</u> - This Request is not meant to duplicate Production of Documents already produced as part of the mandatory discovery.  Such documents should not be produced again.

14.   <u>Concerning</u>.  The term "concerning" means referring to, describing, evidencing, or constituting.

15.    <u>State the basis</u>.  When an interrogatory calls upon a party to "state the basis" of or for a particular claim, assertion, allegation, or contention, the party shall:

  a.  identify each and every document (and, where pertinent, the section, article, or subparagraph thereof), which forms any part of the source of the party's information regarding the alleged facts or legal conclusions referred to by the interrogatory;

b. identify each and every communication which forms any part of the source of the party's information regarding the alleged facts or legal conclusions referred to by the interrogatory.

c. state separately the acts or omissions to act on the part of any person (identifying the acts or omissions to act by stating their nature, time, and place an identifying the persons involved) which form any part of the party's information regarding the alleged facts or legal conclusions

# **INTERROGATORIES**

## **Interrogatory No. 1.**

Please state your full name, along with any other names you have used, residential address, business address, occupation, and your educational background.

## **Interrogatory No. 2.**

Identify each person who assisted or provided to you information that you used in formulating your responses.

## **Interrogatory No. 3.**

Please set forth all facts supporting your claim against Scott Kearns as alleged in the Plaintiff's Amended Complaint (ECF No. 24).

## **Interrogatory No. 4.**

Please set forth each and every one of the constitutional rights, civil rights, and human rights, that you allege through paragraph 6 of Plaintiff's Amended Complaint (ECF No. 24 at p. 2) Scott Kearns violated, including the date, time,

place of each such violation, along with a description of how each such violation occurred.

**Interrogatory No. 5.**

Please describe in detail when and where and how Scott Kearns willfully and maliciously submitted false police reports, committed perjury while testifying in court, and applied excessive force against you, all as alleged through the Plaintiff's Amended Complaint (ECF No. 24 at ¶ 2 at p. 4).

**Interrogatory No. 6.**

Please describe in detail when and where Scott Kearns committed perjury on his reports, specifying which part or parts of the report constitute perjury as alleged through  the Plaintiff's Amended Complaint (ECF No. 24 at ¶ 34 at p. 13).

**Interrogatory No. 7.**

Please describe in detail the date, time, and manner that you allege Scott Kearns broke into your home to steal all of your legal drugs as alleged through the Plaintiff's Amended Complaint (ECF No. 24 at ¶ 34 at p. 13).

**Interrogatory No. 8.**

Do you allege that Scott Kearns took 120 Percocet pills that belonged to you?  If your answer is anything other than an unqualified no, please describe in detail the date you took possession of the Percocet pills, the accounting method you used to determine how many Percocet pills you had in your possession at the time you allege Scott Kearns stole them from you, where you kept the Percocet pills, how you allege that Scott Kearns knew where to find your Percocet pills, and the date and time that you first learned that 120 Percocet pills were missing, all as alleged in the Plaintiff's Amended Complaint (ECF No. 24 at ¶ 34 at p. 13).

**Interrogatory No. 9.**

Please state all conversations, in detail, including the date, time and place, that you have had with Scott Kearns, setting forth in detail all words spoken to you by Scott Kearns and all words spoken by you to Scott Kearns.

**Interrogatory No. 10.**

Please set forth all damages incurred by you, including, economic, psychological and physical, as a result of the actions that you attribute to Scott Kearns as alleged in the Plaintiff's Amended Complaint (ECF No. 24).

**Interrogatory No. 11.**

Please set forth the name and address of each health care provider that you have been treated by for damages you attribute to the actions of Scott Kearns as alleged in the Plaintiff's Amended Complaint (ECF No. 24) including the first date you treated with each health care provider and the last such date of treatment. For the purposes of this interrogatory, the term health care provider is to be construed broadly and includes but is not limited to any licensed mental health professional, nurse, physician's assistant, or physician.

Respectfully submitted
For the Defendant
SCOTT KEARNS,
By his attorneys,

ROGAL & DONNELLAN, P.C.

January 15, 2020

Joseph G. Donnellan, BBO #558060
100 River Ridge Drive, Suite 203
Norwood, Massachusetts 02062
(781) 255-1200
JDonnellan@RogalandDonnellan.com

**CERTIFICATE OF SERVICE**

I, Joseph G. Donnellan, hereby certify that I served a copy of the foregoing DEFENDANT'S FIRST SET OF INTERROGATORIES to all counsel of record, via ECF, and to those not so registered via 1st Class U.S. Mail, postage prepaid this 15th day of January, 2020.

Joseph G. Donnellan

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

KEVIN CLAPP,                              )
      Plaintiff                       )
                                      )
V.                                       )     Civil Action No. 18-10426-ADB
                                        )
MARK COHEN, JOHN FANNING,                 )
VINCENT NOE, BRUCE TOBIN,                 )
BRIAN TULLY, SCOTT KEARNS,                )
BRIAN BROOKS, AND                         )
JAMES FLANAGAN,                           )
      Defendants,                     )

## **DEFENDANT, SCOTT KEARNS',**
## **FIRST REQUEST FOR PRODUCTION OF DOCUMENTS**
## **TO PLAINTIFF, KEVIN CLAPP**

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, the Defendant, Scott Kearns ("Mr. Kearns"), requests that the Plaintiff, Kevin Clapp ("Plaintiff"), produce the following documents to Joseph G. Donnellan at Rogal & Donnellan, P.C., 100 River Ridge Drive, Suite 203, Norwood, Massachusetts 02062, for inspection and copying within thirty (30) days of receipt of this request.

These requests shall be deemed continuing so as to require supplemental answers if you obtain further information between the time your answer is served and the time of trial.

