UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| KEVIN S. CLAPP | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| | ) | CIVIL ACTION NO: |
| VS. | ) | 18-10426-ADB |
| | ) | |
| | ) | |
| MARK COHEN, JOHN FANNING | ) | |
| VINCENT NOE, BRUCE TOBIN, BRIAN TULLY | ) | |
| SCOTT KEARNS, BRIAN BROOKS | ) | |
| Defendants. | ) | |

## PLAINTIFF'S MOTION FOR SANCTIONS AGAINST DEFENDANTS: COHEN, FANNING, TOBIN, TULLY AND BROOKS

Now comes the Plaintiff, Kevin Clapp, pursuant to Rule 37(d)(1)(A), and moves that this Honorable Court sanction the above five defendants for failing to produce all personnel and internal affairs records related to their employment as Massachusetts State Police officers as ordered by this Court on July 6, 2021. At the most recent status conference held on September 8, 2021 Plaintiff reiterated his request for these documents.

Despite the Court's Order at two case conferences, one defendant, Scott Kearns, has complied with the Court's Order while Cohen, Fanning, Tobin, Tully and Brooks have failed to produce any documents. As a result of conferences held and the recent deposition of Plaintiff, the parties have stipulated the dismissal of all claims against Vincent Noe. In addition, the parties have agreed to a partial stipulation of claims against Mark Cohen.

Plaintiff has indicated to the Defendants that he intends to pursue the following claims against the Defendants:

1. Assault and Battery against Brooks, Tully, Tobin, Kearns and Cohen;
2. Excessive Force (1983) against Brooks, Tully, Tobin, Kearns and Cohen;
3. Malicious Prosecution against Brooks, Tully, Tobin, Kearns, Cohen and Fanning;
4. Illegal Search and Seizure (4th Amendment) against Brooks, Tully, Tobin, Kearns, Cohen and Fanning;
5. False Arrest and False Imprisonment (4th Amendment) against Brooks, Tully, Tobin, Kearns, Cohen and Fanning.

WHEREFORE, since the above five defendants have failed to comply with this Court's

Orders, Plaintiff requests that this Court: 1. Enter a default judgment against above Defendants

for the above claims; 2. Preclude Defendants from filing Rule 56 motions (summary judgment)

and other dispositive motions; 3. Impose sanctions against the attorneys for Defendants under

Fed. R. Civ. P. 26(g) (3) and 4. Grant Plaintiff reasonable attorney's fees and costs.


Respectfully submitted
KEVIN CLAPP
By his attorney,

*Robert C. Johnson, Jr.*

Robert C. Johnson, Jr.
BBO #253020
4238 Washington Street, #307
Boston, MA 02131
617-899-7871
Rcjohnson11@comcast.net

## CERTIFICATE OF SERVICE

I certify that on this day a copy of the above document was served upon counsel of record for
each party by email and efile:


October 19, 2021                                  *Robert C. Johnson, Jr.*

Date                                              Robert C. Johnson, Jr.

## CERTIFICATION OF CONFERENCE

I certify that on September 24, 2021, pursuant to Local Rule 7.1, counsel for Plaintiff attempted to confer and attempt to resolve or narrow the issues presented in this motion for sanctions and memorandum. In Plaintiff's letter of September 24, 2021, he stated: "Mr. Clapp is still waiting for the responses to the court-ordered discovery on disciplinary actions in personnel files and the internal affairs records. This should include resumes and applications. I have received records from Trp. Kearns, but from no other defendants. If I do not receive this discovery within ten days, I will bring this matter before the judge again and seek sanctions." Plaintiff never received a response from defendants.

*Robert C. Johnson, Jr.*

_____

Robert C. Johnson, Jr.

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| KEVIN S. CLAPP | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| | ) | CIVIL ACTION NO: |
| VS. | ) | 18-10426-ADB |
| | ) | |
| | ) | |
| MARK COHEN, JOHN FANNING | ) | |
| VINCENT NOE, BRUCE TOBIN, BRIAN TULLY | ) | |
| SCOTT KEARNS, BRIAN BROOKS | ) | |
| Defendants. | ) | |

## MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION FOR SANCTIONS

The sanction of default judgment is proper under the facts of this case. These claims were initially brought before this Court by Kevin Clapp as a pro se plaintiff. For the bulk of this litigation Plaintiff did not have the assistance of counsel. Once he obtained counsel, at the first court appearance on June 28, 2021, Plaintiff requested that Defendants produce personnel records of all Defendants as well as all internal affairs records. This Honorable Court ordered from the bench that such records be produced.

At the second court appearance (September 8, 2021), Plaintiff indicated that he had not received any documents from any defendants, with the exception of Scott Kearns who produced internal affairs documents, but not personnel records. Plaintiff amended his request that the personnel files include resumes and applications for employment as well as documents on discipline. To date, Defendants have failed to comply with the Court's discovery orders with respect to these documents.

1

**Discovery Sanctions are Appropriate**

The Supreme Court of the United States has held that sanctions are available to district courts for discovery violations. Nat'l Hockey League v Metro Hockey Club, Inc., 427 U.S. 639, 643 (1976). Default judgments are permissible under the Federal Rules of Civil Procedure 37(b) (2) (A) (1)-(vi) & (d) (3). Sanctions are appropriate to both penalize and deter improper conduct. AngioDynamics, Inc. V. Biolitec AG, 991 F. Supp. 2d 283, 290 (2014). The First Circuit has mandated the use of seven factors to determine whether the defendants acted in good faith or bad faith. They are:

1. The severity of the violations;
2. The legitimacy of the party's excuse for failing to comply;
3. Whether the violations have been repeated;
4. The deliberateness of the misconduct;
5. Any mitigating excuses;
6. Prejudice to the other side and to the operations of the court;
7. The adequacy of lesser sanctions.

