UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

KEVIN CLAPP,  )
    Plaintiff  )
      )  Civil Action No. 18-10426-ADB
V.  )
      )
CHARLES BAKER, et. al.  )
    Defendants,  )
      )

**DEFENDANT BRIAN TULLY'S MEMORANDUM OF LAW
IN SUPPORT OF HIS MOTION FOR PARTIAL SUMMARY JUDGMENT**

**INTRODUCTION**

The instant matter is a civil rights action brought by Kevin Clapp (hereinafter "Clapp") against seventy-nine (79) Defendants of which only six (6) Massachusetts State Police Troopers remain in the case, including the Defendant, Massachusetts State Trooper Brian Tully (hereinafter "Tully").  On March 8, 2016, an arrest warrant was issued by the Stoughton District Court for the arrest of the Plaintiff, Kevin Clapp, on the charges of two (2) counts of threatening to commit a crime and one (1) count of stalking. Defendant Tully along with other State Police Officers went to the Plaintiff's home to serve the arrest warrant. On March 8, 2016, Plaintiff physically resisted his arrest on the warrant and after being placed in custody, was then charged with resisting arrest. *See Amended Complaint, generally. (Dkt. #21).*

On March 14, 2019, this Court screened Clapp's *Pro-se* Amended Complaint and dismissed numerous claims and Defendants, stating that, "[t[he only remaining federal claims are personal capacity claims for violations of 42 U.S.C. § 1983" (Dkt #24, p.19).  Thus, the only claims remaining against Defendant Tully are 1) Excessive Force (1983); 2) Fourth Amendment Illegal

1

Search and Seizure; and 3) Malicious Prosecution (1983). The Defendant, Trooper Brian Tully, moves for summary judgment on Plaintiff's claims pursuant to 42 U.S.C. §1983 alleging 4th Amendment violations of illegal seizure and malicious prosecution, as those claims are not supported by sufficient admissible evidence and there being no genuine issue of material fact, summary judgment is appropriate.

## STATEMENT OF FACTS

Pursuant to Fed. R. Civ. P. 56 and Local Rule 56.1, Defendants have filed a concise statement of undisputed material facts. For the purposes of his Motion for Summary Judgment, Defendant Tully hereby references and incorporates herein *Defendants Joint Concise Statement Of Undisputed Material Facts*, (Dkt #174). Defendant Tully will cite to the aforementioned facts as (SMF ¶). However, should this matter proceed to trial, Defendant Tully reserves the right to object to the stated facts and to offer evidence contrary to those facts. Fed. R. Civ. P. 56(c)(1)(A).

In addition to the *Defendants Joint Concise Statement Of Undisputed Material Facts*, (Dkt #174), submitted by all Defendants in support of summary judgment, Defendant Tully submits the following statements of undisputed material facts:

The Defendant Brian Tully is currently a Lieutenant employed by the Massachusetts State Police. At the time of the incident outlined in Mr. Clapp's complaint, he was a trooper assigned to the Norfolk District Attorney's Detective Unit. (See Defendants' Concise Statement of Undisputed Material Facts ¶ 6 "SMF")

On March 8, 2016, Defendant Tully, along with the Defendants Brian Brooks, Scott Kearns and Bruce Tobin, were at Mr. Clapp's residence to serve an arrest warrant for Mr. Clapp that had been issued by the Stoughton District Court. (**SMF ¶ 28**) Mr. Clapp arrived home and was in his

vehicle, parked in the driveway, when approached by the troopers. (**SMF ¶ 29**) Trooper Tully identified himself and told Mr. Clapp that he had a warrant for his arrest. **Exhibit E ¶s7-12** Mr. Clapp was asked to exit his vehicle. (**SMF ¶ 32**) Trooper Tully had his badge around his neck on a chain and clipped to his bulletproof vest. **Exhibit E ¶s 7-12** Mr. Clapp refused to leave his vehicle, (**SMF ¶35**), saying he was "…not getting out of the fucking car." (**SMF ¶36).** Mr. Clapp held onto the steering wheel to prevent being removed from his car. (**SMF ¶36**) Mr. Clapp said it took 20 minutes to remove him. (**SMF ¶ 35**). Once his resistance was overcome, Mr. Clapp was placed in custody and transported to the Middleborough barracks. **Exhibit E ¶18**.

