UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| KEVIN S. CLAPP )<br><br>Plaintiff, )<br><br><br>VS. )<br><br><br>CHARLES BAKER, et al. )<br><br>Defendants. ) | CIVIL ACTION NO:<br>18-10426-ADB |

## MOTION IN LIMINE TO EXCLUDE DEPOSITIONAL TESTIMONY OF PLAINTIFF WHILE PRO SE

Now comes the plaintiff and moves that all deposition testimony of the plaintiff, obtained while pro se, be excluded from consideration by the Court, both in defendants' motion for summary judgment and at trial.

Plaintiff was subjected to depositional testimony while he represented himself pro se. (*Exhibit 9, #1-2*). On September 24, 2020, defendants, through Attorney Brian Rogal, scheduled the deposition of plaintiff for October 6, 2020. (*Exhibit 1*). A supplemental notice of the deposition was given by defendants. (*Exhibit 2*). At the deposition, plaintiff informed the stenographer that he wanted a copy of the transcript and wanted to review it. (*Exhibit 9, #4*). On October 28, 2020, the stenographer informed plaintiff that he could come to her office to review the transcript of the deposition. (*Exhibit 3*). After the letter of October 28, 2020 the office manager of O'Brien & Levine told plaintiff that he was not allowed to come to the stenographer's office because of the high outbreak of COVID at the time. (*Exhibit 9, #5*). The

1

letter did not tell plaintiff that he could purchase a copy and review the transcript at his leisure. In Exhibit 3, plaintiff objected to the letter of October 28, 2020. Plaintiff told Attorney Rogal and Donnellan that the stenographer would not allow him to come the stenographer's office. (*Exhibit 9, #10*).

On December 2, 2020, Attorney Brian Rogal informed plaintiff that the transcript of two days of depositions will only be available at the office of Julie at Walpole Executive Center. (*Exhibit 4*). Attorney Rogal stated that plaintiff could review the transcripts up to January 4, 2021. On December 29, 2020, Mr. Clapp informed Attorney Joseph Donnellan that he challenged how the thirty days to review the transcripts was calculated. Clapp believed that he had until January 15, 2021 to review, while Attorney Donnellan believed he had until January 4, 2021. (*Exhibit 5*). On April 1, 2021, Attorney Donnellan re-noticed plaintiff's deposition. (*Exhibit 6*).

On September 5, 2021, Dr. Paul Giella wrote to plaintiff's attorneys objecting to a videotaped deposition of Clapp. Dr. Giella stated that Mr. Clapp was not given "reasonable access to copies of past depositions…" Clapp was told he was not trusted with copies and that he would be allowed access only under supervision. (*Exhibit 7*). There was a limitation on the number of pages he could review: "one hundred pages at a time."

Plaintiff prepared a calendar account of the days that he could review the deposition transcripts. (*Exhibit 8*). According to Mr. Clapp, he was only given seventeen (17) days to review the transcripts. (*Exhibit 9, #12*).

## LEGAL ARGUMENTS

### 1. <u>Federal Rules of Civil Procedure 30(e) (1) requires that plaintiff be given an opportunity to review the deposition transcripts.</u>

At the time of his deposition noticed by defendants, plaintiff was pro se and indigent. (*Exhibit 9, #1-2*). The Federal Rules of Civil Procedure have set forth very clearly what must be done in conducting and reviewing depositions. Rather than following the Rules, defendants and their stenographer placed conditions upon plaintiff's review of the deposition transcripts. Specifically, defendants: 1.) required that plaintiff only review the transcripts under supervision; 2.) required that plaintiff review no more than 100 pages at a time; 3.) required that plaintiff review the transcripts only at the office of O'Brien & Levine, and 4.) required that plaintiff review the transcripts only at the Walpole Executive Center. In addition, defendants limited the days that plaintiff could review the transcripts, up to January 4, 2021. In fact, plaintiff was not given an opportunity to review selected pages of the transcripts until summary judgment motions were served. Such limitations were improper. <u>Prescott v. Higgins</u>, 538 F. 3d. 32, 40 (1st Cir. 2008).

On or about October 28, 2020, plaintiff requested to see the deposition transcripts again. The first time was at the first deposition. When plaintiff told Attorney Rogal he wanted a copy of the transcripts, Rogal laughed at him, and said "You are not getting it." (*Exhibit 9, #14*). Attorney Rogal said to plaintiff that he did not trust Clapp with the transcripts. (*Exhibit 9, #15*). Rogal said he would make arrangements his way. (*Exhibit 9, #16*). Even though plaintiff requested deposition transcripts, he never received those conducted while he was pro se. (*Exhibit 9, #17*).

