UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

KEVIN CLAPP, )
    Plaintiff )
)
V. ) Civil Action No. 18-10426-ADB
)
CHARLES BAKER, et. al. )
    Defendants, )
)

### DEFENDANTS' MOTION IN LIMINE RE DAMAGES

Now come Defendants and move in limine to preclude Plaintiff from referring to or attempting to introduce testimony or evidence on certain aspects of claimed damages, as set forth below.

1. <u>Alleged foreclosure of house</u>:  On September 6, 2021 Plaintiff's counsel filed an Opposition to Defendant Tobin's Further Motion to Compel Responses to Discovery and to Require Plaintiff to Provide Disclosures.  D.N. 146, attached hereto as Exhibit A.  In that response Plaintiff answered interrogatories on his employment and damages.  On page 4, under compensatory damages, Plaintiff states "His home is in foreclosure: $310,000.00".  In Plaintiff's responses (D.N. 188-4) to the Statement of Uncontested Facts filed by Defendants in support of their motions for summary judgment (D.N. 174)[1] Plaintiff admitted that his house has not been foreclosed although it is now almost five years after his arrest.[2]  Moreover, Plaintiff has admitted that he did not work from at least 2012 to 2019.[3]  Plaintiff filed for bankruptcy in 2018 but voluntarily dismissed his

---

[1] Plaintiff's responses start on page 6 of D.N. 188-4.
[2] DSOF No. 53 admitted by Plaintiff.
[3] Answer to interrogatories, D.N. 146, pg. 2.

petition in 2019, thereby giving up the protection from foreclosure afforded by that filing.[4]  Those bankruptcy filings show that Plaintiff was already at least two months behind in his mortgage as of January 1, 2016 and that his mortgage payments increased substantially between 2016 and 2018.[5]  The increase was scheduled for that time period per his 2006 loan modification agreement.  Id.  As his house has not been foreclosed in five years, there is no evidence of any pending or threatened foreclosure, and there is no evidence that he lost any employment as a result of any action of Defendants, he should be precluded in limine from offering testimony or other evidence that his house has been foreclosed or that there is a threatened foreclosure.

2. <u>Alleged loss of employment</u>:  Plaintiff has claimed that the actions of Defendants caused him to lose pay from the date of his arrest until September 8, 2021, and that he is also entitled to front wages until July 6, 2036, when Plaintiff will be 77.[6]  Again, Plaintiff admits that he was unemployed for at least four years prior to his arrest.  He was on Social Security disability and a disability pension from the MBTA since 2004, twelve years prior to his arrest.[7]  He has produced no evidence to show that he made any attempt to work from the date of his arrest until 2019, or that he even looked for work.  As Plaintiff cannot establish that any action of Defendants caused him to lose any employment in the last five years, he cannot establish any entitlement to front pay, let alone front pay until he is 77.  Plaintiff should be precluded in limine from testifying or attempting to offer any evidence that any action of Defendants caused him to lose any work.

---

[4] DSOF 49-52, admitted by Plaintiff.
[5] DSOF 45-46, admitted by Plaintiff.
[6] Answer to Tobin's interrogatories, D. N. No. 146, pg. 4.
[7] Clapp Deposition, pg. 13-14, 190, attached hereto as Exhibit B.

Case 1:18-cv-10426-ADB   Document 216   Filed 01/28/22   Page 3 of 3

,

                                              Respectfully submitted,
ALL DEFENDANTS,
By one of their attorneys on behalf of all,

     /s/ Brian Rogal
Brian Rogal, BBO #424920
ROGAL & DONNELLAN, P.C.
100 River Ridge Drive
Norwood, MA 02062
(781) 255-1200
BRogal@RogalandDonnellan.com

## CERTIFICATE OF SERVICE

I hereby certify that I have served a true copy of the foregoing document upon each other attorney of record by the ECF system and on Plaintiff by first class mail.

January 28, 2022                                                                  /s/ Brian Rogal    .