UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

KEVIN S. CLAPP,                              )
      Plaintiff,                        )
                                             )
V.                                           )       Civil Action No. 18-10426-ADB
                                             )
MARK COHEN, JOHN FANNING,                    )
BRUCE TOBIN, BRIAN TULLY,                    )
SCOTT KEARNS, and BRIAN BROOKS,              )
      Defendants.                       )
                                             )

## DEFENDANTS' MOTION IN LIMINE PERTAINING TO THE OUTCOME OF THE CRIMINAL CHARGES FILED AGAINST THE PLAINTIFF, KEVIN CLAPP

Now come the Defendants, Mark Cohen, John Fanning, Bruce Tobin, Brian Tully, Scott Kearns, and Brian Brooks, ("the Defendants") and respectfully request that this Honorable Court enter an order in limine precluding the Plaintiff from offering any testimony or evidence pertaining to the outcome of the criminal charges against the Plaintiff which were brought against him as a result of the allegations that he committed the crimes of threats, stalking and resisting arrest.  Such testimony should be excluded as it is not relevant to proving whether or not the civil rights of the Plaintiff were violated and such testimony or evidence would be unfairly prejudicial to the Defendants.  Fed. R. Evid. 401, 403 (2021).

Through their late-filed pre-trial disclosures, counsel for the Plaintiff have listed the not-guilty verdict slips in the Plaintiff's criminal trials on the charges of threats, stalking, and resisting arrest as a potential trial exhibit.  Based on that disclosure, it is anticipated that the Plaintiff, Kevin Clapp, will attempt to introduce evidence by way of testimony or documents to establish that the charges he faced as a result of his being arrested for threats, stalking, and resisting arrest were resolved without a finding of guilt.  It is further anticipated that the Plaintiff will seek to rely on the not guilty verdicts he received at to trial to establish a lack of probable

cause for his arrest on those charges.  The introduction of evidence pertaining to the outcome of the criminal charges the Plaintiff faced would be contrary to both Fed. R. Evid. 401 and 403 (2021) as it would allow for the introduction of testimony that is not relevant into the proceeding and testimony that would be unfairly prejudicial to these Defendants.

Should the Court allow Plaintiff's claims for malicious prosecution to go forward, the issue will be whether there was probable cause to seek the warrant for his arrest in March 2016 and whether there was probable cause to institute the charge of resisting arrest.  An acquittal on criminal charges is not evidence of a lack of probable cause to arrest given the wide difference between proof beyond a reasonable doubt and the standard for determining probable cause. Probable cause is a "considerably less exacting" standard than that required to support a conviction at trial.  Commonwealth v. O'Dell, 392 Mass. 445, 451 (1984).  Probable cause requires "sufficient facts to warrant a person of reasonable caution in believing that an offense has been committed;" it does not require proof beyond a reasonable doubt.  Commonwealth v. Levesque, 436 Mass. 443, 447 (2002); citing to Carroll v. United States, 267 U.S. 132, 161 (1923); Gerstein v. Pugh, 420 U.S. 103, 111 (1975).  Gunter v. Cicero, No. 16-CV-30183-MGM, 2018 WL 10323630, at *3 (D. Mass. Oct. 22, 2018) citing Terrio v. McDonough, 16 Mass. App. Ct. 163, 173, 450 N.E.2d 190, 197 (1983) (Long standing practice in Massachusetts not to admit acquittal in subsequent civil case alleging false arrest).

The Plaintiff is entitled to have his claim of an unlawful arrest and the use of excessive force analyzed under the objective reasonableness standard of the Fourth Amendment as set forth in Graham v. Connor, 490 U.S. 386, 397 (1989).  That standard applies to all citizens regardless of the end result of their arrest.  To allow, as it is anticipated this Plaintiff will seek to do, evidence that the jury's finding of not guilty in Mr. Clapp's criminal prosecutions conclusively

established that he was wrongfully arrested would suggest to the jury that there are two standards under the Fourth Amendment.  Such is not the case as the objectively reasonable standard of the Fourth Amendment applies equally to all.

