UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

KEVIN S. CLAPP, )
Plaintiff, )
)
V. ) Civil Action No. 18-10426-ADB
)
MARK COHEN, JOHN FANNING, )
BRUCE TOBIN, BRIAN TULLY, )
SCOTT KEARNS, and BRIAN BROOKS, )
Defendants. )
)

**DEFENDANTS' MOTION IN LIMINE TO EXCLUDE THE PLAINTIFF FROM TESTIFYING TO HEARSAY, NON-RELEVANT, UNDULY PREJUDICIAL, AND INADMISSIBLE STATEMENTS**

Now come the Defendants, Mark Cohen, John Fanning, Bruce Tobin, Brian Tully, Scott Kearns, and Brian Brooks, ("the Defendants") and respectfully request that this Honorable Court enter an order in limine precluding the Plaintiff from offering any testimony or evidence consisting of hearsay, non-relevant, prejudicial, or otherwise inadmissible statements that the Plaintiff, Kevin Clapp, might seek to offer during his testimony. Defendants file this comprehensive motion in limine due to the disposition of the Plaintiff to veer off-topic in responding to direct questions. Mr. Clapp's deposition testimony was full of hearsay, non-relevant, unduly prejudicial, and otherwise inadmissible testimony as were his responses to the Defendants' interrogatories.

By way of example, Mr. Clapp testified extensively at his deposition that the Defendants were out to kill him. In support of Mr. Clapp's belief, he offered that an unnamed nurse at the Morton Hospital told him:

> "those troopers are no good outside; they're out there to kill you. I've had nothing but problems with them. They're out to get you." Plaintiff's Deposition of September 15, 2021 at p. 68;[1] and

that one of the health care providers was afraid to speak up against the troopers because the last time she did they retaliated against her by trying to stop her for drunk driving. Plaintiff's Deposition of September 15, 2021 at p. 68.[2]

As of the filing of this motion, the Plaintiff has not designated any health care provider from the Morton Hospital as a witness. Any statement that the Plaintiff might seek to attribute to an unidentified declarant would be hearsay as the Plaintiff would be offering the statements to prove the truth of the matter asserted in the statement. Such testimony is barred under the rule against hearsay. Fed. R. Evid. 801 and 802 (2021).

Moreover, the statements should be excluded based on a lack of relevance to the Plaintiff's claim that he was wrongfully arrested and subjected to excessive force. Allowing any statements of this nature would result in unfair prejudice to the Defendants as the statements

---

[1]Q. (Mr. Officer) The nurse saw that?
A. (Mr. Clapp) Yeah. The nurse that was drawing my blood – I don't know if she was a phlebotomist of a nurse, but when she came in with her rubber band, she said they're out there to kill you. She said I've had nothing but problems with them. She said they're out to get you. I said, I know that.
Q. When she said that, she said they were out to get you – correct?
A. Right.
Q. Mr. Clapp?
A. That's right. Because she overheard them. And she's had problems with them before, she said.
Q. Do you know the names of that nurse?
A. No. But I'd love to find out. She'd make a great witness.
(Exhibit A, Plaintiff's Deposition of September 15, 2021 at p. 68).
[2]Q. (Mr. Officer) Did the physician say anything to you about the pricking in your arm?
A. (Mr. Clapp) No, because the nurse was in fear, because the last time she said anything, the State Police had tried to stop her for drunk driving. They retaliate against people that many stick up for the patients.
That's what she told me.
(Exhibit A, Plaintiff's Deposition of September 15, 2021 at p. 69-70).

would come in without the Defendants having the opportunity to cross-examine the unknown declarant. Fed. R. Evid. 403 (2021).

In response to a series of questions regarding witnesses Mr. Clapp had identified through his discovery responses, the Plaintiff responded by placing his mother's ashes on the table along with a picture of her. The response, again, was non responsive to the question, and not relevant to any claim the Plaintiff is pursuing against these Defendants:

> A. No. Wait a minute. Here's my mother; here's some of her ashes (placing jar on table). This is Phyllis Clapp right here - - okay – who was killed. Now, is she going to testify? So let's bring it out, Counselor. Do you have a mother? How do you treat your mother? Would you treat your mother -- would you want your mother in a jar like that (indicating)?

Exhibit A, Plaintiff's Deposition of September 15, 2021 at p. 127.

By way of further example, it is anticipated that Mr. Clapp will seek to offer opinions regarding witness credibility and the deliberations of the jury in the criminal trial where he was a Defendant. Mr. Clapp's opinion testimony regarding the credibility of a witness is not an appropriate area of testimony. Nor is Mr. Clapp's opinion of how a jury deliberated or who, as Mr. Clapp seeks to opine, the jury found credible in its deliberations (Exhibit B, Plaintiff's Deposition of October 16, 2020 at p. 206, 239).

