UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| KEVIN CLAPP,<br>    Plaintiff<br><br>V.<br><br>CHARLES BAKER, et. al.<br>    Defendants, | Civil Action No. 18-10426-ADB |

DEFENDANT TOBIN'S MOTION IN LIMINE TO PRECLUDE
IRRELEVANT TESTIMONY

Now comes Defendant Tobin and moves in limine to preclude Plaintiff from referring to or attempting to introduce testimony or evidence on irrelevant matters. The primary allegation against Tobin is excessive force. There is also an allegation of malicious prosecution based on Plaintiff's arrest for threats and stalking.[1] Throughout the course of these proceedings Plaintiff has made numerous allegations which have no relevance to the claims in this suit, particularly as they relate to Tobin. Many of these claims are reiterated in the Statement of Facts that Plaintiff filed with his oppositions to Defendants' motions for summary judgment. D.N. 188-4, 189-4, 190-4, 191-4, 192-4.[2] Defendant moves to preclude any testimony as to the following irrelevant claims:

1.   Allegations relating to the death of Plaintiff's mother or the lack of any investigation into her death. Plaintiff's mother died in 2013. She had been in a nursing home in Westwood. Plaintiff has alleged that she was assaulted there. She was moved to

---

[1] Defendant Tobin has moved for summary judgment on that issue and the claim for malicious prosecution based on the subsequent charge of resisting arrest. Since Tobin did not initiate the subsequent charge, he believes it will not be an issue at least as to him.

[2] Plaintiff filed the same set of facts with his response to each motion for summary judgment.

a hospital in Boston where she passed away. She was in her 90s. Plaintiff has alleged that Defendant Fanning refused to help him get the Norfolk County District Attorney to investigate the death. There is no claim against any Defendant in this case related to the death of Plaintiff's mother. There is no allegation that Tobin had anything to do with any alleged failure to make an investigation. If Plaintiff had tried to make such a claim in this case it would have been barred by the three year statute of limitations.

2. Allegations of sexual misconduct by Fanning.[3] There is no count in the Complaint against Fanning for any such claims, and any such claim would have been barred by the three year statute of limitations. They certainly have nothing to do with Tobin or any other Defendant. Plaintiff's attempt to make such claims has no purpose other than an attempt to prejudice the jury.

3. Allegations relating to missing prescriptions.[4] Plaintiff was arrested on March 8, 2016. He was held in custody until March 11, 2016. He alleges that when he returned home some of his prescription medications were missing. He further states that he believes Defendants Tully and Brooks entered into his house. Plaintiff has no claim in his Complaint for seizure of medications by any Defendant, which renders these irrelevant. If, arguendo, Plaintiff returned home after three days to find missing medications he has no evidence as to who took those medications and therefore should not be allowed to testify that any Defendant took the medications. Finally, if Plaintiff is allowed to testify as to missing medications Defendant Tobin requests a limiting instruction that these allegations are not against him and should not be considered in any way as relating to him.

---

[3] Plaintiff's statement of fact, par. 8, 14, 17. It should be noted that Defendants have responded to Plaintiff's statement of facts and denied the allegations referred to in this motion. See D.N. 207.
[4] Plaintiff's statement of facts, par. 24, 27.

4. Allegations of alleged actions by Defendant Cohen.[5]  Plaintiff makes allegations that while he was being taken by ambulance from the State Police barracks to the hospital Defendant Cohen pricked him with a syringe numerous times and called him names.  As these allegations pertain only to Defendant Cohen, Defendant Tobin requests a limiting instruction that these allegations are not against him and should not be considered in any way as relating to him.

## ONCLUSION

Plaintiff should not be allowed to testify to matters that are irrelevant to the claims that the Court has allowed to go forward to trial.  Allowing him to testify on the claims set forth above would serve only to confuse and prejudice the jury, and would unduly lengthen the trial.

,

                                    Respectfully submitted,
                                    Defendant Bruce Tobin,
                                    By his attorney

                                    ____/s/ Brian Rogal_____
                                    Brian Rogal, BBO #424920
                                    ROGAL & DONNELLAN, P.C.
                                    100 River Ridge Drive
                                    Norwood, MA 02062
                                    (781) 255-1200
                                    BRogal@RogalandDonnellan.com

## CERTIFICATE OF SERVICE

I hereby certify that I have served a true copy of the foregoing document upon each other attorney of record by the ECF system and on Plaintiff by first class mail.

January 28, 2022                                                                                                       /s/ Brian Rogal        .

---

[5] Plaintiff's statement of facts, par. 6, 21.