UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

KEVIN CLAPP,
    Plaintiff

V.

CHARLES BAKER, et. al.
    Defendants

Civil Action No. 18-10426-ADB

## PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION IN RE PRIOR COMPLAINTS AGAINST OR DISCIPLINE OF DEFENDANTS

Credibility is relevant in this case. Kevin Clapp alleges that four State Police Officers (Brian Brooks, Brian Tully, Bruce Tobin and Scott Kearns) beat him up and subjected him to an unlawful arrest on March 8, 2016. He alleges that they used excessive force against him. The four trooper defendants have denied that they used excessive force. Plaintiff has reviewed the Internal Affairs records of these four trooper defendants and states that he will use the attached exhibits to cross-examine the officer defendants when they take the stand.

### Trooper Scott Kearns (Exhibit 1)

This exhibit will show that on December 30, 2003 a civilian brought a complaint against Trooper Kearns in regards to his handling of her complaint. On that day a tractor trailer truck passed her on Route 128, causing an object to fall from the truck and damage her vehicle. She called the State Police and was told by Trooper Kearns to stay on the telephone line and follow the truck that was going 90 miles an hour. The woman considered the advice to be unwise, so she filed a

complaint with the State Police. The complaint was investigated by Major Charles E. Noyes who sustained the allegation that Kearns did not perform his desk function appropriately.

Trooper Kearns stated that he did not remember talking to the civilian, but Mayor Noyes produced evidence that Trooper Kearns answered the phone when the civilian called and stated: "State Police Concord, Trooper Kearns." This evidence will show that Trooper Kearns was less than truthful in describing his role in receiving the call from the civilian.

Furthermore, on May 20, 2004, Lieutenant Colonel John F. Caulfield (Commanding Officer) informed the civilian that her allegations were "NOT SUSTAINED." This evidence will show that even though Mayor Noyes sustained one of the civilian's complaint, Lieutenant Caulfield informed the civilian that her complaints were not sustained. This evidence demonstrates that untruthfulness existed at the highest levels within the State Police.

**Trooper Bruce Tobin (Exhibit 2)**

Plaintiff will cross-examine Trooper Tobin about an incident on or about November 11, 1994 when he was involved in a fighting incident in Amherst, MA. The fight involved four other state troopers in front of a bar. It was determined that Trooper Tobin violated Article 5.2 of the Rules and Regulations of the Department of State Police.

Plaintiff should be allowed to refer to these incidents. The evidence would be offered for a legitimate purpose: credibility and bias. The evidence is relevant and probative. It would not be hearsay and would not cause unfair prejudice.

WHEREFORE, Plaintiff prays that defendants' motion be denied and Plaintiff be allowed to examine defendants on the questions of credibility, bias and prejudice.

Respectfully submitted,

KEVIN CLAPP

By

Robert C. Jonson, Jr.
BBO #253020
4238 Washington Street, #307
Boston, MA 02131
617-899-7871
Rcjohnson11@comcast.net

CERTIFICATE OF SERVICE

I hereby certify that I have served a true copy of the foregoing document upon each attorney of record by the ECF system.

February 9, 2022

Robert C Johnson Jr.