## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| KEVIN CLAPP,<br>     Plaintiff | ) | |
| | ) | |
| | ) | Civil Action No. 18-10426-ADB |
| V. | ) | |
| | ) | |
| JOHN FANNING, et. al.,<br>     Defendants, | ) | |
| | ) | |
| | ) | |

## DEFENDANT JOHN FANNING'S SECOND MOTION TO STRIKE

NOW COMES the defendant, John Fanning ("Fanning") and moves this Court, pursuant to Fed. R. Civ. P. 12(f), to strike from Plaintiff's Pre-Trial Memorandum (Dkt. No. 238) that section of plaintiff's Memo as described below:

**"Evidence to Be offered by plaintiff"**

The plaintiff will establish that in 2013 while his mother was in a nursing home in Westwood, Massachusetts she was assaulted and battered by an attendant".

"Shortly thereafter Defendant John Fanning came by Plaintiff's home and complained that he was under a lot of stress and needed Plaintiff to give him oral sex. Plaintiff and Fanning had been acquaintances for many years. Plaintiff refused to give Fanning oral sex, whereupon Fanning took out his service revolver, put it to Plaintiff's head and forced him to give him oral sex"

## ARGUMENT

### I.    Standard for Motion to Strike

Rule 12(f) of the Federal Rules of Civil Procedure states that a district court "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter". Fed. R. Civ. P. 12 (f). The function of a Rule 12 (f) motion to strike is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial…" Fantasy, Inc. v. Fogarty, 984 F. 2d 1524, 1527 (9th Cir. 1983).

### II.    The Plaintiff's allegations are inadmissible, immaterial, spurious and scandalous and should therefore be stricken.

This Court has made clear the fact that "the only remaining federal claims" in this case are limited to personal capacity claims for violations of 42 U.S.C. § 1983." Id., pg. 19.  (Dkt. No. 24).

The plaintiff's claims against defendant Fanning appear to consist of an allegation that he committed, along with the other defendants, an Illegal Search & seizure at the scene of an arrest, that he committed a False arrest and False Imprisonment, presumably at the time of the arrest and Malicious Prosecution. The Plaintiff attempts to maintain these claims against Defendant Fanning, despite his admission that defendant Fanning was not part of the execution of the arrest which serves as the basis for this case and that he was not even present at the scene of his arrest. (Dkt. No. 189-1, nos. 42 and 43). Of importance is that the plaintiff has not asserted a claim of conspiracy against Fanning or the other defendants.

Also of note is that Defendant Fanning has pending before this Court a Moton to Strike (Dkt. No. 202, Dkt. No. 204) from Plaintiff's filings in Opposition to his Motion for Summary Judgment the following:

a) Plaintiff's reference to an unsubstantiated claim of sexual assault of a Transvestite in 2005 in Key West, Fla.; (p. 3, lines 21-23 and p.4, lines 1-4 of Dkt. No 189);

b) Plaintiff's reference to an unsubstantiated claim of John Fanning's failure to investigate the beating of Clapp's Mother in a Nursing facility; (p. 4, lines 5-10 of Dkt. No. 189);

c) Plaintiff's reference to Sexual Assault by Fanning against plaintiff (p. 4, lines 11-22 of Dkt. No. 189).

Defendant Fanning attached a Memorandum of Law in support of that Motion to Strike (dkt. No. 204) and hereby incorporates that argument in support of this Second Motion to Strike. In addition, the Defendants have pending before this Court a Motion in Limine to Exclude the Plaintiff from testifying about such matters. (Dkt. No. 220).

As noted in Defendant's Memorandum of Law in support of his first Motion to Strike, the unsubstantiated allegations raised by plaintiff constitute nothing more than a continuing spurious attempt by the plaintiff to humiliate, embarrass and damage the reputation and career of defendant Fanning.

Even if there were some evidence that the plaintiff's spurious claims were factual, they are in no way relevant or material to this case and therefore inadmissible. The plaintiff is unable to offer any evidence of a causal link between the allegations made by plaintiff in his Pre-Trial Memo and any claim against Fanning.

In addition to the above, there is no count in this action for an allegation of rape, nor could there be, as it would be barred by the three year statute of limitations and there is no

allegation that it, as well as the unsubstantiated claim of an assault of a transvestite in 2005 occurred under the color of law, thereby precluding it from consideration in this matter. The allegations are therefore not claims under 42 USC section 1983, and would also be barred by the Court's ruling that this case is limited to those claims.  The allegations have no relation to any of the claims in this case. They are merely an attempt to inject prejudice and scandal in this case and should be stricken.

In short, the inclusion of those facts itemized in Defendant's Motion to Strike and contained in plaintiff's Summary Judgment Opposition are not only false, scandalous and unsupported by anything beyond Plaintiff's Affidavit which he filed in Opposition to Summary Judgment, they are inadmissible, immaterial, impertinent to the issues presented in this case and scandalous, as prohibited by Fed. R. Civ. P. 12 (f). Nevertheless, counsel for the Plaintiff continues to ignore the order of this Court in an attempt to humiliate and embarrass Fanning and attempt to affect his career in law enforcement.

For the above reasons, Defendant Fanning respectfully moves this Honorable Court to Strike from Plaintiff's Pre-Trial Memorandum those items itemized herein in Defendant's Second Motion to Strike.

Respectfully submitted,
For Defendant John Fanning,
By his attorneys,

/s/ Daniel J. Moynihan
Daniel J. Moynihan (BBO# 546346)
Mark A. Russell, Esq. (BB)#568943)
Law Office of Daniel J. Moynihan, PC
271 Main Street, Suite 302
Stoneham, MA 02180
(781) 438-8800
moynihanlaw@verizon.net

CERTIFICATE OF SERVICE

I, Daniel J. Moynihan, hereby certify that on the 16th day of February, 2022, I served a copy of the foregoing, Defendant JOHN FANNING'S SECOND MOTION TO STRIKE to all counsel of record, via ECF.

Signed under the pains and penalties of perjury,

/s/ Daniel J. Moynihan
Daniel J. Moynihan