UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| KEVIN S. CLAPP, | ) | |
| Plaintiff, | ) | |
| | ) | |
| V. | ) | Civil Action No. 18-10426-ADB |
| | ) | |
| MARK COHEN, JOHN FANNING, | ) | |
| BRUCE TOBIN, BRIAN TULLY, | ) | |
| SCOTT KEARNS, and BRIAN BROOKS, | ) | |
| Defendants. | ) | |

## PLAINTIFF'S PROPOSED JURY INSTRUCTIONS

Plaintiff Kevin S. Clapp requests, under Rule 51 of the Federal Rules of Civil Procedure that the Court instruct the jury on the law as set forth in the following separately numbered proposed jury instructions. These proposals are not intended as a complete set of instructions but rather to propose text for only the most important instructions. Plaintiff respectfully requests the opportunity to offer additional jury instructions after reviewing the instructions proposed by the Defendants and by the Court.

Respectfully submitted
KEVIN S. CLAPP
By his attorney,

/s/ Robert C. Johnson, Jr.

_____

Robert C. Johnson
BBO #253020
4238 Washington Street, #307
Boston, MA 02131
617-899-7871
Rcjohnson11@comcast.net

1

INDEX OF PLAINTIFF'S REQUESTED INSTRUCTIONS

1.   BURDEN OF PROOF ............................................................................................................ 3

2.   VIOLATION OF 42 U.S.C. § 1983 .................................................................................... 3

6.   UNREASONABLE OR EXCESSIVE USE OF FORCE ............................................................ 7

7.   EXCESSIVE FORCE FINDING CAN BE MADE WITHOUT SERIOUS INJURY TO THE PLAINTIFF .................... 8

9.   COLOR OF LAW .................................................................................................................. 9

10.   DEPRIVATION OF A CONSTITUTIONAL RIGHT ............................................................. 9

11.   AN ARREST IS A SEIZURE ............................................................................................. 9

12.   ONLY REASONABLE SEIZURES ARE LAWFUL ............................................................. 10

13.   FOURTH AMENDMENT – UNLAWFUL STOP ............................................................... 10

14.   PROBABLE CAUSE .......................................................................................................... 11

15.   DUE PROCESS ................................................................................................................ 12

16.   STATEMENT OF CLAIMS ................................................................................................ 13

17.   ALL PERSONS EQUAL BEFORE THE LAW ...................................................................... 13

18.   CREDIBILITY OF WITNESSES ........................................................................................ 13

20.   CAUSATION AND INJURIES ........................................................................................... 16

22.   JOINT LIABILITY ............................................................................................................. 21

23.   INDIVIDUALS HAVE A RIGHT TO CHALLENGE POLICE ............................................... 22

24.   CONSPIRACY TO DEPRIVE MR. CLAPP OF HIS CIVIL RIGHTS ................................... 22

25.   FAILURE TO PROTECT/FAILURE TO INTERVENE ........................................................ 25

26.   EXPERT WITNESSES ....................................................................................................... 26

26.   MALICIOUS PROSECUTION ............................................................................................ 26

## 1.  BURDEN OF PROOF

The standard of proof in a civil case is that a plaintiff must prove his case by a preponderance of the evidence. This is a less stringent standard than is applied in a criminal case, where the prosecution must prove its case beyond a reasonable doubt. By contrast, in a civil case such as this one, the plaintiff is not required to prove his case beyond a reasonable doubt. In a civil case, the party bearing the burden of proof meets the burden when he shows the allegations to be true by a preponderance of the evidence. The standard of a preponderance of the evidence means the greater weight of the evidence. A preponderance of the evidence is such evidence which, when considered and compared with any opposed to it, has more convincing force and produces in your minds a belief that what is sought to be proved is more probably true than not true. A proposition is proved by a preponderance of the evidence if, after you have weighed the evidence, that proposition is made to appear more likely or probable in the sense that there exists in your minds an actual belief in the truth of that proposition derived from the evidence, notwithstanding any doubts that may still linger in your minds. Simply stated, a matter has been proved by a preponderance of the evidence if you determine, after you have weighed all of the evidence that that matter is more probably true than not true.[1]

## 2. VIOLATION OF 42 U.S.C. § 1983[2]

The plaintiff claims that the defendants' while acting under color of authority of the Commonwealth of Massachusetts, as members of the Massachusetts State Police, intentionally violated the plaintiff's constitutional rights.

The constitutional rights that the plaintiff claims the Defendants violated are these:

---

[1] Sargent v. Massachusetts Accident Co., 307 Mass. 246, 250 (1940). See also Lisbon v. Contributory Ret. App. Bd., 41 Mass. App. Ct. 246 (1996).

[2] Title 42 U.S.C. §1983; Gomez v. Toledo, 446 U.S. 635 (1980); Torres Ramirez v. Bermudez Garcia, 898 F.2d 224, 227 (1st Cir. 1990); Parratt v. Taylor, 101 S.Ct. 1908 (1981); Monroe v. Pape, 365 U.S. 167 (1961).

1.  Fourth Amendment rights;
2.  First Amendment rights;
3.  Fourteenth Amendment rights to be free from the use of excessive force during his encounter with police.

The law to be applied in this case is the federal civil rights law. It provides a remedy to individuals who have been deprived, under color of state law, of the rights granted by the United States Constitution. Section 1983 of Title 42 of the United States Code states:

> Every person who, under color of any statute, ordinance, regulation, custom or usage of any State or Territory or the District of Columbia, subjects or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress…[3]

Section 1983 was enacted to give people a federal remedy enforceable in federal court because it was feared that adequate protection of federal rights might not be available in state courts.[4]

**Elements of 42 U.S.C. 1983**

In a section 1983 case, the Plaintiff, Mr. Clapp, must prove four things:

a.  the defendants' were acting under color of law;
b.  the defendants' actions deprived the Plaintiff of one or more constitutional rights;[5]
c.  that the defendants' acts were done intentionally or with reckless disregard and indifference to the plaintiff's rights, and
d.  the plaintiff was damaged by the defendants' conduct.[6]

Acting under color of law means acting or purporting to act in the performance of official duties. The parties do not dispute that the Troopers in this case, were at all relevant times acting pursuant to their authority as Massachusetts State Troopers. In other words, the first statutory element has been satisfied.

