UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| KEVIN S. CLAPP, | ) | |
| Plaintiff, | ) | |
| | ) | |
| V. | ) | Civil Action No. 18-10426-ADB |
| | ) | |
| JOHN FANNING, BRUCE TOBIN, | ) | |
| SCOTT KEARNS, BRIAN TULLY, | ) | |
| and BRIAN BROOKS, | ) | |
| Defendants. | ) | |

## **DEFENDANTS' FIRST SET OF PROPOSED JURY INSTRUCTIONS**

Pursuant to Fed.R.Civ.P. 51 (a) and this Court's procedural order concerning pretrial and trial deadlines, Defendants John Fanning, Bruce Tobin, Scott Kearns, Brian Tully, and Brian Brooks submit the following set of proposed instructions for the jury. The Defendants reserve and request the ability to supplement, modify or subtract from these instructions prior to the Court submitting the case to the jury. The Defendants also submit these proposed instructions without prejudice to any motion for judgment as a matter of law.

The following proposed jury instructions are filed prior to any decision being issued on the Defendants' motions for summary judgment. The Defendants reserve the right to modify or withdraw any proposed instructions that are impacted by the Court's rulings on those motions.

## REQUEST NO. 1

## BURDEN OF PROOF

In a civil action, such as this one, the burden is on the plaintiff to prove every essential element of each of his claims by a preponderance of the evidence.  If the plaintiff fails to prove any one of the essential elements of his claims by a preponderance of the evidence, or if the evidence is equally balanced as to any of the essential elements of the plaintiff's claims, then you must find for the defendants.

To establish by a preponderance of the evidence means to prove that something is more likely so than not so.  In other words, a preponderance of the evidence means such evidence as, when considered and compared with that evidence opposed to it, has more convincing force, and produces in your minds belief that what is sought to be proved is more likely true than not true.

As an instructional tool, imagine in your mind a scale that measures the likelihood or probability that something occurred.  Put all of the evidence that you have found to be credible on that scale, separating the evidence favoring the plaintiff from that favoring the defendants and giving each piece of evidence the weight that you deem appropriate.  If the scale remains even or if the scale tips against the plaintiff, you have determined that the plaintiff has failed to meet his burden of proof.  Only if the scale tips in favor of the plaintiff have you found that the plaintiff has satisfied his burden of proof.  If, after assessing the credible evidence, you are unsure as to any defendant's liability, the plaintiff has failed to sustain his burden of proof because the question of liability cannot be left to conjecture, surmise or speculation.

Federal Jury Instructions, Civil 72.01; *Greenbelt Cooperative Publ. Assoc. v. Bresher*, 398 U.S. 6, 19 (1970); *Spano v. Wilson Tisdale Co.*, 361 Mass. 209 (1972); *Kenney v. Sears Roebuck & Co.*, 365 Mass. 604 (1969); *Borelli v. Top Value Enterprises*, 356 Mass. 110 (1969); *Bigwood v. Boston & Northern Street Railway*, 209 Mass. 345, 348 (1911).

## REQUEST NO. 2

## DIRECT AND CIRCUMSTANTIAL EVIDENCE

There are, generally speaking, two types of evidence from which you properly may make your findings of fact.  One type of evidence is direct evidence—such as the testimony of an eyewitness.  The other is indirect or circumstantial evidence—the proof of a chain of circumstances pointing to the existence or non-existence of certain facts.  For example, if you are on the second floor of a building and, in looking outside the window, you see smoke rising, that is direct evidence that there is smoke outside the second-floor window.  It also is circumstantial evidence that there is a fire of some sort below the second-floor window.

The law makes no distinction between direct or circumstantial evidence, but simply requires that you determine facts in accordance with the preponderance of the evidence that you find credible.

Federal Jury Instructions, Civil 70.03, 72.03.

## REQUEST NO. 3

## EVIDENCE AND INFERENCES

You are to consider only the evidence in this case.  In your consideration of the evidence, you are not limited to the bald statements of the witnesses.  In other words, you are not limited solely to what you see and hear as the witness testified.  You are permitted to draw, from the facts which you have found proved, such reasonable inferences as you feel are justified in light of your experiences and common sense.  Although you may draw inferences, I caution you that the inferences must follow, in your mind, rationally and logically from the facts that you find to have been proven.  You must be careful to avoid resorting to guesswork or speculation in your deliberations.

Federal Jury Instructions, Civil 70.03, 72.03.

**REQUEST NO. 4**

**EVIDENCE - CREDIBILITY**

You, the jurors in this case, are the sole judges as to the credibility of a witness and the importance of his or her testimony.  You are to decide whether you believe what a witness had to say and how important that testimony was.  You may be guided by the appearance and the conduct of the witness, by the manner in which the witness testifies, by the character of the testimony given, or by evidence contrary to the evidence given by the witness.  Use your common sense and good judgment as you make these evaluations.

You may accept all of the testimony of a witness or you may reject all of it; you also may accept parts and reject other parts.  You are not required to accept testimony, even if it is uncontradicted.  You may decide, because of the bearing or demeanor of a witness, or because of its inherent improbability or for other reasons sufficient to you, that certain testimony is not worthy of belief.