Scope:  It is intended by these requests to elicit information not merely within your own personal knowledge, but obtainable by you, including information in possession of anyone acting on your behalf, such as your attorney, investigators, and their representatives.  Whenever the term "incident" is used, it refers to the incident referred to in your lawsuit, unless the sense appears to be the contrary.

If you cannot answer the following requests in full, after exercising due diligence to secure the information to do so, so state, and answer to the extent possible, specifying your inability to answer the remainder, and state whatever information or knowledge you have concerning the unanswered portions.

## DOCUMENTS TO BE PRODUCED

1.  All documents Plaintiff intends to introduce at the trial of the above-entitled action.

2.  All documents that refer, relate to, or pertain to Plaintiff's claims as alleged in the Plaintiff's Amended Complaint.

3.  Copies of any and all photographs, video, diagrams, or other graphic representations of any of the facts alleged in the Plaintiff's Amended Complaint.

4.  Copies of any and all photographs and or videos that the Plaintiff intends to introduce at the time of trial in this matter.

5.  Any and all documents concerning or relating to the facts alleged in the Plaintiff's Amended Complaint that have not been produced in response to these requests.

6.  Any and all documents that you reviewed in preparation for or in conjunction with your responding to Scott Kearns' First Set of Interrogatories.

7.  All documents that relate or pertain to the criminal case brought against the Plaintiff including documents pertaining to your being prosecuted as alleged in the Plaintiff's Amended Complaint.

8.  All documents relating to the Plaintiff's injuries as alleged in the Plaintiff's Amended Complaint.

9.  All documents relating to the Plaintiff's damages as alleged in the Plaintiff's Amended Complaint.

10. Your most recent resume or curriculum vitae.

11. The resume or curriculum vitae of each person that you expect to call as an expert witness at the trial of this action.

12. Copies of any and all written statements, signed or unsigned, of any and all experts whom the Plaintiff intends to be present at the trial for the purpose of testifying concerning the Plaintiff's allegations or damages and/or injuries, including copies of all verbatim written transcriptions of any and all statements of such experts.

[2]

13.   All affidavits or statements concerning the matters alleged in the Plaintiff's Amended Complaint.

14.   All documents, including but not limited to diaries, calendars, journals, notebooks, letters, summaries, chronologies, websites, blogs, e-mails, or other writings, in paper or electronic form, that you kept from January 2013, to the present, concerning the matters alleged in the Plaintiff's Amended Complaint.

15.   Copies of any and all documents identifying witnesses to the facts alleged in the Plaintiff's Amended Complaint.

16.   Copies of any and all written statements, signed or unsigned, of any witnesses to the facts as alleged in the Plaintiff's Amended Complaint, and any and all copies of all verbatim written transcripts of any and all statements of such witnesses taken on a recording instrument.

17.   All documents evidencing any medical conditions that you claim to have suffered and/or medical treatment that you claim to have incurred that were due to or were caused or exacerbated by Scott Kearns' actions as alleged in the Plaintiff's Amended Complaint.

18.   All documents evidencing any psychotherapy or psychiatric treatment that you have received as a result of Scott Kearns' actions as alleged in the Plaintiff's Amended Complaint.

19.   All documents evidencing any expenses and financial losses that you claim to have suffered as a result of Scott Kearns' actions as alleged in the Plaintiff's Amended Complaint, including, but not limited to, legal bills incurred for the defense of the criminal charges brought against you, bills for any and all medical or mental health treatment you allege is related to the conduct you describe in the Plaintiff's Amended Complaint and all other bills relating to your claim.

20.   Copies of any and all medical records evidencing treatment for emotional distress suffered due to, caused by, or exacerbated by Scott Kearns' actions as described in the Plaintiff's Amended Complaint.

21.   Copies of any and all medical records evidencing medical treatment, counseling, psychotherapy and/or psychiatric treatment, or other therapy for any emotional conditions or psychological issues at any time prior to the incidents recounted in the Plaintiff's Amended Complaint.

22.   Copies of any and all medical records of the Plaintiff for the period from January 1, 2010 to the present.

[3]

23.     All documents evidencing any paid or unpaid employment positions that you have held and any self-employment that you have been engaged in, from January 1, 2010, to the present, including but not limited to personnel records, payroll records, and pay statements.

24.     All documents evidencing all sources of income and benefits you received, including but not limited to unemployment compensation and welfare benefits, from January 1, 2010, to the present.

25.     All Federal income tax returns and schedules from 2015 to the present.

26.     Copies of any and all written statements, signed or unsigned, of the Plaintiff concerning the facts as alleged in the Plaintiff's Amended Complaint, and any and all copies of all verbatim written transcripts of any and all statements of the Plaintiff taken on a recording instrument.

27.     Copies of any and all documents describing the severity of the emotional distress the Plaintiff claims to have suffered as a result of Scott Kearns' actions as alleged in the Plaintiff's Amended Complaint.

28.     Copies of all police reports that you allege contain perjured statements of Scott Kearns.

29.     Copies of all police reports that you allege are "false reports."

30.     Transcripts or recordings of any testimony that you allege contains perjury as uttered by Scott Kearns.

Respectfully submitted
For the Defendant
SCOTT KEARNS,
By his attorneys,

ROGAL & DONNELLAN, P.C.


Joseph G. Donnellan, BBO #558060
January 15, 2020                   100 River Ridge Drive, Suite 203
Norwood, Massachusetts 02062
(781) 255-1200
JDonnellan@RogalandDonnellan.com

[4]

## CERTIFICATE OF SERVICE

I, Joseph G. Donnellan, hereby certify that I served a copy of the foregoing First Request for the Production of Documents to all counsel of record, via email and to the Plaintiff via 1st Class U.S. Mail, postage prepaid this 15th day of January, 2020.

Joseph G. Donnellan

[5]