This failure to produce the documents ordered by this Court is a severe violation. Plaintiff has indicated that the issue of credibility will be critical to this case. The Defendants will take the stand and evidence of prior conduct, bias and discipline will be essential to Plaintiff's cross-examination. Defendants have not asserted any legitimate excuses for failing to comply with the Court's orders. The violations have been repeated. This Court has convened two court status conferences and at each conference, the Defendants failed to indicate that they had complied or would comply. This Court should infer that the failure of Defendants to comply is deliberate conduct. The Defendants have not advanced any mitigating excuses for their non-compliance.

2

Plaintiff has been prejudiced by Defendants' continued refusal to produce the documents. The Court recently issued an order that required parties to file motions for summary judgment by November 8, 2021. Plaintiff will be prejudiced by not having within his possession documents that would be critical to his opposition to such motions. Furthermore, Plaintiff would be prejudiced in his ability to present his case in chief at trial. The Defendants' continued defiance of this Court's orders assaults the dignity of the court and the rule of law.

Finally, there is no lesser adequate sanction. The sanction of preclusion of the filing of dispositive motions may be adequate to a degree, but will not address Plaintiff's need to receive and utilize the documents at trial. Therefore, default judgment would be the only complete remedy that would secure Plaintiff's right to a fair trial. In Biolitec AG, this Court recognized the importance of discovery compliance in the wake of summary judgment motions:

> "Defendants' flouting of its discovery obligations is compounded by the pendency of Defendants' Motion for Summary Judgment,… which Plaintiff is faced with having to depose without the basic opportunity to fully depose the most significant witness in the case. It simply cannot be argued that Defendants' failure to produce discovery has had anything but a devastating prejudicial impact on Plaintiff." (Biolitec AG, 294).

In Biolitec AG, this Court stated: "It would be manifestly unfair for the court to consider these exhibits while Plaintiff has not had a full opportunity to depose witnesses." (Page 297). While Plaintiff is not arguing that he desires to conduct depositions at this late time in the litigation, he is requesting that documents be produced before the deadline to file and respond to motions ripen.

3

## This Court has Inherent Power to Sanction for Discovery Failures

Not only does this Court have the power to sanction under Fed. R. Civ. P. 16(f), but it also has inherent powers to do so. Hawkins v. Dep't of Health & Human Service, 665 F. 3d 25, 32 (1st Cir. 2012). The First Circuit has stated:

> "Rules are rules… and the parties must play by them.…If he or she sets a reasonable due date, parties should not be allowed casually to flout it or painlessly to escape the foreseeable consequences of noncompliance." Mendez v. Banco Popular de Puerto Rico, 900 F. 2d 4, 7 (1st Cir. 1990).

The Defendants in this case have flouted the orders of this Court and they should not be allowed to escape the consequences of their inaction.

## Defendants had Advance Notice of Request for Documents

On September 3, 2021, counsels for Plaintiff and Defendants conferred to discuss discovery disagreements related to the production of personnel and internal affairs records. The conference was by Zoom and lasted close to an hour. Defendants took the position that it would not produce the documents related to personnel records because there was no explicit court order for such production. Another major disagreement was over disciplinary records and whether they were the only records required to be produced from the personnel records.

The parties have not met to discuss the failure of five defendants to comply with the Court's Order to produce personnel (disciplinary) and internal affairs records. Plaintiff requested Defendants to conference the failure to produce documents on two occasions, but Plaintiff never received a response. As a result of the failure to reach consensus, Plaintiff filed his motion to compel on September 4, 2021. At a recent court appearance on September 8, 2021, Plaintiff informed the Court that Defendants had not complied with the Court's Order to produce

personnel records and internal affairs records.  In his motion to compel, Plaintiff pointed out the relevance and necessity of the information. If Defendants would suffer harm by the release of these records, this Court indicated that harmful information could be redacted. In addition, any harm that Defendants may suffer had been minimized by the use of the protective order which has been issued by this Court.

Defendants have failed to demonstrate why the documents cannot be produced with redaction of harmful personnel information. Defendants are attempting to prevent Plaintiff from obtaining documents to support his case despite the Court Order. As a result of this deliberate failure to comply with this Court's Order, Plaintiff seeks default judgment as a sanction. Fed. R. Civ. P. 37(b) (2). Default judgment would be just and not an abuse of discretion. United States v. Klimavicius, 847 F. 2d. 28, 32 (1988). This Court has the power to render a default judgment. Crispin-Taveras v. Municipality of Carolina, 647 F.3d 1, 7 (1st Cir. 2011). The information sought by Plaintiff involves issues in the litigation and therefore should have been produced. Santiago v. Fenton, 891 F.2d 373, 379 (1st Cir. 1989).

WHEREFORE, Plaintiff prays that this Honorable Court issue the sanction of default judgment and other relief as deemed necessary.

Respectfully submitted
KEVIN CLAPP
By his attorney,

Robert C. Johnson, Jr.
BBO #253020
4238 Washington Street, #307
Boston, MA 02131
617-899-7871
Rcjohnson11@comcast.net

5

## CERTIFICATE OF SERVICE

I certify that on this day a copy of the above document was served upon the attorneys of record for each party by efile and by email.

October 19, 2021

_____
Date

_____
Robert C. Johnson, Jr.