Trooper Tully charged Mr. Clapp with resisting arrest as a result of the physical struggle that occurred during his arrest on the warrant. (**SMF ¶36.**)

## STANDARD OF REVIEW

Summary judgment is appropriate when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56; Celotex Corp. v. Cartrett, 477 U.S. 317, 322-23 (1986); see also Conward v. Cambridge School Committee, 171 F.3d 12, 18 (1st Cir. 1999) ("[The summary judgment] rule acts as a firewall to contain the blaze of cases that are so lacking in either factual foundation or legal merit that trial would be a useless exercise.") "The moving party is entitled to judgment as a matter of law if the nonmoving party does not adduce enough evidence to permit a reasonable trier of fact to find for the nonmoving party on any element essential to its claim." Milton v. Van Dorn Co., 961 F.2d 965, 969 (1992).

In making this determination, the Court must "scrutinize the summary judgment record in the light most congenial to the [nonmoving party and] indulge all reasonable inferences in that party's favor." Vasapolli v. Rostof, 39 F. 3d 27, 32 (1st Cir. 1994). Once the moving party has met this burden, the burden then shifts to the non-moving party to present "specific facts" to show that

there is a genuine issue for trial. Celotex, 477 U.S. at 324 (citing Fed.R.Civ.P. 56(e)). In order to do so, the non-moving party "must do more than simply show that there is some metaphysical doubt as to the material facts" Matsushita Elec. Indus. Corp. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). That is, the nonmoving party must set forth specific, material evidence showing that there is "a genuine disagreement as to some material fact." Platt 20, lot 17 Great Harbor Neck, 960 F.2d at 204 (citing Anderson v. Liberty Lobby, Inc., 422 U.S. 242. 247-48(1986)) The question is not whether there is literally no evidence favoring the non-movant, but whether there is any upon which a jury could properly proceed to find a verdict in that party's favor. Britell v. United States, 150 F. Supp. 2d. 211 (D. Mass. 2001). "The factual conflicts upon which [the nonmoving party] relies must be both genuine and material," Gomez v. Stop & Shop Supermarket Co., 670 F.3d 395,397 (1st Cir. 2012), and the Court may discount "conclusory allegations, improbable inferences, and unsupported speculation." Cochran v. Quest Software Inc., 328 F.3d 1, 6(2003) Summary judgment is then appropriate only "[w]here the record taken as a whole could not lead a rational trier of fact to find for the non-moving party." Britell at 587.

## ARGUMENT

I. **Tully Is Not Liable to Plaintiff Under The 4th Amendment for his Claim of an illegal seizure as Plaintiff was arrested pursuant to a facially valid arrest warrant**

Plaintiff claims that his arrest on March 8, 2016 violated his Fourth Amendment right to be free from an unreasonable seizure . (Amended Complaint, generally, Dkt #21).

When analyzing claims arising out of 42 U.S.C. §1983, the first and foremost inquiry the courts must make is whether the plaintiff has alleged a constitutional violation. Baker v. McCollan, 443 U.S. 137, 140 (1979). Section 1983, by itself, does not create any substantive rights. Rather, it provides a vehicle for the protection and vindication of rights secured by the United States

4

Constitution or by federal law. Id. 443 U. S. at 146 n.3. Therefore, in a civil rights action under §1983, the plaintiff must prove, by a preponderance of the evidence, that a person acting under color of state law deprived him of a constitutional or federally protected right. Tatro v. Kervin, 41 F.3d 9, 14 (1st Cir. 1994). "In bringing a § 1983 claim, 'it is the plaintiff's burden to identify the specific constitutional right infringed.'" Sheppard v. Aloisi, 384 F.Supp.2d 478, 491 (D.Mass., 2005) citing Nieves v. McSweeney, 241 F.3d 46, 53 (1st Cir.2001). Once the court deems a constitutional violation has been pled with sufficiency and the particular constitutional amendment has been identified, the court must then analyze the officer's actions under the applicable standard. See generally, Graham v. Connor, 490 U.S. 386 (1989).