Mr. Clapp's request to review the transcripts was "an absolute prerequisite to amending or correcting a deposition." <u>Rios v. Bigler</u>, 67 F. 3d 1543, 1552 (10th Cir. 1995). As a result of plaintiff not being able to review the transcripts due to the conditions imposed by defendants and

the stenographer, he was deprived of his rights under the federal rules. <u>Griffin v. Certain</u> <u>Underwriters at Lloyd</u>, 2010 U.S. District Lexis 36299 (2010).

## 2. **<u>Defendants did not obtain permission from the Court to alter the terms of review of plaintiff's depositions</u>**

Defendants acted outside of their authority by setting conditions for plaintiff's review of his depositions. Nowhere in the Rules is there a requirement that a party can only review his depositions under supervision. Defendants had no authority to tell plaintiff that he could only review the depositions at the Walpole Executive Center or at the office of O'Brien & Levine. Because he was a pro se plaintiff, defendants should have referred plaintiff to the Court or requested Court assistance in setting up an appropriate site for review of the transcripts. Defendants could have recommended that plaintiff seek appointment of legal counsel. Counsel can be appointed in civil cases in "exceptional circumstances." <u>Des Rosiers v. Moran</u>, 949 F. 2d 15, 23 (1st Cir. 1991). In determining whether to appoint counsel, the Court "…must examine the total situation, focusing, inter alia, on the merits of the case, the complexity of the legal issues, and the litigant's ability to represent himself." Id at 24.

It is clear that plaintiff could not adequately represent himself due to his emotional/medical condition. (*Exhibit 7*). Defendants knew or should have known that plaintiff could not adequately represent himself. Instead, counsel for defendants advised plaintiff on how he should access and review his deposition transcripts. (*Exhibits 3-5*). After advising plaintiff, to his detriment, defendants now seek to benefit from such deleterious advice. This Court should not allow the use of the deposition transcripts because defendants do not come into this Court with "Clean hands."

3. **This Court should not allow the deposition transcripts to be considered in defendants' motions for summary judgment or at trial.**

In an appeal, the reviewing court will not consider a matter from the trial court if there is no transcript. Rogers v. Bower, 1999 U.S. App. Lexis 9337 (1999). In the matter before this Court, plaintiff's deposition transcripts have not been properly presented to this Court. The denial of access to a deposition transcript and the use of such transcript would be prejudicial to plaintiff. Plaintiff has been denied the right to provide revised answers to deposition questions and therefore the deposition transcripts should be excluded from evidence in the motions for summary judgment and at trial. Tingley Sys. v. CSC Consulting, Inc., 152 F. Supp. 2d 95, 120 (D. Mass. 2001); Semmani v. UG2 LLC, Civil Action No. 18-12396; 2021 U.S. Dist. Lexis 54426 (2021).

**WHEREFORE**, plaintiff requests that this Honorable Court:

1) Preclude defendants from using in any manner the deposition testimony of Kevin Clapp in support of their motions for summary judgment or at trial.

2) Suppress the deposition transcripts created when plaintiff was pro se.

3) Order defendants to provide deposition transcripts to plaintiff and allow him 30 days to review.

4) Order defendants to pay plaintiff reasonable attorney's fees and costs.

Respectfully submitted,

**KEVIN S. CLAPP**
By his attorney,

Robert C. Johnson, Jr.
BBO # 253020
4238 Washington Street, #307
Boston, MA 02131
617-899-7871
Rcjohnson11@comcast.net

## CERTIFICATE OF SERVICE

I certify that I served a copy of Plaintiff's Motion in Limine to Exclude Depositional Testimony through the CM/ECF system to all registered participants.

1/28/22
_____
Date

_____
Robert C. Johnson, Jr.

## CERTIFICATE OF COMPLIANCE TO LOCAL RULE 7.1(a) (2)

I, Robert Johnson, Jr., hereby certify Defendants' counsel and I conferred on January 21, 2022 in an attempt in good faith to resolve or narrow the issues pertaining to the depositional testimony of plaintiff. Plaintiff informed defendants of his intention to file this motion. Defendants said they would oppose it.

1/28/22
_____
Date

_____
Robert C. Johnson, Jr.