The jury in this proceeding will be tasked with determining whether or not the arrest of Mr. Clapp was appropriate under Fourth Amendment jurisprudence and whether or not the force used to take Mr. Clapp into custody was appropriate under the circumstances present.  To allow the Plaintiff to present evidence of the outcome of his criminal proceedings would allow in testimony that would not be helpful to the jurors as they address the issues in dispute.  Under Rule 401 "evidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Again, the issues the Plaintiff has put before the court is one of a wrongful arrest and excessive use of force in violation of the Fourth Amendment.  Although "[e]vidence may be 'relevant' under Rule 401's definition, even if it fails to prove or disprove the fact at issue— whether taken alone or in combination with all other helpful evidence on that issue" United States v. Guzman-Montanez, 756 F3d 1 (1stCir. 2014) (internal citations omitted), here evidence of what happened long after the arrest of the Plaintiff offers nothing that would be helpful to proving or disproving the facts surrounding Mr. Clapp's arrest.  Holder v. Town of Sandown, 585 F.3d 500, 504 (1st Cir. 2009) (""The test for probable cause does not require the officers' conclusion to be ironclad, or even highly probable. Their conclusion that probable cause exists need only be reasonable." Acosta, 386 F.3d at 11 (internal quotation marks and citation omitted). ").

To allow in evidence that Clapp was acquitted would turn the objective standard into a subjective standard.  Moreover, such testimony would be harmfully and unfairly prejudicial to

the Defendants as the evidence would be directed toward garnering undue sympathy for the Plaintiff. Coleman v. Tinsley, 87 Fed. R. Evid. Serv. 1145 (2012) ("Significant prejudice or confusion could arise if the jury seeks to retroactively gauge the reasonableness of the Officers' [conduct] against the knowledge that Coleman was later [freed from defending himself against] the[s] crime for which he was arrested").

## CONCLUSION AND RELIEF REQUESTED

WHEREFORE, the Defendants respectfully request this honorable court to Order the following relief:

1. Order the Plaintiff to refrain from testifying to the eventual outcome of the criminal charges he faced.

2. Order the Plaintiff to refrain from eliciting or attempting to elicit such information from any witness.

3. Order the Plaintiff to refrain from attempting to introduce any documents pertaining to the outcome of the charges.

4. Order the Plaintiff to refrain from commenting on the outcome of the criminal charges in his opening statements, or closing arguments.

5. Order the Plaintiff to instruct all of the Plaintiff's witnesses as to this Order.

Respectfully submitted,

Defendant,                                   Defendant,
Brian Brooks,
Brian Tully,                                 Scott Kearns,
By his attorney,                             By her attorney,

/s/ Joseph P. Kittredge                      /s/ Joseph G. Donnellan
Joseph P. Kittredge                          Joseph G. Donnellan
BBO # 548841                                 BBO # 558060
Rafanelli & Kittredge, P.C.                  Rogal & Donnellan, P.C.
One Keefe Road                               100 River Ridge Drive, Suite 203

4

Acton, Massachusetts 01720                Norwood, Massachusetts 02062
(978) 369-6001                            (781) 255-1200
jkittredge@rkpclaw.com                    jdonnellan@rogalanddonnellan.com

Defendant,                                Defendant,
John Fanning,                             Mark Cohen,
By his attorney,                          By his attorney,

/s/ Daniel J. Moynihan, Jr.               /s/ David J. Officer
Daniel J. Moynihan, Jr.                   David J. Officer
BBO# 546346                               BBO# 555253
The Law Office of                         David J. Officer, P.C.
Daniel J. Moynihan, Jr., P.C.             PO Box 423
271 Main Street, Suite 302                Southborough, Massachusetts 01772
Stoneham, Massachusetts 02180             (888) 945-2333
(781) 438-8800                            david@davidofficerlaw.com
moynihanlaw@verizon.net

Defendant,
Bruce Tobin,
By his attorney,                          ,

/s/ Brian Rogal
Brian Rogal
BBO # 424920
Rogal & Donnellan, P.C.
100 River Ridge Drive, Suite 203
Norwood, Massachusetts 02062
(781) 255-1200
brogal@rogalanddonnellan.com

## CERTIFICATE OF SERVICE

I, Joseph G. Donnellan, hereby certify that I served a copy of the foregoing MOTION IN LIMINE to all counsel of record, via ECF, and to those not so registered via 1st Class U.S. Mail, postage prepaid this 28th day of January, 2022

/s/ Joseph G. Donnellan
Joseph G. Donnellan