Yet another example of Mr. Clapp's propensity to veer off topic is found in his written responses to the Defendants' interrogatories. Mr. Clapp was asked to provide a response to the following question through Tpr. Tobin's interrogatory number 7:

> State the names, addresses and telephone numbers of all persons that witnessed or may have knowledge of any part of the incidents referred to in your complaint or including any wrongful act of any of the Defendants and any damage or injury you suffered as a result of any act of any of the Defendants.

In response, Mr. Clapp submitted the following:

> The Jurys that heard this case twice They ambushed me in The Dark God saw it and so Didn't ALL my Family and Friends In Heaven

Exhibit C, Plaintiff's Responses to Tpr. Tobin's Interrogatories.

Based on the above, Defendants further request a general instruction to the Plaintiff that he refrain from attempting to introduce hearsay statements in lieu of providing witnesses with personal knowledge of the matters they might testify about. See, Fed. R. Evid. 602 (2021) which limits witness testimony to matters within their personal knowledge ("A witness may testify to a matter only if evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter").

Despite the Plaintiff recognizing that the unidentified nurse at the Morton Hospital had personal knowledge that might be beneficial to his case, he undertook no effort during discovery to identify this person: (Q. Do you know the names of that nurse? A. No. But I'd love to find out. She'd make a great witness. Exhibit A, Plaintiff's Deposition of September 15, 2021 at p. 68). The Plaintiff should not be rewarded for failing to conduct discovery by allowing him the benefit of introducing his case through hearsay and other unreliable testimony.

The above is but a mere sampling of the outrageous and uncorroborated claims of the Plaintiff. Additional claims of Mr. Clapp has made against these Defendants include allegations of rape, assault and battery upon a sex worker, drug dealing, and worse. In addition to these claims being outside of the statute of limitations and pertaining to non-parties, they are salacious, defamatory and impertinent to the very serious nature of a civil rights lawsuit.

**CONCLUSION AND RELIEF REQUESTED**

WHEREFORE, Defendants respectfully request that this Honorable Court enter an order in limine as follows:

1) Precluding the Plaintiff from offering any evidence either by testimony or through documents regarding what the Plaintiff alleges he was told by certain health care providers at the Morton Hospital after his arrest;
2) Precluding the Plaintiff from offering speculation, hearsay, statements beyond his personal knowledge and any testimony that is non-responsive to the questions posed to him;
3) Precluding any and all witnesses produced by the Plaintiff from testifying to matters that are not relevant to claims before the Court including: allegations of sexual assault; allegations of assault and battery upon a non-party; or allegations of drug dealing by any Defendant.
4) Precluding any and all witnesses produced by the Plaintiff from testifying to any matters that are beyond their personal knowledge or from offering inadmissible hearsay statements; and
5) Order counsel for the Plaintiff to instruct the Plaintiff and each witness the Plaintiff intends on calling at trial of this order.

Respectfully submitted,

Defendant,
Brian Brooks,
Brian Tully,
By his attorney,

/s/ Joseph P. Kittredge
Joseph P. Kittredge
BBO # 548841
Rafanelli & Kittredge, P.C.
One Keefe Road
Acton, Massachusetts 01720
(978) 369-6001
jkittredge@rkpclaw.com

Defendant,

Scott Kearns,
By her attorney,

/s/ Joseph G. Donnellan
Joseph G. Donnellan
BBO # 558060
Rogal & Donnellan, P.C.
100 River Ridge Drive, Suite 203
Norwood, Massachusetts 02062
(781) 255-1200
jdonnellan@rogalanddonnellan.com

Defendant,
John Fanning,
By his attorney,

/s/ Daniel J. Moynihan, Jr.
Daniel J. Moynihan, Jr.
BBO# 546346
The Law Office of
Daniel J. Moynihan, Jr., P.C.
271 Main Street, Suite 302
Stoneham, Massachusetts 02180
(781) 438-8800
moynihanlaw@verizon.net

Defendant,
Mark Cohen,
By his attorney,

/s/ David J. Officer
David J. Officer
BBO# 555253
David J. Officer, P.C.
PO Box 423
Southborough, Massachusetts 01772
(888) 945-2333
david@davidofficerlaw.com

Defendant,
Bruce Tobin,
By his attorney,

,

/s/ Brian Rogal
Brian Rogal
BBO # 424920
Rogal & Donnellan, P.C.
100 River Ridge Drive, Suite 203
Norwood, Massachusetts 02062
(781) 255-1200
brogal@rogalanddonnellan.com

**CERTIFICATE OF SERVICE**

I, Joseph G. Donnellan, hereby certify that I served a copy of the foregoing MOTION IN LIMINE to all counsel of record, via ECF, and to those not so registered via 1st Class U.S. Mail, postage prepaid this 28th day of January, 2022.

/s/ Joseph G. Donnellan
Joseph G. Donnellan