Mr. Clapp must next prove that the actions of the officers' deprived him of a right secured

---

[3] 42 U.S.C. § 1983.
[4] Lugar v. Edmondson Oil Co., 457 U.S. 922, 934 (1982); Mitchum v. Foster, 407 U.S. 225, 242-42 (1972); Monroe v. Pape, 365 U.S. 167 (1961).
[5] 42 U.S.C. § 1983; Gomez v. Toledo, 446 U.S. 635, 640 (1980).
[6] Carey v. Piphus, 435 U.S. 247, 256-57 (1978).

under the Constitution or laws of the United States, in this case the Fourth Amendment right to be free from any unreasonable and excessive application of force by an officer of the state.

State Troopers fill a number of functions in society, some of which are community functions only tangentially related to their more familiar role as criminal investigators. Their major task, however, is to prevent crimes or, where a crime has been committed, to apprehend the person or persons. If the officer believes that a crime has been committed or about to be committed, he/she may seize or arrest the person upon whom the suspicion of criminal activity has focused.

In making a seizure, State Troopers are privileged to use a reasonable amount of force. This privilege extends to the use of deadly force, if necessary, so long as whatever force used is not excessive or unreasonable.

You are to look to the objective facts and circumstances of the case, including the severity of the alleged offense which put Mr. Clapp in contact with the officers, the extent of injuries that he actually suffered, whether he was reasonably perceived as posing a threat to the officer's safety or the safety of the public, and whether he actively attempted to resist or evade arrest.

Not every push or shove by a police officer, even if it may later seem unnecessary in the peace and quiet of the courtroom, constitutes excessive force. The reasonableness of the use of force must be judged from the perspective of a reasonable officer on the scene rather than with the 20/20 vision of hindsight. The concept of reasonableness makes allowance for the fact that State Troopers are often forced to make split-second judgments about the amount of force that is necessary in a particular situation in circumstances that are sometimes tense, uncertain, and rapidly evolving. To satisfy the third element, Mr. Clapp must prove that the officers acted intentionally or with reckless indifference to his right to be secured from any unreasonable use of

5

force. An act is intentional if it is done knowingly, that is, if it is done voluntarily and deliberately and not because of a mistake, accident, negligence, or other innocent reason.

An act is reckless if it is done in conscious disregard of its probable consequences. The fourth element that Mr. Clapp must prove is that the defendants' acts were a proximate cause of injuries that he suffered. Proximate cause means that there must be a casual connection between the defendants' acts and Clapp's injuries. An act or omission is a proximate cause if it was a substantial factor in bringing about or actually causing an injury, or stated another way, that the injury was a reasonably foreseeable consequence of defendants' acts, and but for defendants' acts the injury would not have occurred.

### No Specific Intent Required

It is not necessary to find that that the defendants specifically intended to deprive the plaintiff of his civil rights, or that they acted with malice or ill will in order to find that they violated the plaintiff's civil rights.

### 4. PROTECTED RIGHT/UNREASONABLE FORCE DEFINED

Mr. Clapp had a right secured or protected by the Constitution or laws of the United States, not to be deprived of liberty without due process of law. That right includes the right to be free from the official use of unreasonable and excessive force. The Fourth and Fourteenth Amendments to the United States Constitution guarantee this right to all individuals who have been arrested. It has always been the policy of the law to protect the physical integrity of every person from the unreasonable use of force. No one, not even a person who is in custody, may be physically assaulted, intimidated or otherwise abused intentionally and without justification by someone acting in an official capacity. Accordingly, every person has a constitutional right to be secure in his person and free from unwarranted physical mistreatment by law enforcement officers.

You are instructed that the phrase "unreasonable force" means force that has no legitimate law enforcement purpose. A law enforcement officer is justified in the use of only that force which he reasonably believes to be necessary to hold a person who has been arrested in custody, prevent escape or defend himself or another from bodily harm. He may not, however, use more force than is reasonably necessary to accomplish these purposes. Therefore, a law enforcement officer may not use force to punish, retaliate or seek retribution against a person who has been arrested, even if the use of such force is intended to deter future misbehavior.[7]

## 5.   UNREASONABLE OR EXCESSIVE USE OF FORCE[8]

The Fourth Amendment to the United States Constitution protects persons from being subjected to excessive force while being arrested by the police or during a police encounter that does not result in an arrest. In other words, a law enforcement official may only use the amount of force necessary under the circumstances to make the arrest and no force when there is no arrest. Every person has the constitutional right not to be subjected to excessive force while

---

[7] Graham, 490 U.S. at 395 n.10 (Fourth Amendment governs an arrestee's excessive force claims). Bell v. Wolfish, 441 U.S. 520, 535 (1979)("[U]nder the Due Process Clause, a detainee may not be punished prior to an adjudication of guilt in accordance with due process of law."); Id. at 539 ("Retribution and deterrence are not legitimate nonpunitive governmental objectives."). Youngberg v. Romeo, 457 U.S. 307, 315 (1982)("[T]he right to personal security constitutes a 'historic liberty interest' protected substantively by the Due Process Clause. And that right is not extinguished by lawful confinement, even for penal purposes."). Brady v. Dill, 187 F.3d 104, 110 n.5 (1st Cir. 1999) (noting that, under Graham, Fourth Amendment may extend to post-arrest period). Gaudreault v. Salem, 923 F.2d 203, 207 (1st Cir. 1990) (booking room assault by police officer in response to verbal provocation would constitute excessive force where there was no justification and no motive but punishment). United States v. Lebron-Gonzalez, 816 F.2d 823, 828-29 (1st Cir. 1987)(upholding adequacy of instruction that due process includes principle that "no person may ever be physically assaulted, intimidated or otherwise abused intentionally and without justification by a person acting under the color of law of any state"). Collazo-Leon v. United States Bureau of Prisons, 51 F.3d 315, 317 (1st Cir. 1995) (intent to punish pretrial detainee can be inferred if action taken against detainee is not reasonably related to legitimate governmental goal). Lyons v. Powell, 838 F.2d 28, 29-30 (1st Cir. 1988) (intent to punish pretrial detainee can be inferred if no legitimate governmental purpose can rationally be assigned to the action taken against the detainee or if alternative, less harsh action was available (citing Bell v. Wolfish)). Pierce v. Multnomah County, Oregon, 76 F.3d 1032, 1042-43 (9th Cir. 1996) (Fourth Amendment standard governs excessive force claim where arrestee is in custody pursuant to warrantless arrest that has not yet been validated by judicial probable cause determination). Wilson v. Spain, 209 F.3d 713, 714-15 (8th Cir. 2000) (applying Fourth Amendment protection to officer's assault of suspect in cell after suspect arrest, booking and jailing).