Inconsistencies or discrepancies in the testimony of a witness, or between the testimony of different witnesses, may or may not cause you to think the evidence less credible.  Two or more persons witnessing an incident may see or hear it differently because of their positions or their perspectives.  Innocent mistakes in recollection, or failure to recollect, are not uncommon.  You also may believe the witness has uttered an intentional falsehood.  These are all considerations that you will make as you evaluate the evidence.

Devitt and Blackmar, Federal Jury Practice and Instructions (4th ed. 1987); Hughes, Evidence, § 237 (1961); *United States v. Lara*, 181 F.3d 183, 204 (1st Cir. 1999); *United States v. O'Brien*, 14 F.3d 703, 707 (1st Cir. 1994); *Harding v. Studley*, 294 Mass. 193, 196 (1936).

## REQUEST NO. 5

## EVIDENCE - CREDIBILITY

In analyzing the testimony of a witness, you also may consider the interest of the witness. It is within your authority to conclude that a person's financial or other personal interests in a case impacted his or her testimony.

*Crowe v. Bolduc*, 334 F.3d 124, 132 (1st Cir. 2003); *Wheeler v. United States*, 351 F.2d 946, 947 (1st Cir. 1965).

## REQUEST NO. 6

### STATEMENTS OF JUDGE AND COUNSEL

The statements made by the attorneys in this case, including during their opening and closing arguments, are not evidence.  During the course of the trial, you also have heard statements from me, whether made to you as jurors, to the attorneys or to witnesses.  My statements similarly are not evidence.  While the response of a witness to a question is evidence, the attorneys' questions are not evidence.  Likewise, any question that I may have posed to a witness is not evidence.  I also wish to be clear that any response given by a witness to a question from me should not be evaluated any differently because the question was posed by me.

Nothing about these instructions, or anything that I have said or done during the trial, should be taken as a suggestion from me as to what verdict you should return or understood as an expression of any opinion I have about this case.  It is your duty to weigh all of the evidence in this case and to base your verdict on that evidence.  If you believe that I have an opinion as to this case, you must disregard that belief in conducting your deliberations and in delivering your verdict.

Federal Jury Instructions, Civil 71.11; Martin A. Schwartz and John E. Kirklin, Section 1983 Litigation (3d ed. 2001).

**REQUEST NO. 7**

**IMPARTIALITY**

In reaching your verdict, you must not be swayed by bias, prejudice or sympathy. I am not suggesting that you may not sympathize with any party, but you must not permit your sympathy to prevent you from acting fairly and impartially. It is your duty as jurors to act that way. Your duty is to consider impartially all of the evidence, to apply the law as I state it to the facts as you find them to be, and to reach a jury verdict regardless of the consequences.

E. Debitt & C. Blackman, Federal Jury Practice and Instructions, § 71.05.

**REQUEST NO. 8**

**VALID WARRANT**

You have received evidence in this case concerning an arrest warrant that was issued for the arrest of Mr. Kevin Clapp.  As applicable here, an arrest warrant is a judicial order that commands that the person who is the subject of the warrant be arrested and brought before the Court.  The law imposes upon a police officer who has awareness of an individual's active warrant status an obligation to arrest the individual so that the individual can be brought into Court.

*Brady v. Dill*, 187 F.3d 104, 112 (1st Cir. 1999).

## REQUEST NO. 9

## ~~DISCRETIONARY FUNCTION~~

~~The law insulates certain official decisions from review for purposes of evaluating liability.  Police officers' decisions as to whether, when, how and whom to investigate are public policy decisions that are discretionary functions under the law.  Even if there is disagreement with State Police officers Tobin, Kearns, Brooks, and Tully's decision to arrest Mr. Clapp on his warrant, that cannot be a factor in your verdict.~~

~~*Sena v. Commonwealth*, 417 Mass. 250, 256 (1994).~~

**REQUEST NO. 10**

**COLLECTIVE KNOWLEDGE DOCTRINE**

Police officers are entitled to assume that fellow officers are acting in a fashion consistent with their legal responsibilities and so the law recognizes a concept known as collective knowledge or pooled knowledge.  This doctrine allows facts known by one officer to be imported to another officer.  For example, if an officer who has probable cause directs an officer who does not have the same information on probable cause to make an arrest, the knowledge of the officer who possesses probable cause is imported to the arresting officer.  Here, this means that you may import the knowledge possessed by each of the State Police officers to the other officers present who participated in the arrest of Mr. Kevin Clapp.

*Morelli v. Webster*, 552 F.3d 12, 17 (1st Cir. 2009).

## REQUEST NO. 11

### PARTIES' POSITIONS

In this case, the plaintiff beings one claim against each of the defendants, which I will explain to you.  The plaintiff claims that the defendants violated a federal civil rights statute by using excessive force on Mr. Kevin Clapp on March 8, 2016 and that the use of unreasonable force resulted in his being injured.

The defendants deny the accusations of misconduct.  They claim that the actions they took on March 8, 2016 were reasonable and lawful.  They say that they did not use unreasonable force on Mr. Clapp, who they argue was resisting his lawful arrest.

**REQUEST NO. 12**

**LAWFULNESS OF ARREST NOT AN ISSUE TO BE DETERMINED**

As I have explained, the dispute between the parties that you are to decide concerns whether the defendants used excessive force and whether their actions caused Mr. Clapp to suffer an injury.  While you will be evaluating the evidence in order to resolve that dispute, there are other matters that are not before you for determination.  Specifically, the dispute that is before you to decide does not include the lawfulness of the arrest of Mr. Clapp.