Under the Fourth Amendment, individuals are afforded the right "to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizure." U.S. Const.Amend. 4.  As Plaintiff's §1983 claim is premised upon an alleged violation of the Fourth Amendment — an allegation that the Officers wrongfully arrested him — the Plaintiff must show that the Officers lacked probable cause to effect the arrest. See Roche v. John Hancock Mut. Life Ins. Co., 81 F.3d 249 at 254(1st Cir. 1996); see also Mann v. Cannon, 731 F.2d 54, 62 (1st Cir. 1984) ("To prove a section 1983 false arrest claim, . . . [the appellant] must show at minimum that the arresting officers acted without probable cause."). Finamore v. Miglionico, No. 20-1800, 2021 U.S. App. LEXIS 29286, at *6 (1st Cir. Sep. 28, 2021) The Supreme Court has held that the Fourth Amendment requires arrests be supported by probable cause.  Beck v Ohio, 379 U.S. 89 (1964). Probable cause is a relatively low threshold, defined as "the facts and circumstances within [an officer's] knowledge and of which [he] had reasonable trustworthy information [and that] were sufficient to warrant a prudent [person] in believing the [defendant] had committed or was committing an offense." Rivera v. Murphy, 979 F.2d 259, 263 (1st Cir. 1992).

Thus, unless an arrest is shown to be devoid of probable cause, the Fourth Amendment is not implicated. See Mann v. Cannon, 731 F.2d 54, 62 (1st Cir.1984) (In proving a Fourth Amendment violation pursuant to § 1983, a "plaintiff must show at a minimum that the arresting officers acted without probable cause."). A showing of "[p]robable cause is a relatively low threshold." White v. Marblehead, 989 F.Supp. 345, 349 (D.Mass. 1997) as cited in Richardson v. City of Boston, 53 Mass.App.Ct. 201, 206 (2001). In the context of an arrest, probable cause exists when the facts and circumstances collectively known to the police at the time of the arrest warrant a reasonably prudent person to believe that the particular suspect has committed or is in the process of committing a crime. Beck, 379 U.S. at 91. See also Commonwealth v. Vynorius, 369 Mass. 17, 22 (1975) (information provided by another law enforcement is sufficient to establish reliability); Commonwealth v. Scott, 29 Mass.App.Ct. 1004 (1990) (probable cause may be based on the collective knowledge of police officers working in a cooperative effort). In other words, there exists probable cause, if the undisputed evidence shows "a person of ordinary caution and prudence, whether a police officer or not, knowing and seeing what the [police officer] knew and saw, would reasonably believe, or would entertain an honest and strong suspicion," that the [arrestee] has committed a crime; and two, the "[police officer's] actions and conduct indicate [the officer] believed this to be the case, and there is no evidence to permit a decision to the contrary." Morreale v. DeZotell, 10 Mass.App.Ct. 281, 282 (1980), quoting Lincoln v. Shea, 361 Mass. 1, 5-6 (1972).

It is undisputed there was a warrant for the Plaintiff's arrest when he was arrested as acknowledged by the Plaintiff. **(SMF ¶27)** Defendant Tully was informed of the arrest warrant and went with other Defendants to arrest the Plaintiff's pursuant to the warrant. The facially valid warrant establishes probable cause thus precluding Defendant Tully from being held liable for the

arrest of the Plaintiff. See Baker v. McCollan, 443 U.S. 137 (1979) (Probable cause existed and thus no deprivation of a constitutional right where Plaintiff arrested on a facially valid warrant); Brady v. Dill, 187 F.3d 104 (Police need not look beyond a facially valid warrant without further investigation into its validity); Morrill v. Hamel, 337 Mass. 83, 86 (1958) (Officer may rely upon face of warrant without further investigation into its validity).  It is undisputed that an arrest warrant was issued on March 8, 2016 by a Magistrate at the Stoughton District Court for Plaintiff's arrest on charges to commit a crime against John and Jane Fanning, in violation of M.G.L. c. 275, section 2, and for stalking in violation of M.G.L. c. 265, section 43A. (**SMF ¶26**).