[8] Graham v. Connor, 490 U.S. 386 (1989); Alexis v. McDonald's Restaurant, 67 F.3d 341 (1st Cir. 1995); Bastien v. Goddard, 279 F.3d 10 (1st Cir. 2002).

being arrested even if the arrest is otherwise proper.[9] In determining whether any force used by the defendants' in making the arrest of the plaintiff was "excessive," you must consider such factors as the need for the application of force, the relationship between the need and the amount of force used, the extent of the injury inflicted, and whether a reasonable officer on the scene, without the benefit of 20/20 hindsight, would have used such force under similar circumstances.[10]

In connection with this claim, you may consider that Clapp was not convicted of resisting arrest and he was not charged with assault and battery on State Troopers.

### 6. EXCESSIVE FORCE FINDING CAN BE MADE WITHOUT SERIOUS INJURY TO THE PLAINTIFF

Liability may be imposed against the defendants for the use of excessive force even in the absence of a serious injury. The plaintiff must demonstrate that the defendants' actions were not objectively reasonable. The relevant circumstances include the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officer or others, and whether she is actively resisting arrest or attempting to evade arrest by flight.[11]

### 7. RIGHT TO RESIST EXCESSIVE OR UNNECESSARY FORCE

It is also the law that an arrestee or prisoner in police custody has the right to resist and use reasonable force to defend himself if the force used to arrest or subdue him was unnecessary or excessive.[12]

---

[9] Graham v. Connor, 490 U.S. 386, 394-95 (1989).

[10] Adapted from 8th Circuit Model Jury sec. 4.10

[11] Graham v. Connor, 490 U.S. 386, 394-95 (1989); Bastien v. Goddard, 279 F.3d 10, 14 (1st Cir. 2002); Alexis v. McDonald's Rests. Of Mass., 67 F.3d 341, 352 (1st Cir. 1995).

[12] Commonwealth v. Moreira, 447 N.E.2d 1224, 1228 (Mass. 1983) ("Thus, we conclude that where the officer uses excessive or unnecessary force to subdue the arrestee, regardless of whether the arrest is lawful or unlawful, the arrestee may defend himself by employing such force as reasonably appears to be necessary.")
Commonwealth v. Peterson, 759 N.E.2d 719, 722 (Mass. App. Ct. 2001) ("[T]he judge correctly instructed the jury that the defendant did not have the right to resist a lawful or unlawful arrest, but that 'if the police officer uses excessive force or unnecessary force to make an arrest, whether the arrest is legal or illegal, the person who is being arrested may defend him[self\ or herself with as much force as . . . reasonably appears to be necessary.'")

### 8.  COLOR OF LAW

"Acting under color of law" means that the Defendants were acting in their official capacity as State Troopers. Because there is no question that the defendants were State Troopers, on duty and engaged in their official police duties at the time of the alleged acts, their actions were under the color of state law. There is no dispute that the Defendants in this case were acting under color of law, and you must find that this element is established.[13]

### 9. DEPRIVATION OF A CONSTITUTIONAL RIGHT

The constitutional rights at issue in this case are guaranteed by First, Fourth and Fourteenth Amendments of the United States Constitution. The First Amendment protects freedom of speech. The Fourth Amendment protects citizens against unreasonable searches and seizures. The Fourteenth Amendment protects against punishing or harming a person without due process of law. In this case, plaintiff Mr. Clapp alleges that, State Troopers unlawfully seized him without probable cause, and also wantonly assaulted or beat him in violation of the Fourth Amendments.

### 10. AN ARREST IS A SEIZURE

An arrest is a seizure within the meaning of the Fourth Amendment. There is no

---

Commonwealth v. Francis, 511 N.E.2d 38, 40 (Mass. App. Ct. 1987) approving instruction: "A defendant cannot use force to resist an arrest or oppose restraining actions while in prison by one he knows or has reason to know is an authorized Police Officer or Correctional Officer engaged in the performance of his duties. But if an Officer or Correctional Officer uses excessive force in his attempt to subdue prisoner, [the latter] may defend himself by employing only such force as may be reasonably necessary to counteract the excessive force used against him.") Commonwealth v. McMurtry, 482 N.E.2d 332, 335 (Mass. App. Ct. 1985)( "It has long been the rule that a person has no right to resist lawful arrest unless the restraining officers used excessive force.
The Moreira case extended that principle to unlawful arrests. What mattered to the defendant was that the question be put to the jury whether the force used by the correction officers was reasonable. If excessive, the inmate might resist.")
[13] Committee Comment to 8th Circuit Model Jury Instruction 4.40: "The court should, if possible, rule on the record whether the conduct of the defendant, if it occurred as claimed by the plaintiff, constitutes acts under color of state (county, municipal) law and not even instruct the jury on this issue."

9

dispute in this case as to whether the Plaintiff was seized.[14]

### 11.        ONLY REASONABLE SEIZURES ARE LAWFUL

The Fourth Amendment to the United States Constitution provides that to be lawful a seizure, in this case the arrest, must be "reasonable." An arrest is "reasonable" only if the Defendants' State Troopers had "probable cause" to believe the arrest/seizure was justified by law. The defendant Troopers need not have acted with malice or with intent to deprive the Plaintiff of his rights for there to be an unlawful seizure in violation of the Fourth Amendment.

### 12. FOURTH AMENDMENT – UNLAWFUL STOP

There are significant legal distinctions between an investigatory "stop" and an arrest. A "stop" occurs when an officer, by means of physical force or show of authority, has in some way restrained a person's liberty such that in view of all of the circumstances surrounding the incident, a reasonable person would have believed that he was not free to leave. In addition, an individual must actually yield to the show of authority to be "stopped." An arrest occurs when a reasonable person would feel that he is under arrest or otherwise deprived of his freedom of action in any significant way.[15]

A "stop" may last only for as long as necessary for the police to conduct a reasonable investigation. There is no fixed time or mechanical formula to determine whether the amount of time taken by the police officer or officers to investigate his or their suspicions was reasonable. A police officer is required to diligently investigate and use the least intrusive means available

---

[14] U.S. Const. amend. IV; Terry v. Ohio, 398 U.S. 1 (1968).
[15] See, e.g. Freyermuth RW, Rethinking Excessive Force, Duke Law Journal, Vol 1987: 692-711, at 695. Freyermuth, states that a group of excessive force claims were brought by "bystanders" or by persons subjected to an arrest or an investigatory stop. He states some federal courts have evaluated these claims under the due process clause, Dale v. Janklow, 828 F.2d 481, 484-485 (8th Cir. 1987) (no arrest); Wise v. Bravo, 666 F.2d 1328, 1333-35 (10th Cir. 1981 (no arrest) Shillingford v. Holmes, 634 F.2d 263, 265 (5th Cir. Unit A 1981) (bystander), and yet others without identifying a specific constitutional provision. See Graham v. City of Charlotte, 827 F.2d 945, 958, (4th Cir. 1987) (stop), remaining citations omitted.

to confirm or dispel his or her suspicions. You must consider the particular facts and circumstances known to the officer.