In this case a Clerk Magistrate issued a warrant for the arrest of Mr. Clapp.  The issuance of that warrant establishes that there was probable cause to arrest Mr. Clapp and authorizes any police officer to make that arrest  Again, in this case, the decision to place Mr. Clapp under arrest is not a dispute for you to resolve.  The question before you solely is whether unreasonable force was used during the course of the arrest.

*Lange v. California*, 141 S.Ct. 2011 (2021); *Holder v. Town of Sandown*, 585 F.3d 500, 504 (1st Cir. 2009) (citation omitted); *White v. Marblehead*, 989 F.Supp. 345, 349 (D. Mass. 1997); *Brady v. Dill*, 187 F.3d 104, 112 (1st Cir. 1999).

## REQUEST NO. 13

## COUNT I:  42 U.S.C. § 1983

The first claim made by the plaintiff in this case involves a federal civil rights statute:  42 U.S.C. § 1983.  This law provides a remedy for individuals who have been deprived of federal constitutional or statutory rights by a person or entity acting under color of state law.

The statute provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured. . . .

42 U.S.C. § 1983.

**REQUEST NO. 14**

**INDIVIDUALIZED ASSESSMENT**

By the plain language of the statute, a defendant only can be liable pursuant to this law when he or she subjects a citizen to a deprivation of civil rights or causes the citizen to be subjected to such a deprivation.  This is a requirement of individual responsibility.  You are to evaluate each defendant in this case separately and determine individually if that defendant is liable based upon the evidence that you find credible.

*Leavitt v. Corr. Med. Servs., Inc.*, 645 F.3d 484, 502 (1st Cir. 2011); *Ocasio-Hernandez v. Fortuno-Burset*, 640 F.3d 1, 16 (1st Cir. 2011); *Rogan v. Menino*, 175 F.3d 75, 77 (1st Cir. 1999)' Federal Jury Instructions, Civil 71.06.

## REQUEST NO. 15

## ELEMENTS OF A § 1983 CLAIM

A § 1983 claim contains three elements that the plaintiff must prove by a preponderance of the evidence:  first, the plaintiff must prove that the defendants acted under color of state law; second, the plaintiff must prove that the defendants' conduct resulted in a violation of a federally protected right; and, third, the plaintiff must prove that there is a causal connection between the actions of the defendants and the deprivation.

42 U.S.C. § 1983; *Sanchez v. Pereira-Castillo*, 590 F.3d 31, 41 (1st Cir. 2009); *Soto v. Flores*, 103 F.3d 1056, 1061 (1st Cir. 1997), cert. denied 522 U.S. 819 (1997); *Tatro v. Kervin*, 41 F.3d 9, 14 (1st Cir. 1994).

## REQUEST NO. 16

In a s. 1983 case the actions of each individual defendant must be judged separately. Each government official, his or her title withstanding, is only liable for his or her own misconduct. Personal liability "under s. 1983 must be based on personal involvement in the alleged Constitutional violation".  Each defendant must have personally participated in, encouraged, condoned, or acquiesced in the rights-violating conduct". You are to evaluate whether each of the named defendants was personally involved in or personally participated in the alleged unconstitutional violations.

Ashcroft v. Iqbal 556 U.S., 662, 677., 129 S. Ct. 1937 (2009); Foote v. Spiegel, 118 F. 3d 1416, 1423 10th Cir.; Remus-Milan v. Irizarry, 81 F. Supp. 2d 174, 178 (D.P.R. 2015).

**REQUEST NO. 17**

**COLOR OF STATE LAW**

The first element that I mentioned requires that the plaintiff prove that the defendants acted under color of law.  To act under color of law means that an individual was acting pursuant to authority granted to the individual by the state at the time of the conduct at issue, including an individual acting pursuant to a state statute or some other kind of legal authority.  In this case it is not disputed, and you can accept as proven, that the defendants were acting within the scope of their duties as State Police officers for the Commonwealth of Massachusetts at the time of these events and, therefore, they were acting under color of law.

*Gutierrez-Rodriguez v. Cartagena*, 882 F.2d 553, 559 (1st Cir. 1989).

## REQUEST NO. 18

## VEHICLE OF § 1983

Section 1983 does not itself create any substantive right.  Rather, it provides a civil remedy for an individual who claims to have suffered a deprivation of a protected right to bring a claim against a government official for damages.  This means that the plaintiff has to identify a right that is protected by federal law and prove that the right was violated by each defendant.

You will need to listen carefully to my instructions concerning the constitutional claim at issue in this case and how an alleged violation must be proven.  Careful attention is required because the law provides that not every allegedly wrongful act by a public employee can lead to a finding of a constitutional violation and, for example, challenged actions that are merely negligent cannot be a basis for a civil rights violation.

*Daniels v. Williams*, 474 U.S. 327 (1986); *Parratt v. Taylor*, 451 U.S. 527, 544 (1981); *Martinez v. California*, 444 U.S. 277, 283 (1980); *Baker v. McCollan*, 443 U.S. 137, 146 (1979); *Dodd v. City of Norwich*, 827 F.2d 1, 7-8 (2nd Cir. 1987); *Furtado v. Bishop*, 604 F.2d 80, 95 (1st Cir. 1979).