Plaintiff admits that an arrest warrant was issued **(SMF ¶27)** and does not contest that he was informed of the existence of the arrest warrant at the time of the arrest. **(SMF ¶31).**  Nor has he questioned the validity of the warrant.  Nonetheless, even in cases where the validity of a warrant is questioned, the courts have afforded considerable deference to arrests based on warrants. See e.g., United States v. Watson, 423 U.S. 411, 423 (1976) ("Law enforcement officers may find it wise to seek arrest warrants where practicable to do so, and their judgments about probable cause may be more readily accepted where backed by a warrant issued by a magistrate.").  Moreover, the First Circuit has held that an officer shall only be liable when arresting an individual pursuant to a warrant "where the officer should have known that the facts cited in the affidavit did not constitute probable cause." Abreu-Guzman v. Ford, 241 F.3d 69 (1st Cir.2001).  In this case, there do not exist any facts that would have led Defendant Tully to question the validity of the affidavit that led to the issuance of the arrest warrant. Defendant Tully was not involved in obtaining the arrest warrant and it was a Clerk-Magistrate that determined that there was probable cause to issue the arrest warrant.

7

Equipped with the facially valid arrest warrant, it can hardly be said that Defendants did not have probable cause to effectuate the arrest of Plaintiff. Thus, where the Defendants had probable cause to arrest Plaintiff, and Plaintiff can point to no evidence to the contrary, summary judgment for Defendant Tully is appropriate on Plaintiff's claim alleging a violation of §1983 for Fourth Amendment false arrest/illegal seizure.[1]

## II.   Tully Is Not Liable to Plaintiff for his Claims of Malicious Prosecution as a Matter of Law

Plaintiff's Amended Complaint appears to assert two claims of malicious prosecution pursuant to 42 U.S.C. §1983, in the first instance for his arrest under the arrest warrant and in the second instance for the charge of resisting arrest. See Amended Complaint, generally **(Dkt. 21).**

In order to succeed on his § 1983 malicious prosecution claim, Plaintiff must establish the common law malicious prosecution elements of "(1) the commencement or continuation of a criminal proceeding against the eventual plaintiff at the behest of the eventual defendant; (2) the termination of the proceeding in favor of the accused; (3) an absence of probable cause for the charges; and (4) actual malice" plus "a deprivation of a federally-protected right". Nieves v. Sweeney, 241 F.3d 46, 53 (1st Cir. 2001). In this case, Plaintiff's malicious claims must fail as he cannot meet the essential element of "absence of probable cause to initiate proceedings"

---

[1] Although Plaintiff was also charged with resisting arrest after arrested under the facially valid warrant, "for the purposes of an unlawful arrest claim under the Fourth Amendment, the only relevant inquiry is whether there was probable cause that any arrestable offense was committed". See United States v. Jones, 432 F.3d 34,41 (1st Cir. 2005). Per the Supreme Court, "the probable cause inquiry is not necessarily based upon the offense actually invoked by the arresting officer but upon whether the facts known at the time of the arrest objectively provided probable cause to arrest. Devenpeck v. Alford, 543 U.S. 146, 125 S. Ct. 588, 594, 160 L. Ed. 2d 537 (2004). Thus, for purposes of Plaintiff's Fourth Amendment illegal seizure/false arrest claim, it is irrelevant that Plaintiff was also charged with resisting arrest as at the time of arrest, the facially valid warrant provided the probable cause needed for arrest.

as required based upon a deprivation of Fourth Amendment rights, see Montgomery v. De Simone, 159 F.3d 120, 124 (3d Cir. 1998).