There is no bright line to determine whether police action constitutes an arrest or "stop." In making the determination you are to consider all of the facts and circumstances surrounding the encounter between the State Troopers and the plaintiff. In particular you should consider such factors as: the amount of force used by the police; the need for the force used; the extent to which the individual's freedom of movement was restrained; the number of State Troopers involved in this encounter; whether the plaintiff was suspected of being armed; the duration of the encounter; the officer's physical treatment of the plaintiff; and whether the State Troopers used handcuffs. The fact that no formal words were employed by the State Troopers like, "you are under arrest," does not necessarily mean that the plaintiff was not arrested. An arrest need not be formal; it can occur if the subject is restrained and his freedom of movement is significantly restrained. Further, it is possible that a person can be "stopped" and arrested in the course of the same encounter. A "stop" can at some point ripen into an arrest under the totality of the circumstances.

To repeat, to determine whether Plaintiff Clapp was "stopped" or arrested, you are to consider all of the circumstances. When the police arrest an individual, they must have probable cause to believe the person arrested committed or was committing a criminal offense. If the police only "stop" an individual, however, they need only have reasonable suspicion to believe that the individual was engaged in criminal activity. Reasonable suspicion requires less justification for police action than probable cause. It is for you, the jury, to determine whether the officers arrested Plaintiff Clapp.

### 13.        PROBABLE CAUSE

You must determine whether it was reasonable for the defendant to believe that the

plaintiff Clapp had committed a crime for which he should be subject to a seizure.[16] Probable cause depends on whether, in the totality of the circumstances, a reasonable person would believe there was a "reasonable likelihood" that another person had committed or was committing a crime. In other words, there is no probable cause unless "a man of reasonable caution" would believe that a crime had been committed and that the person arrested had committed that crime.[17]

### 14.     DUE PROCESS

You may find that the defendants deprived the plaintiff of liberty without due process of law if the defendants acted intentionally or if their conduct reflected a reckless or callous indifference to the plaintiff's rights. A person acts intentionally when he acts either with the desire to cause harm or with the belief that harm is certain to result. A person acts with reckless or callous indifference when it would be apparent to any reasonable person in similar circumstances that his conduct would be very likely to result in harm.[18]

Here, the plaintiff asserts that the defendants' deprived him of due process when they (a) used unreasonable force upon him.

If a person acts with no desire to cause harm or no belief that harm is certain to result but acts unreasonably in light of the risks, his behavior is negligent. If the plaintiff has proved only that the defendants acted negligently, you must find for the defendants on this count only because negligence is not sufficient to constitute a deprivation of due process.[19]

If the plaintiff has proven that the defendants acted intentionally, the second element of

---

[16] Hunter v. Byrant, 502 U.S. 244 (1991); Lallemand v. University of Rhode Island, 9 F.3d 214 (1st Cir. 1993).

[17] Beck v. Ohio, 379 U.S. 89, 96 (1964); Valente v. Wallace, 322 F.3d 30, 32 (1st Cir. 2003); United States v. Reyes, 225 F.3d 71,75 (1st Cir.2000); United States v. Maldonado, 14 F.3d 95, 105 (1st Cir. 1994).

[18] Germany v. Vance, 868 F.2d 9, 18 & n.10 (1st Cir. 1989).

[19] Daniels v. Williams, 474 U.S. 327, 332–34 (1986); Watterson v. Page, 987 F.2d 1, 8–9 (1st Cir. 1993); Germany v. Vance, 868 F.2d 9, 18 (1st Cir. 1989).

section 1983 has been satisfied.

**VERDICT BASED SOLELY ON THE EVIDENCE; IMPROPER CONSIDERATION**

Your verdict must be based solely upon the evidence and according to the law. In reaching your decision as to whether the plaintiff has sustained his burden of proof, it would be improper for you to consider anything that is not evidence.

You may not base your verdict on any personal feelings, prejudices, or sympathies you may have about a plaintiff or a defendant or about the nature of the claims alleged.

## 15. STATEMENT OF CLAIMS

Plaintiff Clapp claims that Defendants' violated his rights under the Fourth Amendment by seizing him without probable cause, and also by using unreasonable and excessive force against him. Plaintiff additionally alleges that Defendants are liable under state law claims for assault and battery, sexual assault and for punitive damages. Clapp alleges that the conduct of each defendant was a substantial contributing cause of his injuries.

## 16. ALL PERSONS EQUAL BEFORE THE LAW

The fact that the Plaintiff is a civilian and that the Defendants' are State Troopers with the Massachusetts State Police must not enter into or affect your verdict. The case should be considered and decided by you as an action between persons of equal standing in the community, of equal worth, and holding the same or similar stations in life. All persons, including civilians and State Troopers stand equal before the law, and are to be dealt with as equals in a court of justice.

## 17. CREDIBILITY OF WITNESSES[20]

In deciding the facts of this case, you may have to decide which testimony to believe

---

[20] Roberts v. Hollocher, 664 F.2d 200 (8th Cir. 1981); Darbin v. Nourse, 664 F.2d 1109 (9th Cir. 1981); Kerr v. City of Chicago, et al., 424 F.2d 1134, 1138 (7th Cir. 1970); Bush v. United States, 375 F.2d 602, 605 (D.C.Cir., 1967)

and which testimony not to believe. It is solely for you, the jury, to determine the credibility of a witness's testimony. Credibility means the believability of a witness's testimony. You may believe everything a witness says, or part of it, or none of it.