## REQUEST NO. 19

### FOURTH AMENDMENT

The constitutional claim that is at issue in this case is the assertion that the defendants used excessive force.  Excessive force claims are based upon the Fourth Amendment's right to remain free from unreasonable seizures of the person.  In order to establish a Fourth Amendment claim based upon an allegation of excessive force, the plaintiff must show that there was a seizure and that the use of force during the seizure was unreasonable under the circumstances.

*Graham v. Connor*, 490 U.S. 386, 394-95 (1989);.*Raiche v. Pietroski*, 623 F.3d 30, 36 (1st Cir. 2010); *McCormack v. Town of Whitman*, 2013 WL 1187093, at *7 (D.Mass. 2013).

## REQUEST NO. 20

## EXCESSIVE FORCE

The critical question for an excessive force claim is whether the officer "employed force that was unreasonable under the circumstances."

*Raiche v. Pietroski*, 623 F.3d 30, 36 (1st Cir. 2010) (citations omitted); *Graham v. Connor*, 490 U.S. 386, 397 (1989).

## **REQUEST NO. 21**

### **OBJECTIVE REASONABLENESS**

Excessive force claims are evaluated according to the touchstone of objective reasonableness, and not an officer's subjective "intent or motivation."

*Graham v. Connor*, 490 U.S. 386, 394-95 (1989); *see also Los Angeles Cty. v. Rettele*, 550 U.S. 609, 614 (2007); *Whren v. United States*, 517 U.S. 806 (1996).

## **REQUEST NO. 22**

## **FACTORS TO CONSIDER**

It is for you to decide what force was used and to evaluate what, if anything, justified the use of force.  This determination requires careful attention to the facts and circumstances surrounding the use of force, including the severity of the crime at issue, whether Mr. Clapp was actively resisting arrest or attempting to evade arrest by flight.

*Farrah ex. rel Estate of Santana v. Gondella*, 725 F.Supp.2d 238, 244-45 (D.Mass. 2010) (citations omitted).

## **REQUEST NO. 23**

**RESERVED.**

**REQUEST NO. 24**

**NO RIGHT TO RESIST AN ARREST**

Further, I instruct you that there is no protected right recognized in the law to resist an arrest forcibly, even if there is a belief that the arrest is unlawful.  This is true even if the person being arrested believes the arrest is unlawful or without authority.  The law requires that the individual submit to the authority of the arresting officer and then resort to the judicial system for redress.  <u>Commonwealth vs. Morreira</u>, 388 Mass. 596 (1983).  Thus, the Plaintiff had no right to resist arrest.

**G.L. c. 268, § 13D; G.L. c. 268, § 32B**; *United States v. Sprinkler*, 106 F.3d 613, 619-20 (4th Cir. 1997); *Commonwealth v. Moreira*, 388 Mass. 596, 601 (1983).

**REQUEST NO. 25**

**FORCE IN THE CONTEXT OF AN ARREST**

The legitimacy of the arrest of Kevin Clapp is not before you as a jury.  The issue in this case only is whether excessive force was used during the course of making the arrest.  I instruct you that the law of the Fourth Amendment long has recognized that the right of a police officer to make an arrest necessarily carries the right to use some degree of physical force to effectuate the arrest.  Police officers are entitled to reasonable latitude in making judgments about how much force is necessary to overcome resistance and "are not required to use the least intrusive degree of force possible" as long as the force actually used was reasonable.  The Fourth Amendment does not require police officers to prove that their choice of methods was the best method provided that it was reasonable, nor does the existence of other methods, contended by a plaintiff to be better choices, render the officer's choice unreasonable.  A police officer has the right to use such force as he may reasonably believe necessary to properly discharge his duty.  An officer authorized to make an arrest may use such force as is necessary to effect a lawful arrest. *Raiche v. Pietroski*, 623 F.3d 30, 36 (1st Cir. 2010); *Roy v. Inhabitants of Lewiston*, 42 F.3d 691, 695 (1st Cir. 1994); *Dean v. City of Worcester*, 924 F.2d 364, 369 (1st Cir. 1991); *Connors v. McNulty*, 691 F.2d 18 (1st Cir. 1982); *Maiorana v. MacDonald*, 596 F.2d 1072, 1078 (1st Cir. 1979); *Farrah ex. rel Estate of Santana v. Gondella*, 725 F.Supp.2d 238, 244-45 (D.Mass. 2010) (citations omitted); *Julian v. Randazzo*, 380 Mass. 391, 396 (1980); *Commonwealth v. Young*, 326 Mass. 597, 601-603 (1950); Statchen v. Palmer, 623 F.3d 15, 18 (1st Cir. 2010); Forrester v. City of San Diego, 25 F.3d 804, 807 (9th Cir. 1994); see Gregory v. County of Maui, 523 F.3d 1103, 1107 (9th Cir. 2008).; Eldredge v. Town of Falmouth, 662 F.3d 100, 106 (1st Cir. 2011). Connors v. McNulty, 697 F.2d 18 (1st Cir. 1982);  Commonwealth v. Klein, 372 Mass. 823 (1977); Julian vs. Randazzo, 380 Mass. 391 (1980).