In making a claim of malicious prosecution, "'[t]he want of probable cause is a vital and indispensable element of the plaintiff's case.'" *Wynne v. Rosen*, 391 Mass. 797, 802 (1984), quoting *Good v. French*, 115 Mass. 201, 203 (1874). For the reasons discussed, *supra*, the arrest and subsequent prosecution of Plaintiff was supported by probable cause and thus, Plaintiff's § 1983 malicious prosecution claims must fail as a matter of law. Defendant Tully became involved in this investigation after the Stoughton District Court issued the arrest warrant. The facially valid warrant establishes probable cause and those officers arresting pursuant to such a warrant are not liable for malicious prosecution. Felix v. Lugas, et al. 2004 U.S.Dist. LEXIS 15520 citing Beecy v. Pucciarelli, 387 Mass. 589, 593 (1982). There being no evidence that Defendant Tully commenced or continued the criminal proceedings against the Plaintiff and the existence of probable cause establishes that Plaintiff will be unable to substantiate his claim of malicious prosecution on the charges under the arrest warrant and therefore summary judgment for Defendant Tully is appropriate on this claim.

As to the resisting arrest charge, there is ample undisputed evidence that Plaintiff resisted arrest and thus, Defendant Tully has probable cause to charge him with resisting arrest. **(SMF, ¶31-36).** Plaintiff admits that he actively resisted being removed out of his vehicle and arrested. **Id.** In fact, Plaintiff stated that he was "not getting out of the fucking car" even after learning that there was a warrant for his arrest and that the officers were there to effectuate the arrest. **(SMF, ¶36)** Plaintiff's resistance to the arrest provided the Defendants with the probable cause needed to charge him with resisting arrest. Therefore, Plaintiff cannot show a deprivation of liberty, pursuant

to legal process, that is consistent with the concept of a Fourth Amendment seizure. Harrington v. City of Nashua, 610 F.3d 24 (1st Cir. 2010)

Additionally, the Plaintiff's malicious prosecution claims against Defendant Tully fail for the further reason that the Plaintiff cannot prove that he acted with malice. To establish malice, the Plaintiff must show that (1) Defendant Tully knew that there was no probable cause for the prosecution, and (2) he either personally acted with an improper motive or knew that the party prosecuting the claim was motivated by malice. Beecy v. Pucciarelli, 387 Mass. 589, 593 (1982). Plaintiff cannot prove that Defendant Tully knew that there was no probable cause for the prosecution nor do any facts exist to support any inference that Defendant Tully acted with an improper motive or knew of any malicious motive in the prosecution of the Plaintiff.

Accordingly, as a matter of law, Defendant Tully is entitled to summary judgment on the Plaintiff's malicious prosecution claims.

## **CONCLUSION**

Wherefore, as Plaintiff cannot identify and produce admissible evidence to support his allegations against Defendant Tully sufficient to prove a prima facie case for Fourth Amendment illegal seizure and/or for § 1983 malicious prosecution, Defendant Tully requests that this Honorable Court allow his Motion for Summary Judgment and enter Judgment for him on those claims, along with such other relief as this Court deems appropriate.

                                        Respectfully submitted,
                                        For Defendant Brian Tully,
                                        By his attorneys,

                                        Rafanelli Kittredge, P.C.

                                        <u>/s/ Joseph P. Kittredge</u>
                                        Joseph P. Kittredge, BBO# 548841
                                        Lorena Galvez, Esq. BBO# 699141
                                        Rafanelli Kittredge, PC
                                        1 Keefe Road
                                        Acton, MA 01720
                                        Tel.: (978) 369-6001
                                        Fax: (978) 369-4001
                                        lgalvez@rkpclaw.com
                                        jkittredge@rkpclaw.com

Dated: November 22, 2021

## Certificate of Service

     I hereby certify that this document was filed through the ECT system and will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants.

Dated: November 22, 2021                      <u>/s/ Joseph P. Kittredge</u>
                                                                  Joseph P. Kittredge, Esq.