In making that decision, you may take into account:

1. The opportunity and ability of the witness to see or hear or know the thing testified to;
2. The witness's memory;
3. The witness's manner while testifying;
4. The witness's interest in the outcome of the case and any bias or prejudice he or she may have;
5. Whether other evidence contradicted the witness's testimony;
6. The reasonableness of the witness's testimony in light of all the evidence in the case;
7. Whether the witness recalled events differently at trial than he or she did at an earlier time; and
8. Any other factors that bear on believability.

You may consider inconsistencies or differences as you weigh evidence, but you do not have to discredit testimony merely because there are inconsistencies or differences in the testimony of a witness, or between the testimonies of different witnesses. Two or more persons witnessing an incident or a transaction may see or hear it differently. An innocent or missed recollection or failure of recollection is not an uncommon experience. In weighing the effect of any inconsistency or difference, consider whether it concerns a matter of importance or an unimportant detail, and whether it results from innocent error or intentional falsehood.

You are not required to accept testimony, even if it is uncontradicted. You may decide, because of the witness's bearing and demeanor, or because of inherent improbability, or for other reasons sufficient to you, that some testimony is not worthy of belief. The mere number of witnesses or length of the testimony or amount of exhibits has no bearing on the weight you give to evidence. Weight does not mean the amount of the evidence. Weight means your judgment about the credibility and importance of the evidence.

**TESTIMONY OF STATE TROOPERS**

14

You have heard the testimony of witnesses who are civilians and the testimony of witnesses who are State Troopers. In evaluating this testimony, you are to apply the same standards of evaluation to each witness. You should not give either greater or lesser weight to the testimony of a witness merely because he is a law enforcement officer. This case should be considered and tried by you as an action between persons of equal standing in the community, of equal worth, and holding the same or similar interest in life. All persons stand equal before the law and must be considered as equals in a court of justice. The testimony of a police officer carries no greater weight than that of any other citizen.

### 18. ASSAULT AND BATTERY: STATE TORT

An assault is the intentional offer or attempt, without authority or consent, to harm or offensively touch another that reasonably places the other in fear of such contact. A battery is the intentional, unconsented, contact with another. If you find that any particular defendant in this case (or defendants') intentionally, without authority or consent, touched Mr. Clapp in a manner which was offensive or harmful, you must find him liable for assault and battery.

The plaintiff, Clapp claims the defendants' committed an assault and battery against him in violation of Massachusetts State law. A battery is the intentional and unjustified use of force on the person of another, however, slight, or the intentional doing of a wanton or grossly negligent act causing personal injury to another.[21]

An actor is subject to liability by another for battery if (a) he acts intending to cause a harmful or offensive contact with the person of the other and (b) a harmful or offensive contact with the person of the other directly or indirectly results."[22] "To make the actor liable for a battery, the harmful bodily contact must be caused by an act done by the defendant." [23]

---

[21] Jesionowski v. Beck, 937 F.Supp. 95, 105 (D. Mass. (1996).
[22] Restatement (Second) of Torts §§ 13, 18 (1965). See also Waters v. Blackshear, 412 Mass. 589, 590 (1992).
[23] Restatement Second of Torts§ 14 (1965).

A defendant is liable to another for a battery if he or she acts specifically intending to bring about a harmful or offensive contact. "A result is intending if the act is done for the purpose of accomplishing the result or with knowledge that to a substantial certainty such result will ensue."[24]"The act of the defendants must cause, and must be intended to cause, an unpermitted contact." [25]

Liability in battery does not require a finding that the defendant was motivated by personal hostility or a desire to cause harm. [26]

The plaintiff is entitled to recover all the damages that are the natural and probable consequence of the defendant's wrongful conduct including physical and mental pain and suffering, as well as loos of earning capacity, medical expenses and other out-of-pocket loses. The plaintiff may recover for his/her humiliation, indignity, distress, and injury to feelings.[27]

### 19. CAUSATION AND INJURIES

I will now define "cause" for you as it is used in these instructions. This definition applies as well to associated words such as "caused" or "causing" and also to "result," "resulted" and "resulting." Injury of any kind, including emotional distress, results from and is caused by an act if the injury would not have occurred but for the act, and the injury was a natural and probable consequence of the act. Thus, applying this definition together with the instructions I have given you about burden of proof and preponderance of evidence, you will find that injury results from and is caused by an act if you find from a preponderance of the evidence that the injury would not have occurred but for the act and was a natural and probable consequence of the act.

Of course, an injury may have more than one cause. If you find that there are two or more causes, as I have defined it, of the plaintiff's injury, then I instruct you that each of them caused Clapp's injury, and if

---

[24] <u>Waters v. Blackshear</u>, 412 Mass. 589, 590 (1992).
[25] <u>Waters</u>, supra at 590.
[26] W. Page Keaton, et al, Prosser and Keaton on the Law of Torts, § 8 at 36 (West 5 Ed. 1984) See <u>LeSaint v. Weston</u>, 301 Mass. (1938).
[27] <u>Burns v. Jones,</u> 211 Mass. 475 (1912).

one of the causes is attributable to the defendants, then he is liable for damages.

In determining whether the defendant's conduct caused an injury, you should decide whether

it was a substantial factor in bringing about the harm that Clapp suffered. When more than one factor

contributes to producing the harm, each is legally a cause if it is a substantial factor in causing the harm.

Clapp does not need to prove it was the sole cause. An injury is proximately caused by an act if you find

from a preponderance of the evidence in the case that the injury would not have occurred but for the act and

that the injury was a natural and probable consequence of the act.

## 20. DETERMINING DAMAGES[28]

### Compensatory Damages

Let me know turn to the issue of damages. In so doing, I am not in any way attempting to

convey any suggestion to you as to the verdict you should return. It is simply easier that I instruct

you fully now, rather than interrupt your deliberations later with a second set of instructions

should they become necessary.

Compensatory damages are designed to compensate the plaintiff for the injuries he

suffered for losses incurred because of another's wrongful conduct.

If you find that the defendants' violated Mr. Clapp's constitutional rights, and caused him

damages, the law requires you to assess/determine an amount which will, in your judgment,

provide full, just and reasonable compensation for all of Mr. Clapp's damages caused by that

conduct.