## REQUEST NO. 26

### REASONABLENESS OF FORCE

When deciding what is reasonable and what is excessive, you must be aware that the law recognizes that "[t]he calculus of reasonableness must embody allowance for the fact that police officers are often forced to make split-second judgments—in circumstances that are tense, uncertain and rapidly evolving—about the amount of force that is necessary in a particular situation."  Not every push or shove, even if it may later seem unnecessary, violates the Fourth Amendment.  You are to evaluate the totality of the circumstances known to the officers at the time force was used and decide whether the force was reasonable, from the perspective of a reasonable officer on scene and not with the 20/20 vision of hindsight.

*Graham v. Connor*, 490 U.S. 386, 396-96 (1989); *Farrah ex. rel Estate of Santana v. Gondella*, 725 F.Supp.2d 238, 244-45 (D.Mass. 2010) (citations omitted).

## REQUEST NO. 27

## REASONABLENESS OF FORCE

Ultimately, in considering all of the circumstances presented, you are to determine whether the force used was permissible constitutionally by determining if the force used was consistent with the amount of force that a reasonable police officer would think necessary to bring a suspect into custody. The fact that the Plaintiff may have suffered some injury does not mean that he was subject to force by the Defendants that was necessarily unjustified or excessive. You may find that the Plaintiff was injured by accident, or that he was injured through the use of force that was justified by the Plaintiff's own actions, or that the injury was caused by someone other than the Defendants.  If you so find, the Defendants would not be liable for any injury the Plaintiff suffered.

*Gaudreault v. Salem*, 923 F.2d 203, 205 (1st Cir. 1990); Jennings v. Jones, 479 F.3d 110, 119 (1st Cir. 2007)

## REQUEST NO. 28

### CAUSATION

The final element that the plaintiff must prove in his § 1983 claim is whether the conduct of a defendant was the proximate cause of any injury you find that the Plaintiff incurred during the course of his arrest which was caused by the use of excessive force.

"Proximate cause" means that there is a sufficient causal connection between the act or omission of the defendant and the injury or damage sustained by the plaintiff.  An injury is proximately caused by a defendant's conduct whenever it appears from the evidence that:  (1) the conduct played a substantial role in bringing about the injury; and, (2) the injury was either a direct result or a reasonably probable consequence of the defendant's conduct.

Stated differently, the issue is whether a reasonable person would view the defendant's conduct as the cause of the plaintiff's injuries—a proximate cause is the cause without which the injury or damages would not have occurred.

Martin A. Schwartz & John E. Kirklin, Section 1983 Litigation (3d ed. 2001), Instruction 14.01.1; *Strickland v. Washington*, 466 U.S. 668, 684-85, 694-95 (1984); *Gutierrez-Rodriguez v. Cartagena*, 882 F.2d 553, 569 (1st Cir. 1989).

**<u>REQUEST NO. 29</u>**

**CAUSATION**

For any defendant to be liable, the plaintiff must prove that an injury suffered during the course of his arrest that was proximately caused by the use of excessive force of that defendant. That is, you cannot find that the defendant violated a constitutional right unless you find that there is a sufficient causal connection between the defendant's use of excessive force and the alleged injury. To determine whether there is proximate cause, you must determine whether there is an affirmative link between the defendant's use of excessive force and the alleged injury.

*Fernandez v. Chardon*, 681 F.2d 42, 55 (1st Cir. 1982), affirmed *Chardon v. Soto*, 462 U.S. 650 (1983); *Rizzo v. Goode*, 423 U.S. 362, 371 (1976).

## REQUEST NO. 30

### CAUSATION

To satisfy the burden of proving the element of causal connection, the plaintiff must establish that, for each defendant, that particular defendant's use of excessive force worked a deprivation of a right; that the defendant's actions were intentional, or amounted to a reckless or callous indifference to Mr. Clapp's constitutional rights; and, that there is a link between that defendant and the violation.  Mere negligence is not enough to impose liability on any of the police officer defendants.  An act is negligent if a police officer was under a duty or obligation, recognized by law, that required him to adhere to a certain standard of conduct to protect others against unreasonable risks, and he breached that duty or obligation.  Even if you do find that Mr. Clapp was injured as a result of a police officer's actions, but you find only that the police officer's actions were <u>merely negligent</u>, you must return a verdict for the defendants.

*Monell v. Dept. of Soc. Servs.*, 436 U.S. 658, 694 n.58 (1978); *Gonzalez-Pina v. Rodriguez*, 407 F.3d 425, 432 (1st Cir. 2005); *Gutierrez-Rodriguez v. Cartagena*, 882 F.2d 553, 559, 562 (1st Cir. 1989); *Simmons v. Dickhaut*, 804 F.2d 182, 185 (1st Cir. 1986); Sand <u>Modern Federal Jury Instructions</u>, ¶ 87.03 at instructions 87-75-78 (1990).

**REQUEST NO. 31**

**INDEPENDENT SOURCE**

A defendant is not liable if an injury was caused by a new or independent source of injury which intervenes between the defendant's act or omission and the injury, and which produces a result which was not reasonably foreseeable by the defendant.

*Burke v. McDonald*, 572 F.3d 51 (1st Cir. 2009).

**REQUEST NO. 32**

**SUPERSEDING CAUSE**

A superseding cause is an independent event, not reasonably foreseeable, that completely breaks the connection between a defendant's conduct and an injury.  A superseding cause breaks the chain of events so that a defendant's conduct is not a proximate cause of the plaintiff's injury in the slightest degree.  If you find that a superseding cause of Mr. Clapp's injury exists, then you may not attribute his injury to the defendants.