The object, at best as money can accomplish it, is to restore the injured person to the

---

[28] Memphis Community School District v. Stachura, 477 U.S. 299 (1986); Wheatley v. Beetar, 637 F.2d 863, 865-68 (2d Cir. 1981); Ellis v. Blum, 643 F.2d 68, 82-84 (2d Cir. 1981); Nolan & Santorio, 37 Massachusetts Practice: Tort Law: § 242 (2d ed. 1989); Motes v. Myers, 810 F.2d 1055, 1066 (11th Cir. 1987); Wagenmann v. Adams, 829 F.2d 196, 215-16 (1st Cir. 1987); Hall v. Ochs, 817 F.2d 920, 927-28 (1st Cir. 1987); Shea v. Rettie, 287 Mass. 454 (1934); Nisbet v. Medaglia, 356 Mass. 580, 583 (1970); Doherty v. Ruiz, 302 Mass. 145, 147 (1939); Cross v. Sharaffa, 281 Mass. 329, 331 332 (1933).

position he would have been in had the injury not occurred. The purpose is not to reward the plaintiff or punish the defendant. You must be guided by your common sense and your conscience in translating into dollars and cents that amount which will fairly and reasonably compensate Mr. Clapp for any injuries he suffered.

You may award only the damages that you find by a preponderance of the evidence were caused by constitutional violations or other violations. It is not necessary for Clapp to prove the amount of his damages with certainty. On the other hand, you must base your award on the evidence presented.

The injuries you may award damages for include:

1. **Medical Bills**. Expenses that resulted from this incident, including hospital bills, doctor's bills, mental health treatment bills, medications, and other medical expenses.

2. **Physical and Emotional Pain and Suffering**. An amount for any physical injury, pain and suffering, as well as any mental pain and suffering includes any and all nervous shock, anxiety, embarrassment, or mental anguish resulting from the incident that you find Mr. Clapp suffered during the incident or after the incident. Even though it is difficult to measure these injuries, that difficulty cannot keep you from awarding damages. You must, therefore, make the best estimate you can, not from a personal point of view but from a fair and impartial point of view of the amount of pain and suffering, emotional distress and humiliation that Mr. Clapp incurred or will incur as a result of the defendant's conduct. You must place a money value on this, attempting to come to a conclusion that will be fair and just to the parties. This will be difficult for you to measure in terms of dollars and cents, but there is no other rule I can give you for assessing this element of damages.

If you find that Mr. Clapp did not suffer any actual damages, but was nonetheless deprived of a constitutional right because of the defendants' conduct, you may award nominal

damages. Nominal damages are token damages assessed at one dollar, that are meant to signify that a plaintiff's rights were technically violated even though he suffered no compensable loss or injury.

3. **Economic harm and Loss.** You may award damages for lost wages and loss of economic status and opportunity, such as loss of his home or threatened foreclosure to his home.

4. **Punitive Damages**

You may also make a separate and additional award of exemplary or punitive damages. You may award punitive damages even though you find that a plaintiff is entitled to nominal damages.

The issue of punitive damages is committed to the discretion of the jury which may, or may not, in the exercise of discretion, decide to award such damages. Punitive damages are awarded to punish a defendant (or defendants') for extreme or outrageous conduct, or to deter or prevent a defendant (or defendants') or others in a similar situation from engaging in such conduct in the future.

The plaintiff is also entitled to punitive damages against the defendants for violating his rights if the plaintiff shows that the defendants' conduct was motivated by an evil motive or intent or if the conduct involved reckless or callous indifference to his constitutional rights.[29] Mr. Clapp has the burden of proving by preponderance of the evidence, that a defendant or the defendants in fact acted maliciously or wantonly. It is not enough to simply show that defendant (or defendants') acts were objectively unreasonable. A plaintiff must also show that the defendant (or defendants) were aware of the fact that his or their acts were in violation of federal law.

---

[29] Kolstad v. American Dental Ass'n, 527 U.S. 526, 536 (1999); Smith v. Wade, 461 U.S. 30, 56 (1983); Rodriguez-Marin v. Rivera-Gonzalez, 438 F.3d 72, 85 (1st Cir. 2006).

If you find that the legal requirements for punitive damages are satisfied, then you may decide to award punitive damages, or you may decide not to award them. In making this decision, you should consider the underlying purposes of punitive damages. You may consider whether the defendants may be adequately punished by an award of actual damages only, or whether the conduct is so extreme and outrageous that actual damages are inadequate to punish an individual for their wrongful conduct.

You should also consider whether actual damages standing alone are likely to deter or prevent defendants or others like them from performing wrongful acts in the future. The purpose of punitive damages is to punish and deter reprehensible conduct. Therefore, such punitive damages may be awarded against the defendants in an amount sufficient to punish and deter the misconduct at issue.[30]

Punitive damages are intended to protect the community and to be an expression of the jury's indignation at the misconduct. If you decide to award punitive damages, you must use sound reason in setting the amount - it must not reflect bias, prejudice, or sympathy toward any party. But the amount can be as large as you believe necessary to fulfill the purpose of punitive damages.[31]

**Determining Damages without Prejudice[32]**

You are to decide compensatory damages based on evidence regarding the harm to the plaintiff without regard to the defendant's finances or your personal likes or dislikes. Your decision on compensatory damages should reflect only your determination of the amount of money necessary to compensate plaintiff for the injury. Prejudice for or against

---

[30] Rodriguez-Marin v. Rivera-Gonzalez, 438 F.3d 84-85 (1st Cir. 2006).
[31] Authority: Modern Federal Jury Instructions, Instruction 77-5; Police Misconduct, Jury Instruction § 12:36; Smith v. Wade, 461 U.S. 30 (1983); Cameron v. City of New York, 598 F.3d 50, 69 (2d Cir. 2010)
[32] Larez v. Holcomb, 16 F.3d 1513, 1519, 1521 (9th Cir. 1994); Figueroa-Torres v. Toledo-Davila, 232 F.3d 270, 276 (1st. Cir. 2000).

either party has no place in such a decision. You should decide this case on the evidence presented at the trial, you should not take into account any consequences of a damages verdict.

**Interest**[33]

If you have determined that compensatory damages should be awarded to the plaintiff, you must also decide whether to award interest. You may award interest on the sum that you have decided is an appropriate compensatory damage award. Whether you award interest should depend on whether you conclude that interest is necessary to compensate Mr. Clapp fully for any injury that he has suffered, bearing in mind that he has not had the use of the damages you award for the time between when he was injured and the day of your verdict. If you award interest, interest will be computed by the clerk at the rate provided by law.