*Peckham v. Continental Cas. Ins. Co.*, 895 F.2d 830, 838 (1st Cir. 1990).

## REQUEST NO. 33

## MULTIPLE CAUSES

If you believe from the evidence that any injuries that Mr. Clapp's has proven he suffered might have been due to either of two causes, one for which a defendant is responsible and the other for which the defendant was not, and if you are unable to determine which of the two causes occasioned the injury, then you must find your verdict in favor of the defendants as to liability for the injury of Mr. Clapp.

Modern Federal Jury Instruction No. 87-79 (modified); *Monroe v. Pape*, 365 U.S. 167 (1969); *White v. Wright*, 150 Fed.Appx. 193 (4th Cir. 2005); *Hedges v. Poletis*, 177 F.3d 1071, 1074 (8th Cir. 1999); *Stemler v. City of Florence*, 126 F.3d 856 (6th Cir. 1997); *Landrigan v. City of Warwick*, 628 F.2d 736 (1st Cir. 1990); *Jones v. City of Chicago*, 856 F.2d 985 (7th Cir. 1988).

## REQUEST NO. 34

### DAMAGES

You should not interpret the fact that I am instructing you on the issue of damages as implying that you must or should award damages.  These instructions are for your guidance only. You, the jurors, are the sole decision-maker in this trial as to whether liability exists, whether damages should be awarded or the amount of any damages.  I am instructing you on the issue of damages only for your consideration in the event that you find in favor of the plaintiff by a preponderance of the evidence and in accordance with my other instructions.

## REQUEST NO. 35

## PROOF OF DAMAGES

The plaintiff bears the burden of proving actual damages.  You are not permitted to award speculative damages, which means damages that are based upon conjecture or guesswork.  If the plaintiff offers evidence on damages that is too remote, speculative or hypothetical, then the plaintiff has not satisfied his burden of proving damages.  While there is no mathematical formula to use, damages must have a rational basis in the evidence before you.  "The plaintiff must satisfy you that the damage . . . suffered was the certain result of the misconduct of the . . . defendants in this case.  But the plaintiff does not have to prove with absolute mathematical accuracy the extent of the damage."

*Cape Cod Food Products v. Nat'l Cranberry Ass'n*, 119 F.Supp. 900, 910-11 (D.Mass. 1954); *Camar Corp. v. Preston Trucking Co.*, 221 F.3d 271, 279 (1st Cir. 2000); *Wells Real Estate, Inc. v. Greater Lowell Bd. of Realtors*, 850 F.2d 803, 816 (1st Cir. 1988), cert. denied, 488 U.S. 955 (1988); *Lufkin's Real Estate, Inc. v. Aseph*, 349 Mass. 343, 346 (1965); O'Malley, et al., Federal Jury Practice and Instructions, § 128.80 (5th ed. 2000).

**REQUEST NO. 36**

**PROOF OF DAMAGES**

If, on the other hand, the plaintiff's evidence on damages permits no more than "pure speculation and guesswork," the evidence on damages is "insufficient as a matter of law." Computing damages may be difficult, but you cannot engage in arbitrary guesswork.

*Home Placement Service, Inc. v. Providence Journal Co.*, 819 F.2d 1199, 1205 (1st Cir. 1987);

*Matsushita Elec. Corp. v. Sonus Corp.*, 362 Mass. 246, 264 (1972)

**REQUEST NO. 37**

**PROXIMATE CAUSE**

Proximate cause is required as to damages and is defined in terms of foreseeability.  A person can be liable for injuries that a prudent person reasonably could anticipate.  The rule of foreseeability does not require that the precise result should have been foreseen but, rather, that consequences of the general kind that occurred could have been foreseen.  In other words, it can be said that a defendant is liable for the natural and probable consequences of his conduct.   The plaintiff must prove that the injury was within "the reasonably foreseeable risks of harm" created by a defendant's conduct.  In that consideration, intervening causes can break the chain of causation if they are not foreseeable.

*Staelens v. Dobert*, 318 F.3d 77, 79 (1st Cir. 2003); *Malave-Felix v. Volvo Car Corp.*, 946 F.2d 967, 971-72 (1st Cir. 1991); *Dzionski v. Babineau*, 375 Mass. 555 (1978).

**REQUEST NO. 38**

**NO DOUBLE RECOVERY**

No plaintiff is entitled to double recovery.  Therefore, if you award the plaintiff damages for one claim, or for any single theory of relief, you may not award the plaintiff any more damages under any other theory of relief based upon the same injury.

*Borden v. Paul Revere Life Ins. Co.*, 935 F.2d 370, 382 (1st Cir. 1991); *Clark v. Taylor*, 710 F.2d 4, 8 (1st Cir. 1983).

**REQUEST NO. 39**

**PROOF OF DAMAGES - § 1983**

As to the plaintiff's § 1983 claim, you may not award damages for a violation of a constitutional right unless you find that the plaintiff has proven an actual, compensable injury. Damages based upon any abstract value or importance of a constitutional right are not permissible under the law.