## 21.    JOINT LIABILITY

In this case, there are multiple individual defendants, and you must determine whether any or all of them are liable to the plaintiff. In this connection, you should determine whether the defendants acted jointly with and/or assisted each other. Where two or more persons act together and cause a wrong to another, they incur a joint liability for the acts of each other.

The law does not require the injured party to establish how much of the injury was done by another. Rather, it permits the injured party to treat all concerned in the injury jointly and all are liable to respond to the plaintiffs in a total sum as damages. All those who actively participate in a wrongful act, by cooperation or request, or who lend aid or encouragement to the wrongdoer, or ratify and adopt his acts for their benefit, are equally liable with him. Express agreement is not necessary, and all that is required is that there should be a common design or

---

[33] <u>Furtado v. Bishop</u>, 604 F.2d 80 (1st Cir. 1980).

understanding, even if it is a tacit one.[34]

## 22.    INDIVIDUALS HAVE A RIGHT TO CHALLENGE POLICE

The First Amendment of the United States Constitution and the Massachusetts

Declaration of Rights, Article 19 protect the right to free speech and to associate with others.

Speech alone, even speech that is vulgar, offensive, argumentative, embarrassing or uttered to

protest police actions, cannot constitute the basis of criminal conduct.[35]

The First Amendment to the United States Constitution also gives the people the right to

criticize State Troopers.[36] People can not only criticize State Troopers, but they have the right to

use strong language including shouting and the use of vulgarities directed at the police. In

addition, people have the right to complain about the conduct of the police and to threaten to file

a complaint against the police for their conduct.[37] It is unlawful for State Troopers to arrest

individuals for criticizing, challenging, shouting, or threatening to file a complaint against the

police.[38]

## 23.    CONSPIRACY TO DEPRIVE MR. CLAPP OF HIS CIVIL RIGHTS

Mr. Clapp contends that the individual defendants engaged in a civil rights conspiracy in

violation of 42 U.S.C. § 1983, the goal of which was to use excessive force against him. A

conspiracy is: a combination of two or more persons acting in concert to commit an unlawful act,

or to commit a lawful act by unlawful means, the principal element of which is an agreement

between the parties 'to inflict a wrong against or injury upon another' and 'an overt act that

---

[34] Prosser and Keeton of the Law of Torts (5th Ed.) pp. 322-24, Sec. 46; Hall v. Ochs, 817 F.2d 920 (1st Cir. 1987).
[35] U.S. Const. amend. I; Massachusetts Declaration of Rights, Article 19; Commonwealth v. Sholley, 432 Mass 721, 727-728 (2000); Commonwealth v. Feigenbaum, 404 Mass. 471, 474 (1989); Commonwealth v. A Juvenile, 368 Mass. 580, 587-597 (1975); Commonwealth v. Richards, 369 Mass. 443, 445-450 (1976);.

[36] Veiga v. McGee, 26 F.3d 1206, 1213 (1994) quoting Houston v. Hill, 482 U.S. 451, 461 (1987).
[37] Id. quoting Norwell v. Cincinnati, 414 U.S. 14, 16 (1973).
[38] Id.

results in damages.'[39] In the § 1983 context, "the gist" of the cause of action is "the deprivation and not the conspiracy."[40] Indeed, conspiracy "is merely the mechanism by which to obtain the necessary state action . . . or to impose liability on one defendant for the acts of the others."[41]

In order to establish the "deprivation" element, the plaintiff must prove that he was actually deprived of a constitutional right.[42] It is not necessary to show an express agreement to prove a conspiracy.[43] Instead, "sufficient circumstantial evidence of a conspiracy among the officers to violate [plaintiff's] constitutional rights will carry the day."[44]

### a. Deprivation of a Constitutional Right

In certain circumstances, "the use of excessive force or violence by law enforcement personnel violates the victim's constitutional rights."[45]. In Graham v. Connor, 490 U.S. 386 (1989), the Supreme Court established a balancing test for determining the constitutionality of a particular use of force. Specifically, the Court stated that: [d]etermining whether the force used to effect a particular seizure is 'reasonable' under the Fourth Amendment requires a careful balancing of the nature and quality of the intrusion on the individual's Fourth Amendment interests against the countervailing governmental interest at stake.[46]

Furthermore, "[t]he 'reasonableness' of a particular use of force must be judged from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight."[47]"Without excluding the importance of other factors, the Graham Court focused its reasonableness inquiry on three factors in particular: 1) whether the suspect is actively resisting

---

[39] Santiago v. Fenton, 891 F.2d 373, 389 (1st Cir. 1989), (quoting Hampton v. Hanrahan, 600 F.2d 600, 620-21 (7th Cir. 1979), overruled on other grounds, 446 U.S. 774 (1979)).
[40] Landrigan v. City of Warwick, 628 F.2d 736, 742 (1st Cir. 1980) (internal citations omitted).
[41] Id.
[42] Earle v. Benoit, 850 F.2d 836, 844 (1st Cir. 1988).
[43] Id. at 845.
[44] Jesionowski v. Beck, 937 F. Supp. 95, 105 (D. Mass. 1996).
[45] Landrigan, 628 F.2d at 741
[46] Id. at 396.
[47] Id.

arrest or attempting to evade arrest by flight, 2) whether the suspect poses an immediate threat to the safety of the officers or others, and 3) the severity of the crime at issue." [48]

**b. Agreement**

Plaintiff contends that during the altercation, some officers beat him. That they were all either physically holding or striking Mr.Clapp. Plaintiff need not show express agreement to prove a conspiracy—circumstantial evidence is sufficient. [49] However, circumstantial evidence must amount to more than mere "speculation and conjecture" by plaintiff. [50] A claim of conspiracy must be pleaded with particularity, and refer to material facts [51]. This language merely requires a factual basis for an allegation of "concerted action", which is completely different than stating generally that organized, concerted action can never show conspiracy, and amount to more than conclusory allegations. [52] When State Troopers act in concert to apply excessive force, there is a genuine issue of material fact as to whether the officers engaged in a conspiracy. [53]

Put differently, Mr. Clapp argues that the defendants conspired to use excessive force against him, or otherwise violate his civil rights. Even if you find there is no express evidence on the record of any express agreement between the officers to violate Mr. Clapp's civil rights, although you are not required to do so you may infer circumstantially evidence of a conspiracy.