*Farrar v. Hobby*, 506 U.S. 103, 112 (1992); *Memphis Cmty. Sch. Dist. v. Stachura*, 477 U.S. 299, 306-308, 310-11 (1986); *Carey v. Piphus*, 435 U.S. 247, 264 (1978); *Davet v. Maccarone*, 973 F.2d 22, 29 (1st Cir. 1992)

## REQUEST NO. 40

## TYPES OF DAMAGES

The law recognizes two types of damages:  compensatory and punitive.  I will begin by instructing you on compensatory damages.

The purpose in awarding compensatory damages to a plaintiff who has established the liability of a defendant is to compensate the plaintiff for injuries actually experienced as a direct and natural consequence of those actions.  The goal of compensatory damages is to make the plaintiff whole.  Speculative damages cannot be awarded for past or future injuries.  As to past injuries, damages only may be awarded for injuries that the plaintiff has proven were suffered.  With regard to future injuries, you may not compensate for any alleged loss which is not reasonably certain to occur in the future.

The damages proven must be proximately linked to the actions of the defendant.  Merely proving an injury without proving the defendant's responsibility is insufficient.  Because an act today could set off a chain of events that leads to a particular result years down the road, the law cuts off liability when the result either becomes too remote in time or too attenuated in causal connection to the actions of the defendant.

Devitt & Blackmar, Federal Jury Practice and Instruction, § 85.09; *Peckham v. Continental Casualty Ins. Co.*, 895 F.2d 830, 836 (1st Cir. 1990); *Solimene v. B. Grauel Co., K.G.*, 399 Mass. 790, 804 n.16 (1987); *Joseph A. Fortin Constr., Inc. v. Massachusetts Housing Finance Agency*, 392 Mass. 440, 444 (1984); *Rogers v. Boynton*, 315 Mass. 279, 280 (1943); *Held v. Bail*, 28 Mass.App.Ct. 919 (1989).

## REQUEST NO. 41

### PUNITIVE DAMAGES

The second type of damages is known as punitive damages.  You have the discretion to assess punitive damages if, and only if, you find that a defendant's conduct was motivated by evil intent or motive, or if it involved reckless or callous indifference to the right you have found violated.  Such damages are designed to punish a defendant and to deter future wrongdoing based upon proven conduct of a defendant that warrants condemnation.

*Smith v. Wade*, 461 U.S. 30, 56 (1983); *Davet v. Maccarone*, 973 F.2d 22, 27 (1st Cir. 1992); *Hernandez-Tirado v. Artau*, 874 F.2d 866, 868 (1st Cir. 1989); *Laramie v. Philip Morris USA Inc.*, 485 Mass. 399, 406 (2021).

**REQUEST NO. 42**

**PUNITIVE DAMAGES**

Punitive damages are reserved for those instances in which a defendant's conduct calls for punishment over and above what is provided by compensatory damages.  This means that, if you as the jury believe that an award of compensatory damages is sufficient to punish and to deter, punitive damages may not be awarded.

*Davet v. Maccarone*, 973 F.2d 22, 27 (1st Cir. 1992); *Hernandez-Tirado v. Artau*, 874 F.2d 866, 868 (1st Cir. 1989); *Rosado v. Santiago*, 562 F.2d 114, 121 (1st Cir. 1977).

## REQUEST NO. 43

## PUNITIVE DAMAGES

You must find a high degree of culpability to warrant assessing punitive damages, such as finding that a defendant acted maliciously, outrageously, willfully or in bad faith.

*BMW v. Gore*, 517 U.S. 559 (1996); *Smith v. Wade*, 461 U.S. 30, 56 (1983); *Stamps v. Town of Framingham*, 38 F.Supp.3d 146, 159 (D.Mass. 2014), affirmed 813 F.3d 27 (1st Cir. 2016).

**REQUEST NO. 44**

**NOMINAL DAMAGES**

If you find, in accordance with my instructions, that the plaintiff is entitled to a verdict on the question of liability but at the same time find that the plaintiff has not proven damages sufficiently, or that any damages proven are not causally linked to a defendant, then you should return a verdict for either zero dollars or the nominal sum of one dollar.

*Carey v. Piphus*, 435 U.S. 247, 266-67 (1978); Restatement (Second) of Torts § 907.

**REQUEST NO. 45**

**QUALIFIED IMMUNITY**

There is a final piece that I will need to instruct you on as you begin your deliberations. In this case, you are the sole decision-maker when it comes to the factual determinations necessary to resolve this case.  As to issues relating to the state of the law, it is my role as Judge to instruct you on the law and, if necessary, for me to apply the law in this case.  For example, you have heard me rule on objections during the course of this trial.  That is part of my function as Judge to apply the law during the course of the trial.

In this case, there is an area of the law that represents a hybrid.  It may require the application of the law by me to facts as determined by you.  You will see on the special verdict form that you will complete that there are some factual questions that you are being asked to answer.  In the event that I need to apply the law to facts as determined by you, I will be consulting your responses to those factual questions.  You are to answer those factual questions based upon your review of the evidence and in accordance with my earlier instructions.

## REQUEST NO. 46[1]

## Probable Cause - Acquittal

The mere fact that the Plaintiff was acquitted is insufficient to infer a lack of probable cause. Goddard v. Kelley, 629 F. Supp. 2d 115, 130 (D.Mass. 2009) citing to Muniz v. Mehlman, 327 Mass. 353, 359 (1951).  The amount of evidence sufficient to find probable cause is far less than that required for a conviction.  The test for probable cause does not involve speculation about the outcome of a trial on the merits of a particular charge but rather upon an assessment of whether the knowledge of the arresting officer at the time of the arrest would be sufficient to warrant a prudent man in believing that the person arrested had committed or was committing an offense.  Beck v. State of Ohio, 379 U.S. 89 (1964).