For instance, Mr. Clapp testified that the Defendants failed to properly identify themselves as State Troopers prior to initiating physical contact with him. Taking this fact alone, although you are not required to, you may conclude that the failure of any Trooper to adequately

---

[48] Jarrett v.Town of Yarmouth, 331 F.3d 140, 150 (1st Cir. 2003).
[49] Beck, 937 F. Supp. at 105.
[50] Aubin v. Fudala, 782 F.2d 280, 286 (1st Cir. 1986).
[51] See McGillicuddy v. Clements, 746 F.2d 76 (1st Cir. 1984)
[52] See Ahanotu v. Massachusetts Turnpike Auth., 466 F. Supp. 2d 378, 389 (D. Mass. 2006); Watterson v. Page, 987 F.2d 1, 9 n.7 (1st Cir. 1993); Slotnick v. Staviskey, 560 F.2d 31, 33 (1st Cir. 1977).
[53] Beck, 937 F. Supp. at 10

identify themselves set in motion an almost inevitable chain of events under which an unidentified Trooper lays hands on the suspect, the suspect resists, and one or both Troopers then proceed to violently subdue the suspect, and charge him with resisting arrest and assaulting a law enforcement officer.

Additionally, a reasonable fact finder might, in weighing the credibility of the officers' versions of the event, consider the consistency of their accounts, the timing of the completion of written reports of the incident, and whether or not the Trooper's observations were sufficient and complete with respect to the injuries that the plaintiff appears to have sustained. Whether or not Defendants properly identified themselves to Mr. Clapp prior to subduing him, and if they didn't, their motivation for not doing so, are factual disputes that are material to the conspiracy count and thus it is for you to decide whether they did or not.

## 24.    FAILURE TO PROTECT/FAILURE TO INTERVENE

Plaintiff has brought a supervisory claim and failure to intervene claim against the Defendants. The Defendants can potentially be held liable for his/their failure to stop other Troopers from using excessive force. The law in that regard has been established that "An officer may be held liable not only for his personal use of excessive force, but also for his failure to intervene in appropriate circumstances to protect an arrestee from the excessive use of force by his fellow officers."[54] An officer cannot be held liable/responsible for any force used against Mr. Clapp if they arrived too late to the alleged incident to prevent it.[55]  However, they can be held liable if any of the Defendant Troopers observed other Troopers using excessive force against Mr. Clapp, and they had a realistic opportunity to stop it but failed to do so.[56]

---

[54] Wilson v. Town of Mendon, 294 F.3d 1, 6 (1st Cir.2002).
[55] Gaudreault v. Municipalityof Salem, 923 F.2d 203, 207 n. 3 (1st Cir.1990) (rejecting failure-to-intervene liability where the attack lasted only a few seconds and the other officers at the scene had no realistic opportunity to stop the officer- assailant).
[56] Miranda-Rivera v. Toledo-Dávila, 813 F.3d 64 (2016)

### 25. EXPERT WITNESSES[57]

The rules of evidence ordinarily do not permit witnesses to testify as to opinions or conclusions. An exception to this rule exists as to those whom we call "expert" witnesses. If scientific, technical, or other specialized knowledge might assist the jury in understanding the evidence or in determining a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify and state his or her opinion concerning such matters.

You should consider each expert opinion received in evidence in this case and give it such weight as you may think it deserves. You should not, however, accept opinion testimony merely because I allowed the witness to testify concerning his opinion. If you decide that the opinion of an expert witness is not based on sufficient education and experience, or if you conclude that the reasons given in support of the opinion are not sound, or that the opinion is outweighed by other evidence, then you may disregard the opinion entirely. As with any other witness, it is up to you to decide whether to believe the testimony of an expert witness and whether to rely on it, in whole or in part. The determination of the facts in this case rests solely with you.

### 26. MALICIOUS PROSECUTION

Under Massachusetts law, there are three elements of a malicious prosecution claim. A plaintiff must establish that he was damaged because (1) the defendant commenced an original action without probable cause, (2) with malice, and (3) that the original action terminated in his favor.[58]

---

[57] 1 Devitt, et al. § 14.01; Pattern Criminal Jury Instruction, Fifth Circuit Judges Association (West 1979), p. 20; Pattern Criminal Jury Instructions, Federal Judicial Center (1982); 1 L.Sand, et al., Modern Federal Jury Instructions, Instruction No. 7-21.
[58] Chervin v. Travelers Ins. Co., 858 N.E.2d 746, 753 (Mass. 2006), quoting Yacubian v. United States, No. 13-1947, at 18. (1st Cir. 2014).

Put differently, in malicious prosecution cases, the law is "maliciously used for a purposed which is not intended, and the party injured is allowed to recover all such damages as are natural and probable consequence of the action complained of."[59] Here the Plaintiff alleges that Trooper Fanning falsely charged Mr. Clapp with resisting arrest and criminal threats. He also alleges that the charges against him were dismissed and that the criminal action on charges of resisting arrest and criminal threats terminated in his favor. If you find that Trooper Fanning charged Mr. Clapp with resisting arrest and criminal threats arrest without probable cause or charged him for a purpose not intended, Mr. Clapp had to defend himself against those charges and the action terminated in his favor you may award Mr. Clapp damages against Trooper Fanning for malicious prosecution.[60]

Respectfully submitted KEVIN S. CLAPP
By his attorney,

_____

Robert Johnson, Jr.
BBO #253020
4238 Washington Street, #307
Boston, MA 02131
617-899-7871
Rcjohnson11@comcast.net

DATED: 3/14/2022

---

[59] Malone v. Belcher, 216 Mass. 209, 212 (1913) quoting Millenium Equity Holdings, LLC, & others v. Mahlowitz, 456 Mass. 627, 645 (Mass. 2010).

[60] Commonwealth v. Grandison, 433, Mass. 135 (2001) (Court held that a conviction for resisting arrest "can in no way, rest on post-arrest conduct," because the court was addressing a defendant's behavior once he had been transported to the station, a separate and distinct location from the place he had been handcuffed and taken into custody. Cf, Commonwealth v. Katykhin, 59 Mass. App. Ct. 261 (Mass. App. Ct. 2003).

CERTIFICATE OF SERVICE

I, Robert Johnson, Jr., certify that the within document, was filed and served this Fourteenth day of March 2022 through the Electronic Filing System of the Court, on all registered participants, and there are no unregistered participants.

/s/ Robert C. Johnson, Jr.
Robert C. Johnson, Jr.

28