---

[1] This request and those following are requested only if the Court does not allow summary judgment on the claim for malicious prosecution on the charge of resisting arrest

## REQUEST NO. 47

Mr. Clapp was subsequently charged with resisting arrest for failing to submit to the arrest on

March 8, 2016.

> A defendant resists arrest if "he knowingly prevents or attempts to prevent a police officer, acting under color of his official authority, from effecting an arrest of the actor or another, by: (1) using or threatening to use physical force or violence against the police officer or another; or (2) using any other means which creates a substantial risk of causing bodily injury to such police officer or another." G.L. c. 268, § 32B(a).

Com. v. Grant, 880 N.E.2d 820, 71 Mass. App. Ct. 205 (Mass. App. 2008).

**REQUEST NO. 48**

**MALICIOUS PROSECUTION**

Plaintiff claims that the criminal charges brought against him constituted malicious prosecution.  To establish a claim of malicious prosecution, a plaintiff must show: "(1) the commencement or continuation of a criminal proceeding against the eventual plaintiff at the behest of the eventual defendant; (2) an absence of probable cause for the charges; and (3) actual malice."

Nieves v. McSweeney, 241 F.3d 46, 53 (1st Cir. 2001).[2]

---

[2] While the elements of malicious prosecution include the termination of the proceeding in favor of the accused, Defendants have moved to preclude the introduction of the Plaintiff's acquittals into evidence and have therefore removed that element from the prima facie case for malicious prosecution.

**REQUEST NO. 49**

The Plaintiff was initially charged with the crimes of making threats against John Fanning and against his wife, and with the crime of stalking.  If you find that there was probable cause for the Clerk-Magistrate to issue an arrest warrant on any of those charges then you must find for the Defendants on the claim of malicious prosecution for instituting those charges.

The Plaintiff was subsequently charged with resisting arrest.  If you find that there was probable cause to charge the Plaintiff with resisting arrest then you must find for the Defendants on the claim of malicious prosecution for instituting the charge for resisting arrest.

**REQUEST NO. 50**

Plaintiff must also prove that the Defendant initiating the criminal process acted with

malice. To do so he must show that the Defendant "acted primarily for a purpose other than that

of properly carrying out his duties, or was attempting to achieve an unlawful end or a lawful end

through unlawful means, or intended to harass, vex, or annoy the plaintiff."

Williams v. City of Boston, 771 F. Supp. 2d 190, 206 (D. Mass. 2011).  Massachusetts employs
the "improper purpose" analysis set forth in § 676 of the Restatement (Second) of Torts to define
the element of malice in a malicious prosecution case. Chervin v. Travelers Ins. Co., 448 Mass.
95, 110 (2006).

**REQUEST NO. 51**

With regard to the charge of resisting arrest the Plaintiff must also prove that he was deprived of his liberty due to that charge.  Since his initial arrest and detention was on the crimes of threats and stalking his initial arrest does not satisfy this element of malicious prosecution.  Plaintiff must prove that at some later point he was seized for purposes of the Fourth Amendment,  and thereby deprived of his liberty due to the charge of resisting arrest.   The obligation to appear in Court to respond to those criminal charges does not constitute a seizure for Fourth Amendment purposes.

Nieves v. McSweeney, 241 F.3d 46, 53 (1st Cir. 2001

**REQUEST NO. 52**

Only the Defendant that initiated a criminal charge against the Plaintiff can be found to have maliciously prosecuted him.

Nieves v. McSweeney, 241 F.3d 46 (1st Cir. 2001).

**REQUEST NO. 53**

An arrest is not effected until the "person is fully detained by his submission to official force or placed in a secure location from which he can neither escape nor harm the police officer or others nearby." Com. v. Knight, 916 N.E.2d 1011, 75 Mass. App. Ct. 735, 739 (2009).   Using force in opposition to the officer who is trying to make an arrest is sufficient to constitute resisting arrest.  Commonwealth v. Katykhin, 59 Mass. App. Ct. 261, 794 N.E.2d 1291 (Mass. App. 2003).   A person's refusal to allow themselves to be handcuffed by stiffening their arms or refusing to turn around is sufficient to constitute the crime of resisting arrest.   Commonwealth v. Grandison, 433 Mass. 135, 145-146, 741 N.E.2d 25 (Mass. 2000); Com. v. Maylott, 841 N.E.2d 717, 65 Mass. App. Ct. 466 (2006

Respectfully submitted,

DEFENDANTS,

By one of Defendants' attorneys,
ROGAL & DONNELLAN, P.C.


/s/ Joseph G. Donnellan
BBO# 558060
100 River Ridge Drive
Norwood, MA 02062
(781) 255-1200
JDonnellan@RogalandDonnellan.com

## CERTIFICATE OF SERVICE

I, Joseph G. Donnellan, hereby certify that I served a copy of the foregoing FIRST SET OF PROPOSED JURY INSTRUCTIONS to all counsel of record, via ECF, and to those not so registered via 1st Class U.S. Mail, postage prepaid this 15th day of March, 2022.


/s/ Joseph G. Donnellan
Joseph G. Donnellan