Tpr. Kearns. 000051

# Brewster Amb Service Inc

25 MAIN STREET
WEYMOUTH, MA 02188-2808
(617) 983-4063

| | | |
|---|---|---|
| Patient name: | CLAPP, KEVIN S | Run Number: 19-131575 |
| | | Date of call: 4/10/2019 |
| | | Time of call: 09:54 |

KEVIN S CLAPP
79 BROOKVILLE AVE
BROCKTON, MA 02302

From: 79 BROOKVILLE AVE
To: Brockton Hospital

Primary payer: Medicare

Secondary payer: HARVARD PILGRIM HEALTH CARE

| Description | Payer | Check # | Quantity | Unit Price | Payment Date | Amount |
|---|---|---|---|---|---|---|
| BLS Emerg Base Suburban | | | 1 | $386.52 | | $386.52 |
| Mileage | | | 3.0 | $7.43 | | $23.04 |
| Payment-EFT | Medicare | 890467542 | | | 05/06/2019 | $307.96 |
| Payment-EFT | Medicare | 890467542 | | | 05/06/2019 | $18.36 |
| Payment-EFT | HARVARD PILGRIM HEALTH CARE | 985454 | | | 05/22/2019 | $78.56 |
| Payment-EFT | HARVARD PILGRIM HEALTH CARE | 985454 | | | 05/22/2019 | $4.68 |

Please pay the balance due on the invoice. If you have insurance, please contact our Billing Office at (617) 983-4063. Thank you.

$0.00

- - - - - - - - - - - - - - - - - - - DETACH ALONG LINE AND RETURN STUB WITH YOUR PAYMENT. THANK YOU. - - - - - - - - - - - - - - - - - - -

| | | |
|---|---|---|
| Patient name: CLAPP, KEVIN S | Run Number: 19-131575 | AMOUNT ENCLOSED: $ |

We Accept: [ ] VISA   [ ] Mastercard   [ ] Discover   [ ] American Express

Card Number:_____ Exp Date:_____

Card Holder Name:_____ Billing ZIP Code:_____

Signature:_____ Security Code:_____

REMIT TO:  Brewster Amb Service Inc
25 MAIN STREET
WEYMOUTH, MA 02188-2808

Due on:       11/01/2020
Current date: 10/22/2020

**Tpr. Kearns. 000052**

# FINAL | Patient Care Report



Brewster Ambulance Service Inc.
EasCare Ambulance Service Inc.
25 MAIN STREET
WEYMOUTH    MA   02188-2808
(617) 983-4063 Ext.

| | |
|---|---|
| **Run Number:** | **131575** |
| **Incident Number** | **536636** |
| **Date of Service:** | **04/10/2019** |
| **Patient Name:** | **KEVIN CLAPP** |

**Patient Name:**    KEVIN CLAPP          **Run Number:**    131575

## RESPONSE INFO

| | | | |
|---|---|---|---|
| Pick Up Location: | | Vehicle: A083 | At Scene Mileage: 0.0 |
| 79 BROOKVILLE AVE | | Crew #1 ID: HURLEY, AUSTIN | At Dest. Mileage: 0.1 |
| Brockton        MA        02302 | | Crew #2 ID: BROWN, BRYAN | Odometer End: |
| | | Doc'd By: HURLEY, AUSTIN | |
| Destination: Brockton Hospital | | En route: 09:54 04-10-19 | |
| 680 CENTRE ST | | At scene: 09:55 04-10-19 | Scene Delay: None/No Delay |
| BROCKTON       MA        02302 | | At patient: 09:57 04-10-19 | |
| Call Type: BLS | | Transport: 10:18 04-10-19 | Dest Delay: None/No Delay |
| Nature Of Call: Sick Person (Protocol 26) | | At dest.: 10:29 04-10-19 | Resp Priority: Emergency - 1 |
| Dest. Reason: Patient's Choice | | In service: 10:37 04-10-19 | |
| Cond at Dest.: | | Pt OutCome Treated, Transported in this Unit | 911 Response (Scene) |
| Dest Type: | | | |

## PATIENT INFORMATION | NEXT OF KIN

| | |
|---|---|
| Name :KEVIN  CLAPP | Name : |
| Home Addr. : 79 BROOKVILLE AVE | Relationship : Daughter |
| BROCKTON,PLYMOUTH, MA 02301 | SSN : |
| Mailing Addr. : | Sex : |
| | Phone : |
| Phone : | DOB : |
| SSN : 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 | Home Addr. : |
| DOB : 08/14/1959 (61 yrs) | |
| Sex : Male | |
| DL Info : | Med Rec #: F00091216732 | |

## INSURANCE

| | | |
|---|---|---|
| Primary Method:  Insurance | Certificate Med Nec: | |
| Response Urgency: | CMS Service Level: | |
| Work Related: | | |
| Occupation: | | Occupational Industry: |
| **Payor Info:** | | |
| Company:  HARVARD PILGRIM HEALTH | Policy #:  UNKNOWN | Group #: |
| Billing Priority:  Unknown | | |
| **Payor Info:** | | |
| Company:  MEDICARE | Policy #:  026504691A | |
| Billing Priority:  Unknown | | |

## NARRATIVE

A-83/CA8 D/P TO RESIDENCE AT 79 BROOKVILLE AVE BROCKTON, FOR THE SI MALE. U/A WITH BROCKTON FIRE AND PD PT FOUND SEATED IN CHAIR IN NO DISTRESS CAOX4 SKIN PWD PUPILS PERRL ABCS INTACT W/I. BROCKTON FIRE NOTIFIED PT IS REFUSING TRANSPORT. PT DENIES SI STATEMENTS. PT MADE PHONE CALL TO HIS LAWYER ATTEMPTING TO GET LIVING WILL CREATED AND THAT HIS WORDS WERE TAKEN OUT OF CONTEXT AND THAT HE IS NOT SUICIDAL. PD LEFT THE SCENE AT THIS TIME. PT BROTHER AT THE SCENE WAS ASKED IF HE BELIEVES HIS BROTHER IS SUICIDAL. PT BROTHER DENIES THAT PT IS SI AND THAT THE PT IS FINE AND HE WILL BE THERE. PT WAS TOLD THAT JUST BECAUSE HE IS REFUSING TRANSPORT NOW THAT DOES NOT MEAN HE CAN NOT SEEK CARE IN THE FUTURE. PT WAS FOUND TO BE CAOX4 AND WITHIN HIS RIGHT TO SIGN REFUSAL. PT SIGNED REFUSAL W/I. AFTER REFUSAL WAS SIGNED, PD ARRIVED BACK AT THE SCENE AND INFORMED PT THAT WHILE FILLING OUT REPORT FOR PTS INCIDENT PT HAD A WARRANT FOR MISSING A COURT DATE THE PREVIOUS DAY. PT REQUESTED TO SEE THE WARRANT. PD STATES PT HAS TO COME WITH PT. PT REFUSED TO COOPERATE WITH PD, PT THEN BEGAN TO COMPLAIN OF CHEST PAIN WHILE PT WAS BEING HANDCUFFED. PT REMAINED UNCOOPERATIVE AND WAS RESTRAINED. WHILE BEING RESTRAINED FIRE FIGHTER ON SCENE STATED TO SPIT OUT THE BOTTLE. PT GRABBED HIS GLASS BOTTLE OF NITRO AND STUCK IT IN HIS MOUTH. WITH THE UNCOOPERATIVE NATURE OF THE PT AND WITH THE CHAOTIC NATURE OF THE SCENE EMS WAS UNABLE TO TELL HOW THE PT GOT THE NITRO BOTTLE IN HIS MOUTH. PT WAS WARNED THAT IF HE BREAKS THE BOTTLE IN HIS MOUTH HIS BLOOD PRESSURE WILL DROP AND HE WILL PASS OUT. PT WAS TOLD IF HE SPITS THE BOTTLE OUT EMS WILL ASSIST HIM WITH HIS NITRO DUE TO HIS CP. PT MADE STATEMENTS ABOUT HOW HE DOES NOT CARE AND THEN MADE STATEMENTS ABOUT HOW HE WILL BE WITH HIS DECEASED MOTHER SOON. PT THEN BREAKS THE BOTTLE OF NITRO WITH HIS TEETH. PT WAS FOUND TO HAVE NITRO, BLOOD AND BROKEN GLASS IN HIS MOUTH. ALS WAS REQUESTED FOR POSSIBLE NITRO OVERDOSE. PT REFUSED TO SPIT BOTTLE OF NITRO OUT AND BEGAN CREWING THE NITRO AND BROKEN GLASS. PT WAS TRANSFERRED TO STRETCHER AND SEC. PT TRANSFERRED TO A-83/CA8 ALONG WITH X1 MEMBER OF PD W/I. FIRE DROVE FOR EMS WHILE PD FOLLOWED EMS TO HOSPITAL.

PT VITALS ATTEMPTED. ATTEMPT WAS MADE TO ACQUIRE PT BLOOD PRESSURE BUT WAS UNSUCCESSFUL WHILE THE PT WAS UNCOOPERATIVE IN HANDCUFFS. THE REST OF PT VITALS NOTED W/I. PT WAS PLACED ON NONREBREATHER 15 LPM W/I. PT REFUSED TO TELL EMS HOW MANY NITRO PILLS WERE IN THE BOTTLE. PT WAS ASKED WHEN THE PRESCRIPTION WAS FILLED AND PT STATES, "AWHILE AGO". DURING TRANSPORT PT SPIT OUT BLOOD AND PARTIAL VIAL OF NITRO. PT WAS FOUND TO BE SPITTING BLOOD, NITRO PILLS AND BROKEN GLASS THROUGHOUT TRANSPORT. PT MADE MULTIPLE STATEMENTS ABOUT HOW HE WILL BE WITH HIS DECEASED MOTHER SOON. HE IS GOING TO SUE FIRE, EMS AND PD. PT REPEATEDLY MADE STATEMENTS ABOUT THE "CORRUPT SYSTEM". ALS WAS UNABLE TO INTERSECT WITH BLS UNIT DURING TRANSPORT. C-MED ENTRY NOTED W/I. PT TRANSPORTED TO CLOSEST HOSPITAL W/I OR CHANGE IN PT CONDITION.

U/A AT BROCKTON HOSPITAL, 680 CENTRE STREET BROCKTON, PT UNLOADED AND TRANSFERRED INSIDE W/I. PT CHECKED IN AT CHARGE DESK W/I. PT TRANSFERRED TO ROOM 13 W/I. PT TRANSFERRED TO BED AND SEC W/I. PT CARE AND REPORT GIVEN TO NURSE AND DOCTOR W/I. PT X2 PAIRS OF GLASSES GIVEN TO STAFF W/I. A-83/CA8 CLEAR.

AH

**Tpr. Kearns. 000053**

| Patient Name: | **KEVIN CLAPP** | Run Number: | 131575 |
|---|---|---|---|

## PATIENT COMPLAINTS

**Chief Complaint**
Psychiatric Problems (Primary)
Note: SUICIDE ATTEMPT AT SCENE

**Anatomic Location**
General/Global

**Organ System**
Global/General

**Primary Symptom**
Suicidal Ideations

**Last Oral Intake**

**Medical Hx Obtained From**
Patient

## HISTORY

**Past Medical History**
Cancer-Colon                     Other
                                 Note: HIGH CHOLESTEROL, CARDIAC
                                 CONDITION. PT DENIES ANY OTHER
                                 HISTORY.

**Allergies**
Penicillin

**Medications**
Cymbalta -          Metoprolol -          Nitroglycerin -          Other - Not Listed -
                                                                   Note: ENALAPRIL

Viagra -            Xanax -

**Medical History Obtained From**
Patient

## ASSESSMENT

| 04/10/2019 09:57:00 | By: HURLEY, AUSTIN | | |
|---|---|---|---|
| **Body Area** | **Assessments and Comments** | **Body Area** | **Assessments and Comments** |
| Airway | Patent | Breathing | Normal Respirations |
| Circulation | Capillary Refill - < 3 Seconds :  Hemorrhage - None :  Pulses - Radial - Normal (2+) Normal | Blood/Fluid Loss | None Noted |
| External/Skin | | Mental Status | Oriented-Event :  Oriented-Person :  Oriented-Place :  Oriented-Time |
| Neurological | Normal Baseline for Patient | Stroke/CVA Symptoms | No |

## IMPRESSIONS

**Primary Impression:**          Suicide Attempt Initial Encounter

## TRAUMA

**Cause of Injury**
Method of Injury - Not Applicable

## VITAL SIGNS

| Time | PTA | BP | Pulse | Monitor Rate | Respiratory | SPO2 | EtCO2 | Glucose | GCS |
|---|---|---|---|---|---|---|---|---|---|
| 04/10/2019 10:00 | No | 134/0 Palpated Cuff | 110, Regular | | 16 Normal, Regular | , Source: Room Air | | | E4 + V5 + M6 = 15 |
| | Skin Temp=Warm   Skin Color=Normal   Skin Moisture=Normal   Lung Sounds Left=   Lung Sounds Right= | | | | | | | | |
| | Level of Consciousness: Alert; Pain Scale=0; | | | | | | | | |
| Taken by: | BROWN, BRYAN | | | | | | | | |
| 04/10/2019 10:15 | No | 0 Manual Cuff | 103, <None> | | 20 Normal, Regular | 93%, Source: Supplemental | | | E4 + V5 + M6 = 15 |
| | Skin Temp=Warm   Skin Color=Normal   Skin Moisture=Normal   Lung Sounds Left=   Lung Sounds Right= | | | | | | | | |
| | Level of Consciousness: Alert; | | | | | | | | |
| Taken by: | BROWN, BRYAN | | | | | | | | |

## TRAUMA SCORES

no trauma scores entered
          Comments:

## TREATMENT SUMMARY

| Time | PTA | Treatment | Who performed | Authorized by | Comments |
|---|---|---|---|---|---|
| 10:13 | No | PT Moved to Stretcher | HURLEY, AUSTIN | Protocol (Standing Order) | |

**Tpr. Kearns. 000054**

| Patient Name: | **KEVIN CLAPP** | Run Number: | 131575 |
|---|---|---|---|

## TREATMENT SUMMARY CONTINUED

| Time | PTA | Treatment | Who performed | Authorized by | Comments |
|---|---|---|---|---|---|
| 10:13 | No | PT Moved to Stretcher | HURLEY, AUSTIN | Protocol (Standing Order) | |
| | | Complication | | Complication Narrative | |
| | | How PT Moved to Stretcher=Other | | | |

## TREATMENT NOT GIVEN SUMMARY

| Intervention | Reason | Comment |
|---|---|---|

## SIGNATURES

| Time | Type | Who signed | NPI | Why patient did not sign |
|---|---|---|---|---|
| 04/10/2019 10:02 | Brewster Refuse Treatment and Transport Pt. | Self - CLAPP, KEVIN | | Signed - Patient |

This form is to serve as documentation that Brewster Ambulance Service personnel have advised emergency medical assessment, treatment and transportation to the person listed below and they chose to make an informed and uncoerced decision to refuse care.

I, KEVIN CLAPP hereby refuse emergency medical assessment, treatment and/or transportation to a medical facility as offered by personnel of Brewster Ambulance Service.

I understand that I have been advised by Brewster Ambulance Service personnel that there are potential risks to my/the patient's health in such a refusal.

I understand that my refusal of emergency medical assessment, treatment and/or transportation at this time may endanger my and/or the patient's life or health. I refuse assessment treatment and/or transportation voluntarily and I accept responsibility for any consequences that may result due to my refusal,including but not limited to those medical risks explained to me by Brewster Ambulance Service personnel such as discomfort, disability and/or death.

I hereby release Brewster Ambulance Service, its employees, contractors, and agents, and the city/town of the municipal contract, from any liability that I might assert against them for not providing assessment, treatment and/or transportation. I further understand and intend that this release shall also be binding on the patient and the patient's heirs, executors, administrators,successors, and assigns if I am refusing assessment, treatment and/or transportation on behalf of the patient.

I, HURLEY, AUSTIN, BROWN, BRYAN (Brewster Ambulance Service employee/agent), certify that I have explained to the person listed  above all of the risks and potential consequences of refusing emergency medical assessment, treatment and/or transportation to a medical facility at this time. The patient/parent/guardian is competent and appears to have the capacity to evaluate and understand the explanations. I understand that I can contact Brewster Ambulance Service or my local emergency provider at any time should I wish to be evaluated and transported.

x *Kevin Clapp*

NPI

| 04/10/2019 10:30 | Receiving Facility Acceptance | RN - AVILA, MONIKA | | Signed-Healthcare Provider |
|---|---|---|---|---|

I hereby accept responsibility of KEVIN CLAPP from crew members HURLEY, AUSTIN, BROWN, BRYAN.

x _____

NPI

| 04/10/2019 10:35 | Brewster Accept Treatment and Transport Pt. | Crew Member #1 - HURLEY, AUSTIN | | Signed-Healthcare Provider |
|---|---|---|---|---|

I understand that I am financially responsible for the services provided to me by Brewster Ambulance Service Inc. or any of its subsidiaries including EasCare Ambulance Service, regardless of insurance coverage. I further acknowledge that I am financially responsible for any ferry or conveyance charge which is not covered by my medical insurance carrier. I request that payment of authorized Medicare or other insurance benefits be made on my behalf to Brewster Ambulance Service or EasCare Ambulance Service, for any service provided to me by Brewster Ambulance Service or EasCare Ambulance Service, whether in the past, now or in the future. I authorize Medicare and Medicaid Services and its carriers and agents to Brewster Ambulance Service or EasCare Ambulance Service and its billing agents and any other payers or insurers to release any information or documentation needed to determine these benefits or benefits payable for any services provided to me by Brewster Ambulance Service or EasCare Ambulance Service, whether in the past now or in the future. I agree to immediately remit to Brewster Ambulance Service or EasCare Ambulance Service any payments that I receive from any source for the services provided to me and I assign all rights to such payments to Brewster Ambulance Service and EasCare Ambulance Service.

x *A Hu*

NPI

**Tpr. Kearns. 000055**

| Patient Name: | **KEVIN CLAPP** | Run Number: | 131575 |

## CREW INFORMATION

**Start Date/Time :**   04/10/2019 07:59

| Crew # | Name | Crew # | Name |
|--------|------|--------|------|
| 807 | HURLEY, AUSTIN | 196 | BROWN, BRYAN |
| | | **License:** | |
| **Level:** | EMT-Basic | **Level:** | EMT-Basic |

x _A_ H_     x _B_ B_

## CHANGE TRACKING

| Caption | Date/Time | Change | Who Changed |
|---------|-----------|--------|-------------|

**Tpr. Kearns. 000056**

# Brewster Amb Service Inc

25 MAIN STREET
WEYMOUTH, MA 02188-2808
(617) 983-4063

| | | |
|---|---|---|
| Patient name: | CLAPP, KEVIN S | Run Number: 19-134014 |
| | | Date of call: 4/11/2019 |
| | | Time of call: 15:34 |
| | | Caller: COLLEEN |

KEVIN S CLAPP
79 BROOKVILLE AVE
BROCKTON, MA 02302

From: Brockton Hospital
To:   Arbour Hospital - Quincy

Primary payer:   Medicare

Secondary payer:   HARVARD PILGRIM HEALTH CARE

| Description | Payer | Check # | Quantity | Unit Price | Payment Date | Amount |
|---|---|---|---|---|---|---|
| BLS Non-Emerg Base Suburban | | | 1 | $241.58 | | $241.58 |
| Mileage | | | 12.0 | $7.43 | | $92.87 |
| Payment-EFT | Medicare | 890467542 | | | 05/06/2019 | $192.48 |
| Payment-EFT | Medicare | 890467542 | | | 05/06/2019 | $73.99 |
| Payment-EFT | HARVARD PILGRIM HEALTH CARE | 985454 | | | 05/22/2019 | $49.10 |
| Payment-EFT | HARVARD PILGRIM HEALTH CARE | 985454 | | | 05/22/2019 | $18.88 |

Please pay the balance due on the invoice. If you have insurance, please contact our Billing Office at (617) 983-4063. Thank you.

$0.00

- - - - - - - - - - - - - - - - - - - - - - - - - - DETACH ALONG LINE AND RETURN STUB WITH YOUR PAYMENT. THANK YOU. - - - - - - - - - - - - - - - - - - - - - - - - - -

Patient name: CLAPP, KEVIN S          Run Number: 19-134014

We Accept: [ ] VISA   [ ] Mastercard   [ ] Discover   [ ] American Express

Card Number:_____ Exp Date:_____

Card Holder Name:_____ Billing ZIP Code:_____

Signature:_____ Security Code:_____

REMIT TO: Brewster Amb Service Inc
25 MAIN STREET
WEYMOUTH, MA 02188-2808

AMOUNT ENCLOSED:   $

Due on:   11/01/2020

Current date:   10/22/2020

**Tpr. Kearns. 000057**

**FINAL**                                                        **Patient Care Report**



Brewster Ambulance Service Inc.
EasCare Ambulance Service Inc.
25 MAIN STREET
WEYMOUTH      MA   02188-2808
(617) 983-4063 Ext.

| | |
|---|---|
| Run Number: | 134014 |
| Incident Number | 538932 |
| Date of Service: | 04/11/2019 |
| Patient Name: | KEVIN CLAPP |

| Patient Name: | KEVIN CLAPP | Run Number: | 134014 |
|---|---|---|---|

## RESPONSE INFO

| | | | | | |
|---|---|---|---|---|---|
| Pick Up Location: | Brockton Hospital | | Vehicle: A103 | At Scene Mileage: 0.0 | |
| | 680 CENTRE ST | A-5 | Crew #1 ID: COCCO, BRIAN | At Dest. Mileage: 12.5 | |
| | BROCKTON | MA    02302 | Crew #2 ID: WALSH, SARAH | Odometer End: | |
| Destination: | Arbour Hospital - Quincy | | Doc'd By: COCCO, BRIAN | | |
| | 460 QUINCY AVE | | En route: 15:17 04-11-19 | Scene Delay: None/No Delay | |
| | QUINCY | MA    02169 | At scene: 15:44 04-11-19 | | |
| Call Type: BLS | | | At patient: 16:09 04-11-19 | | |
| Nature Of Call: Transfer/Interfacility/Palliative Care | | | Transport: 16:20 04-11-19 | Dest Delay: None/No Delay | |
| Dest. Reason: Patient's Physician's Choice | | | At dest.: 16:48 04-11-19 | Resp Priority: Call In | |
| Cond at Scene: | | | In service: 17:01 04-11-19 | | |
| Dest Type: | | | Pt OutCome Treated, Transported in this Unit | Medical Transport | |

| PATIENT INFORMATION | NEXT OF KIN |
|---|---|
| Name :KEVIN S CLAPP | Name : |
| Home Addr. : 79 BROOKVILLE AVE BROCKTON,PLYMOUTH, MA 02302 | Relationship : |
| | SSN : |
| Mailing Addr. : 79 BROOKVILLE AVE BROCKTON, MA 02302 | Sex : |
| Phone : (617) 413-2770 | Phone : |
| SSN : 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 | DOB : |
| DOB : 08/12/1959 (61 yrs) | Home Addr. : |
| Sex : Male | |
| DL Info : | Med Rec #: M000539916 | |

## INSURANCE

| | | | |
|---|---|---|---|
| Primary Method: Insurance | Certificate Med Nec: Yes | | |
| Response Urgency: | CMS Service Level: | | |
| Work Related: | | | |
| Occupation: | | Occupational Industry: | |
| Payor Info: | | | |
| Company: HARVARD PILGRIM | Policy #: HPE61199500 | Group #: | |
| Billing Priority: Primary | | | |
| Payor Info: | | | |
| Company: MEDICARE | Policy #: 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A | | |
| Billing Priority: Secondary | | | |

## NARRATIVE

A103 DISPATCHED TO BROCKTON HOSPITAL A5 FOR A 59 Y.O MALE BEING TRANSPORTED ON A SECTION 12 FOR SI. PT REQUIRES AMBULANCE TRANSPORT DUE TO NEEDING PT MONITORING FOLLOWED SI AND ATTEMPT.

UPON ARRIVAL AT BROCKTON A5 PT REPORT GIVEN BY RN. PT PAPERWORK AND VITALS OBTAINED. ONCE AT PT SIDE ASSESSMENT REVEALED PT AOX3 WITH PATENT AIRWAY CLR EQL AND BILTR BREATHING WITH CHEST MOVEMENT AND GOOD CMS. PT DENIES ANY PAIN NAUSEA OR SHORTNESS OF BREATH. PT IS AMBULATORY. PT ASSISTED TO STRETCHER EMT X2 TO STRETCHER SECURED X2 RAILS X5 STRAPS. PT SAFELY LOADED INTO AMBULANCE.

EN ROUTE PT VITALS STABLE WITHOUT CHANGE IN TRANSPORT.

UPON ARRIVAL AT ARBOUR QUINCY PT BROUGHT INTO ADMISSION ROOM. PT LEFT OFF STRETCHER ASSISTED EMT X2 AND BELONGINGS HANDED OVER TO ARBOUR STAFF. PT CARE THEN TURNED OVER TO ARBOUR MED STAFF. END RUN.

**Tpr. Kearns. 000058**

| Patient Name: | **KEVIN CLAPP** | Run Number: | 134014 |
|---|---|---|---|

## PATIENT COMPLAINTS

**Chief Complaint**
General Illness - Weakness (Primary)

**Anatomic Location**
General/Global

**Organ System**
Global/General

**Primary Symptom**
Suicidal Ideations

**Other Associated Symptoms**
Weakness

**Last Oral Intake**

**Medical Hx Obtained From**
Health Care Personnel                    Patient

## HISTORY

**Past Medical History**
Cardiac-Coronary Artery Dis          Psych/Behavior-Anxiety Disorder          Psych/Behavior-Depression

**Allergies**
No Known Drug Allergy                    No Known Environmental/Food Allergies

**Medications**
Alprazolam -                    Aspirin -                    Atorvastatin -                    Diazepam -
Metoprolol -                    Oxycodone -

**Medical History Obtained From**
Health Care Personnel

## ASSESSMENT

*no assessments entered*

## IMPRESSIONS

**Primary Impression:**          Suicidal Ideations

**Secondary Impressions:**          Fall Risk

## TRAUMA

**Cause of Injury**
Method of Injury - Not Applicable

## VITAL SIGNS

| Time | PTA | BP | Pulse | Monitor Rate | Respiratory | SPO2 | EtCO2 | Glucose | GCS |
|---|---|---|---|---|---|---|---|---|---|
| 04/11/2019 16:04 | Yes | 112/68 Manual Cuff | 98, Regular | | 18 Normal, Regular | 94%, Source: Room Air | | | E4 + V5 + M6 = 15 |
| | | Skin Temp=Warm  Skin Color=Normal  Skin Moisture=Normal  Lung Sounds Left=  Lung Sounds Right=  Cap. Refill=Normal  Level of Consciousness: Alert; | | | | | | | |
| Taken by: | | Other Healthcare Provider | | | | | | | |
| 04/11/2019 16:35 | No | 122/78 Manual Cuff | 88, Regular | | 18 Normal, Regular | 99%, Source: Room Air | | | E4 + V5 + M6 = 15 |
| | | Skin Temp=Warm  Skin Color=Normal  Skin Moisture=Normal  Lung Sounds Left=  Lung Sounds Right=  Cap. Refill=Normal  Level of Consciousness: Alert; | | | | | | | |
| Taken by: | | COCCO, BRIAN | | | | | | | |

## TRAUMA SCORES

*no trauma scores entered*
          Comments:

## TREATMENT SUMMARY

| Time | PTA | Treatment | Who performed | Authorized by | Comments |
|---|---|---|---|---|---|
| 16:15 | No | PT Moved to Stretcher | COCCO, BRIAN | Protocol (Standing Order) | |
| | | **Complication** | | **Complication Narrative** | |

## TREATMENT NOT GIVEN SUMMARY

| Intervention | Reason | Comment |
|---|---|---|

**Tpr. Kearns. 000059**

| Patient Name: | **KEVIN CLAPP** | Run Number: | 134014 |

## SIGNATURES

| Time | Type | Who signed | NPI | Why patient did not sign |
|------|------|-----------|-----|--------------------------|
| 04/11/2019 15:59 | Ambulance Medical Necessity | RN - Teixeira, Jennifer | | Signed-Healthcare Provider |

x _(signature)_

PLEASE PRINT FIRST NAME, LAST NAME AND CREDENTIAL  As per Medicare regulations, this document may be signed by either the patients Physician, Physician Assistant, Nurse Practioner, Registered Nurse,
 Clinical Nurse Specialist, Nurse Case Manager or Discharge Planner. The intended purpose of this document is to express the need for ambulance transportation for this patient by the patients current health care provider. Certification Statement:
Patient: KEVIN S CLAPP
In my medical opinion, I believe this patient is in need of continued medical monitoring by Emergency
Medical Technicians and the patient must be transported by ambulance to the destination noted due to their current medical condition. I CERTIFY THAT THE PATIENT IS PHYSICALLY OR MENTALLY INCAPABLE OF SIGNING AN INSURANCE CLAIM FORM. I AM SIGNING ON THE PATIENT'S BEHALF AS A REPRESENTATIVE OF AN AGENCY OR INSTITUTION THAT DID NOT FURNISH THE SERVICES FOR WHICH PAYMENT IS CLAIMED BUT FURNISHED OTHER CARE, SERVICES, OR ASSISTANCE TO THE PATIENT.  I UNDERSTAND THAT SIGNING ON BEHALF OF THE PATIENT IS NOT AN ACCEPTANCE OF FINANCIAL RESPONSIBILITY FOR THE AMBULANCE TRANSPORT. Further, I believe transportation by any other means would be contraindicated to the health and safety of the patient. PLEASE PRINT FIRST NAME, LAST NAME AND CREDENTIAL
Signed by: Jennifer Teixeira

NPI

| 04/11/2019 16:50 | Brewster Accept Treatment and Transport Pt. | Self - CLAPP, KEVIN S | | Signed - Patient |

x _(signature)_

I understand that I am financially responsible for the services provided to me by Brewster Ambulance Service Inc. or any of its subsidiaries including EasCare Ambulance Service, regardless of insurance coverage. I further acknowledge that I am financially responsible for any ferry or conveyance charge which is not covered by my medical insurance carrier. I request that payment of authorized Medicare or other insurance benefits be made on my behalf to Brewster Ambulance Service or EasCare Ambulance Service, for any service provided to me by Brewster Ambulance Service or EasCare Ambulance Service, whether in the past, now or in the future. I authorize Medicare and Medicaid Services and its carriers and agents to Brewster Ambulance Service or EasCare Ambulance Service and its billing agents and any other payers or insurers to release any information or documentation needed to determine these benefits or benefits payable for any services provided to me by Brewster Ambulance Service or EasCare Ambulance Service, whether in the past now or in the future. I agree to immediately remit to Brewster Ambulance Service or EasCare Ambulance Service any payments that I receive from any source for the services provided to me and I assign all rights to such payments to Brewster Ambulance Service and EasCare Ambulance Service.

NPI

| 04/11/2019 16:56 | Receiving Facility Acceptance | RN - B, Shawn | | Signed-Healthcare Provider |

x _(signature)_

I hereby accept responsibility of KEVIN S CLAPP from crew members COCCO, BRIAN, WALSH, SARAH.

NPI

## CREW INFORMATION

Start Date/Time :   04/11/2019 15:47

| Crew # | Name | Crew # | Name |
|--------|------|--------|------|
| 311 | COCCO, BRIAN | 1744 | WALSH, SARAH |
| License: | | License: | |
| Level: | EMT-Basic | | |

x _(signature)_          x _(signature)_

## CHANGE TRACKING

| Caption | Date/Time | Change | Who Changed |
|---------|-----------|--------|-------------|

**Tpr. Kearns. 000060**

| Patient Name: | **KEVIN CLAPP** | Run Number: | 134014 |

**Ambulance Medical Necessity**

Pt Requires Total Body Lift to transfer:

Pt Requires Two or more attendants to transfer:

Pt Requires Use of stretcher to enter/exit home:

Pt Requires Use of Scoop or Backboard to enter/exit home/facility:

Pt Requires Use of StairChair to enter/ exit home:

Pt Requires Airway monitoring:
Pt Requires Monitoring due to medical condition in narrative:

Pt Requires Isolation Precautions:

Pt Requires Amb for other condition:PT MONITORING DUE TO SI AND ATTEM

Other ConditionYes

Pt is a High Risk of Fall:

Pt is unable to ambulate without assistance:

Pt is unable to sit in a chair without risk of fall:

Pt is a threat to him/her self and others:

Pt Requires special handling due to decubiti site in narrative:

Pt Requires special handling due to Moderate/Severe pain on movement:
Obesity requires additional personnel/equipment to safely move pt.:

Pt Requires special handling due to paralysis:

Pt Requires special handling due to amputation site in narrative:

---

Pt is classified as an AHA class IV patient:

Pt is receiving intravenous treatment:

Pt is post Cardiac Catherization:

Pt has a total body cast:
Pt Requiresspecial handling due to hip precautions:

Pt has an uncontrolled Seizure disorder:

Pt is in an isolette (incubator):

Pt is heavily sedated:
Pt Requires non self-administered oxygen:

Pt is bed confined:

**Tpr. Kearns. 000061**

| Patient Name: | KEVIN CLAPP | Run Number: | 134014 |
|---|---|---|---|

# MASSHEALTH MEDICAL NECESSITY FORM
# FOR **NONEMERGENCY AMBULANCE /WHEELCHAIR VAN TRANSPORTATION**

**MassHealth**
THE COMMONWEALTH OF MASAc-tlusETTS
Executive Office of Health an'd
Human Services

134014

MassHealth pays only for medically necessary nonemergency ambulance and wheelchair van transportation. The transportation provider is responsible for the completeness of this form and must retain the form for six years from the date of service. Pursuant to 130 CMR 450.205, the transportation provider must provide completed forms if the MassHealth agency requests them. The MassHealth agency will not pay a provider for services if the provider does not have adequate documentation to substantiate the provision of services payable under MassHealth . Please complete each section and field relevant to the service being provided . Fields that are not applicable to the service provided may be left blank.

## 1. Trip Information

Number of trips requested     1     Transportation requested     ☐ Wheelchair Van     ☒ Nonemergency Ambulance

Date(s) of service (recurring transportation can only be authorized for up to a 30-day period, beginning with the date of the first trip):

**04/11/2019**

Medical service provided to member at destination

## 2. MassHealth Member Information

Name     **KEVIN     CLAPP**

MassHealth ID Number     **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A**     Date of Birth     **1959-08-12**     Gender ☒ M   ☐ F

## 3. Pick-up Location

Is pick-up location member's residence?     ☐ Yes  ☒ No     Is pick-up location a health care facility?     ☒ Yes   ☐ No

Facility Name (If pick-up location is a health care facility, including a facility at which member resides)

**Brockton Hospital**

| Street Address | **680 CENTRE ST** | | | | |
|---|---|---|---|---|---|
| City | **BROCKTON** | State | **MA** | Zip | **02302** |

## 4. Destination Information

3

Is destination member's residence?     ☐ Yes  ☐ No     Is destination a health care facility?     ☒ Yes   ☐ No

Facility Name (If destination is a health care facility, including a facility at which member resides)

**Arbour Hospital - Quincy**

| Street Address | **460 QUINCY AVE** | | | | |
|---|---|---|---|---|---|
| City | **QUINCY** | State | **MA** | Zip | **02169** |

## 5. Transportation Provider Information

Name     **Brewster Amb Service Inc**

NPI or PIDSL     **1760707582**     Tel #   **(617) 983-4063 Ext.**     Fax   **(617) 410-9615 Ext.**

**Tpr. Kearns, 000062**

Page 5 of 6

| Patient Name: | KEVIN CLAPP | Run Number: | 134014 |
|---|---|---|---|

## 6a. Medical Necessity Information-Wheelchair Van Requests Only

- ☐ Member Resides in an institutionalized setting and uses a wheelchair
- ☐ Member Resides in an institutionalized setting and has a severe mobility impairment preventing member from using other transportaion
- ☐ Member Resides in an institutionalized setting and needs to be carried up or down stairs (because member is unable to walk up or down stairs or cannot walk without the assistance of two persons
- ☐ Member Resides in the community and needs mobility assistance from transportation provider personnel to exit his or her residence or to move from his or her residence to the vehicle.
- ☐ Member is being discharged from an inpatient psychiatric hospital to a community-based behavioral health program and requires supervision during transportation. PT-1 transportation is unavailable or inappropriate.

## 6b. Medical Necessity Information-Ambulance Requests Only

- ☐ Member is continuously dependant on oxygen.
- ☐ Member is continuously confined to a bed
- ☐ Member is classified as an American Heart Association Class IV patient with a disease of the heart
- ☐ Member is receiving intravenous treatment.
- ☐ Member requires transportation after cardiac catherization.
- ☐ Member has uncontrolled seizure disorders
- ☐ Member has a total body cast
- ☐ Member has hip spicas or other casts that prevent flexion at the hip.
- ☐ member is in an isolette (incubator)
- ☐ Member is in need of restraints because the member is possibly harmful to himself or herself or others.(This includes persons transported under M.G.L.c.123.s12 for temporary hospitalization by reason of mental illness.)
- ☐ Member is heavily sedated
- ☐ Member is comatose
- ☒ Member has the following medical condition making ambulance transportation necessary.

PT MONITORING DUE TO SI AND ATTEMPT

## 7. Requesting Provider Attestation

NOTE: The requesting provider must 1)have adequate knowledge of the member's condition to attest to the information contained in the form; 2) be one of the provider types identified below; and 3) be enrolled in MassHealth (or, in the case of a physician designee, be a registered nurse supervised by a physician who is enrolled in MassHealth).

ATTESTATION: I certify under the pains of perjury that the information on this form and any attached statement that I have provided has been reviewed and signed by me, and is true, accurate, and complete, to the best of my knowledge. I also certify that I am the provider identified below. I understand that I may be subject to civil penalties or criminal prosecution for any falsification, omission, or concealment of any material fact contained herein.

| Signature | Date | 2019-04-11 | Print Name | Teixeira, Jennifer |
|---|---|---|---|---|

| NPI (If Applicable) | | Tel. # | | Fax # | |
|---|---|---|---|---|---|
| Provider Type: | ☐ Dentist: | ☐ Managed care representative: | ☐ Nurse midwife: | ☐ Nurse practitioner: | ☐ Physician |
| | ☐ Phsician Assistant: | ☒ Physician designee (Registered Nurse) | ☐ Psychologist | | |

Physician designees only: Provide the following information for supervising physician.

Name

| NPI | | Tel. # | | Fax #: | |
|---|---|---|---|---|---|

**Tpr. Kearns. 000063**

**<u>EXHIBIT 15</u>**

11/04/2020 2:13:39 PM -0500 FAXCOM                    PAGE 18   OF 24

**Morton Hospital**                 Name: CLAPP,KEVIN S | MR #:  MH00986048
**Steward Health Care**             Acc#: MT0074578980
88 Washington Street                Age: 56|Sex: M|DOB: 08/12/1959
Taunton, MA 02780                   Location: ED.EXPMH | Room: | Bed:
                                    ED Arrival Date/Time: 03/08/16 2154
                                    ED Provider:Musisca, Nicholas

---

**ED Report**

Patient has been to palpation of the right shoulder that is mild. Small ecchymosis to the right shoulder. Patient has full range of motion of both extremities. 5 out of 5 grip in both hands. Patient able about both of his legs 5 for 5)
**Neuro:** A&O X 3, Nonfocal, Motor grossly normal, Sensory grossly normal, CN 2-12 intact
**Psych: States SI**
**Skin:** Warm, Dry

### Results/Orders

- **Results and Orders**
**Result Diagrams:**

03/08/16 23:05

15.6H   16.2 / 235
        48.3

03/08/16 23:05

138 | 98 | 15 | 121H
4.4 | 27 | 0.9

**Lab Results:**
**Lab Testing & Results**

**03/08/16 23:05: WBC 15.6 H**, RBC 5.43, Hgb 16.2, Hct 48.3, MCV 89.0, MCH 29.8, MCHC 33.5, RDW 13.0, Plt Count 235, Immature Gran % (Auto) 0.4, Neut % (Auto) 74.2, Lymph % (Auto) 15.2, Mono % (Auto) 8.7, Eos % (Auto) 1.3, Baso % (Auto) 0.2, Immature Gran # (Auto) 0.06, **Neut # 11.6 H**, Lymph # 2.4, **Mono # 1.4 H**, Eos # 0.2, Baso # 0.0, Sodium 138, Potassium 4.4, Chloride 98, Carbon Dioxide 27, Anion Gap 13, BUN 15, Creatinine 0.9, Estimated Creat Clear 109.5, Est GFR (MDRD) Af Amer > 60, Est GFR (MDRD) Non-Af > 60, BUN/Creatinine Ratio 16.7, **Glucose 121 H**, Calcium 9.1, TSH 2.65, Ethyl Alcohol < 10

**Medications Ordered:**

**Discontinued Medications**

Acetaminophen (Tylenol)  975 mg PO ONCE ONE
      Stop: 03/08/16 22:27
      Last Admin: 03/08/16 22:40  Dose: 975 MG

**Radiology Orders:**
**Radiology Orders**

03/08/16 22:26
Shoulder 2+ Views Stat

---

CLAPP,KEVIN S|MT0074578980                                      *Signed*
Page 3
Report #: MR0308-0596

**Tpr. Kearns 000125**

11/04/2020 2:13:39 PM -0500 FAXCOM                              PAGE 19   OF 24

**Morton Hospital**
**Steward Health Care**
88 Washington Street
Taunton, MA 02780

Name: CLAPP,KEVIN S | MR #: MH00986048
Acc#: MT0074578980
Age: 56|Sex: M|DOB: 08/12/1959
Location: ED.EXPMH | Room: | Bed:
ED Arrival Date/Time: 03/08/16 2154
ED Provider:Musisca, Nicholas

---

                                    **ED Report**

---

### Course/MDM

**- MDM**
**Medical Decision Making:**
**Patient here who has suicidal ideation after being arrested. Will get medical panel and crisis to clear. I think this patient is being manipulative because he is going to prison without male.**

### Disposition

**- Diagnosis**
**(1) Suicidal ideation**
**Status:** Acute   **Current Visit:** Yes

**(2) Right shoulder pain**
**Status:** Acute   **Current Visit:** Yes

**- Attestation**
**Has a problem been entered onto the patient's problem list:** Yes (NOTE: PATIENT BEING TRANSFERRED TO PRISON)

**- Discharge**
**Disposition:** HOME SELF-CARE (01)

<Electronically signed by Nicholas Musisca, MD> 03/09/16 0014

cc: Cohen,Eric R MD*

---

CLAPP,KEVIN S|MT0074578980                              *Signed*
Page 4
Report #: MR0308-0596

**Tpr. Kearns 000126**

Status: **Signed**

**Morton Hospital**
Steward Health Care
88 Washington Street
Taunton, MA 02780
508-828-7000

| Name: CLAPP,KEVIN S | Medical Record #: MH00986048 |
|---|---|
| | Account #: MT0074578980 |
| Date of Birth: 08/12/1959 Age: 56 Sex: M | Location: ED.EXPMHRoom/Bed: Report #: DI0309-0002 |
| Ordering MD: Nicholas Musisca Attending MD: Primary Care MD: Cohen,Eric R MD | |

### Diagnostic Imaging

**Date of Exam: 03/08/16**

**Orders:** Shoulder 2+ Views Right (side)

**Reason for Exam:** right shoulder pain
**Accession #:** 100000703974  **CPT4 Code:** 73030
Right shoulder (four views)

History: Right shoulder pain

There is no fracture, dislocation, erosion, or soft tissue calcification.

Impression: Negative.

_____
**Dictated by:** Taus,Richard MD
**Electronically Signed by:** Taus,Richard MD

**Tech:** BH007  **D:** 03/09/16 0642  **T:** 03/09/16 0642 CCRRAD01  **S/P:** 03/09/16 0643

**cc's:** Cohen,Eric R MD; Musisca,Nicholas MD;*

**Tpr. Kearns 000127**

**Morton Hospital**
**Steward Health Care**
88 Washington Street
Taunton, MA 02780

Name: CLAPP,KEVIN S MR#: MH00986048
Acct#: MT0074578980
Age: 56|Sex: M|DOB:08/12/1959
Loc: ED.EXPMH Room: Bed:
ED Arrival Dt/Time:03/08/16/2154
ED Provider:Musisca, Nicholas

---

### ED Report

Your Discharge Instructions:
SHOULDER PAIN

Your Prescriptions:
Ibuprofen (Motrin) 600 Milligram # 15 Tablets 1 TABLET Q 8 HOURS AS
NEEDED (0 Refills). Printed

Your Referrals:
Musisca,Nicholas MD 03/09/16 0002

CLAPP,KEVIN S|MT0074578980                    *Signed*
Report#:0309-0007
Page 1 of 1

**Tpr. Kearns 000128**

**Morton Hospital**                   Name: CLAPP,KEVIN S MR#: MH00986048
**Steward Health Care**               Acct#: MT0074578980
88 Washington Street                  Age: 56|Sex: M|DOB:08/12/1959
Taunton, MA 02780                     Loc: ED.EXPMH Room: Bed:
                                      ED Arrival Dt/Time:03/08/16/2154
                                      ED Provider:Musisca, Nicholas

---

**ED Report**

Your Discharge Instructions:
SHOULDER PAIN

Your Prescriptions:
Ibuprofen (Motrin) 600 Milligram # 15 Tablets 1 TABLET Q 8 HOURS AS
NEEDED (0 Refills). Printed

Your Referrals:
Musisca,Nicholas MD 03/09/16 0002

CLAPP,KEVIN S|MT0074578980                      *Signed*
Report#:0309-0008
Page 1 of 1

**Tpr. Kearns 000129**



History Viewer for CLAPP, KEVIN S  CH0234049

**Collection Date**
**03/28/2016 23:05**

| Test | Result |
|---|---|
| White Blood Count | 15.6 X10 3/uL  (4.5-11.0)  H |
| Red Blood Count | 5.43 X10 6/uL  (4.00-5.50) |
| Hemoglobin | 16.2 g/dl  (12.0-17.0) |
| Hematocrit | 48.3 %  (35.0-50.0) |
| Mean Corpuscular Volume | 89.0 fl  (80.0-100.0) |
| Mean Corpuscular Hemoglobin | 29.8 pg  (27.0-34.0) |
| Mean Corpuscular Hemoglobin Concent | 33.5 g/dl  (31.0-36.0) |
| Red Cell Distribution Width | 13.0 %  (11.5-15.0) |
| Platelet Count | 235 X10 3/uL  (150-400) |
| Neutrophils (%) (Auto) | 74.2 % |
| Lymphocytes (%) (Auto) | 15.2 % |
| Monocytes (%) (Auto) | 8.7 % |
| Eosinophils (%) (Auto) | 1.3 % |
| Basophils (%) (Auto) | 0.2 % |
| Immature Granulocyte % (Auto) | 0.4 % |
| Immature Granulocyte # (Auto) | 0.06 X10 3/uL  (0.00-0.09) |
| Neutrophils # (Auto) | 11.6 X10 3/uL  (1.5-7.8)  H |
| Lymphocytes # (Auto) | 2.4 X10 3/uL  (1.0-4.8) |
| Monocytes # (Auto) | 1.4 X10 3/uL  (0.0-0.8)  H |
| Eosinophils # (Auto) | 0.2 X10 3/uL  (0.0-0.5) |
| Basophils # (Auto) | 0.0 X10 3/uL  (0.0-0.2) |

Lab Report

Close

Tpr. Kearns 000130



History Viewer for CLAPP,KEVIN S  CH0224649

Lab Report

Close

**Collection Date**
03/04/2016 23:05

| Test | Result |
| --- | --- |
| Thyroid Stimulating Hormone (TSH) | 2.65 uIU/ml  (0.34-5.60) |
| Glucose Level | 121 mg/dL  (<100 -Fasting)  H |
| Blood Urea Nitrogen | 15 mg/dl  (5-25) |
| Creatinine | 0.9 mg/dl  (0.6-1.4) |
| Estimated Creatinine Clearance | 109.5 ml/mn |
| Estimated GFR (MDRD) African Amer | > 60  (>=60 mL/min/) |
| Estimated GFR (MDRD) Non-Af Amer | > 60  (>=60 mL/min/) |
| BUN/Creatinine Ratio | 16.7  (10-20) |
| Sodium Level | 138 mmol/L  (137-146) |
| Potassium Level | 4.4 mmol/L  (3.5-5.3) |
| Chloride Level | 96 mmol/L  (98-107) |
| Carbon Dioxide Level | 27 mmol/L  (23-32) |
| Anion Gap | 13 mmol/L  (5-15) |
| Calcium Level | 9.1 mg/dl  (8.6-10.3) |
| Ethyl Alcohol Level | < 10 mg/dl  (<10) |

Tpr. Kearns 000131

**EXHIBIT 16**



The Commonwealth of Massachusetts

*County of Plymouth*

**Sheriff's Department**



24 Long Pond Road

Plymouth, MA 02360
Telephone: (508) 830-6200
Fax: (508) 830-6316
www.pcsdma.org

Joseph D. McDonald, Jr.
Sheriff

December 4, 2020

Gerald C. Pudolsky
Special Sheriff

*Accredited by:*



American Correctional Association

Joseph G. Donnellan, Esq.
Rogal & Donnellan, P.C.
100 River Ridge Drive
Suite 203
Norwood, MA 02062

RE:  Clapp v. Baker, et. al.

Dear Mr. Donnellan:

With regard to the above-entitled matter and pursuant to the attached Subpoena to Testify at Deposition, enclosed please find booking photographs.

Sincerely,

Patrick C. Lee
General Counsel

**Tpr. Kearns 000203**

AO 88A  (Rev. 02/14) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
District of Massachusetts

| | |
|---|---|
| .KEVIN CLAPP | ) |
| *Plaintiff* | ) |
| v. | )    Civil Action No.   1:18-CV-10426-ABS |
| CHARLES BAKER, ET AL., | ) |
| *Defendant* | ) |

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To:              Keeper of the Records
                 Plymouth County Sheriff's Department
              *(Name of person to whom this subpoena is directed)*

☑ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

| Place: Rogal & Donnellan, PC | Date and Time: |
|---|---|
| 100 River Ridge Drive, Suite 203 Norwood, MA 02062 | 12/10/2020 10:00 am |

The deposition will be recorded by this method:    Stenographic

☑ *Production:* You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material: See Schedule A attached.

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:    11/25/2020

             *CLERK OF COURT*

                                 OR

                                         /s/ Joseph G. Donnellan

           *Signature of Clerk or Deputy Clerk*                  *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*   Tpr. Scott Kearns
_____ , who issues or requests this subpoena, are:
Joseph G. Donnellan, 100 River Ridge Dr., S. 203, Norwood, MA 02062; jdonnellan@rogalanddonnellan.com;
781-255-1200

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

**Tpr. Kearns 000204**

AO 88A  (Rev.  02/14) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No.  1:18-CV-10426-ABS

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____.

☐ I served the subpoena by delivering a copy to the named individual as follows: _____

_____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____.

My fees are $ _____ for travel and $ _____ for services, for a total of $    0.00    .

I declare under penalty of perjury that this information is true.

Date: _____          _____
                                              *Server's signature*

                                              _____
                                              *Printed name and title*

                                              _____
                                              *Server's address*

Additional information regarding attempted service, etc.:

**Tpr. Kearns 000205**

AO 88A  (Rev. 02/14) Subpoena to Testify at a Deposition in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

(1) *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
(A) within 100 miles of where the person resides. is employed, or regularly transacts business in person; or
(B) within the state where the person resides. is employed, or regularly transacts business in person, if the person
(i) is a party or a party's officer; or
(ii) is commanded to attend a trial and would not incur substantial expense.

(2) *For Other Discovery.* A subpoena may command:
(A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
(B) inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

(1) *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

(2) *Command to Produce Materials or Permit Inspection.*
(A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
(B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
(ii) These acts may be required only as directed in the order. and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) *Quashing or Modifying a Subpoena.*

(A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;
(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
(iv) subjects a person to undue burden.
(B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information; or
(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
(C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
(ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

(1) *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

(A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
(B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
(C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
(D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) *Claiming Privilege or Protection.*
(A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
(i) expressly make the claim; and
(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected. will enable the parties to assess the claim.
(B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

**Tpr. Kearns 000206**

**Clapp** v. **Baker, et al.**, 1:18-CV-10426-ABS

## SCHEDULE A*

All documents in your possession, custody or control pertaining to the following:

1. The complete file reflecting the custody of KEVIN CLAPP, DOB: August 12, 1959 Social Security No.: xxx-xx-4691 covering the time period of March 7-10, 2016, including, but not limited to, intake sheet, contact sheet, assignments, bail documents, assessments and transfer documents.

2. Copies of any and all photographs of KEVIN CLAPP while in the custody of the Plymouth County Sheriff's Department.

3. Any other document in the custody, possession or control of the Plymouth County Sheriff's Department not specifically mentioned above that pertains to KEVIN CLAPP, DOB: August 12, 1959 Social Security No.: xxx-xx-4691 and his custody by the Plymouth County Sheriff's Department.

For the purpose of this subpoena, the term "Document" means any handwritten, typed, photographed, computerized, electronic, audio, video, or other graphical matter, regardless of how it is printed, stored or reproduced, in your possession, custody, or control. Any Documents with any marks or notations, including but not limited to initials, routing instructions, date stamps, and any comments, marking or notation of any character, is to be considered a separate document.

*Compliance with this subpoena to produce documents may be accomplished by providing copies of the above subpoenaed documents along with a certification that such documents are true copies of the originals and that such documents are kept in the ordinary course of business by Brewster Ambulance to Joseph G. Donnellan, Rogal & Donnellan, P.C., 100 River Ridge Drive, Suite 203, Norwood, Massachusetts 02062 prior to December 8, 2020. If the documents are produced prior to December 8, 2020 there will be no need for you to appear at the deposition scheduled for December 10, 2020 at 10:00 a.m. Contact Joseph Donnellan @ jdonnellan@rogalanddonnellan.com or 617-875-7906 with any questions regarding your obligations under this subpoena.



The Commonwealth of Massachusetts

*County of Plymouth*

**Sheriff's Department**

24 Long Pond Road
Plymouth, MA 02360
Telephone: (508) 830-6200
Fax: (508) 830-6316
www.pcsdma.org



Joseph D. McDonald, Jr.
Sheriff

Gerald C. Pudolsky
Special Sheriff

Accredited by:



American Correctional Association

## CERTIFICATION OF RECORDS

I, ADS Paul Greenwood, Keeper of Booking/Transportation Records, Plymouth County Correctional Facility, state the following with regard to the attached copies of records:

1.    The records are made in good faith;

2.    The records are made in the regular course of business;

3.    The records are generated for purposes unrelated to litigation;

4.    It is within the regular course of business to make records at the time of act, transaction, occurrence or within reasonable time thereafter.

5.    The attached records are true and accurate copies of records maintained at Plymouth County Correctional Facility.

ADS Paul Greenwood
Keeper of Booking/Transportation Records

DATED: December 4, 2020

ABINGTON • BRIDGEWATER • BROCKTON • CARVER • DUXBURY • EAST BRIDGEWATER • HALIFAX • HANOVER • HANSON • HINGHAM
HULL • KINGSTON • LAKEVILLE • MARION • MARSHFIELD • MATTAPOISETT • MIDDLEBOROUGH • NORWELL • PEMBROKE • PLYMOUTH
PLYMPTON • ROCHESTER • ROCKLAND • SCITUATE • WAREHAM • WEST BRIDGEWATER • WHITMAN

Tpr. Kearns 000208



Tpr. Kearns 000209





Tpr. Kearns 000211



# Plymouth County Correctional Facility
## Inmate Booking Record  Pre-Arraignment
### 2016/03/09        01:09



**CLAPP, KEVIN S**
79 BROOKVILLE AVENUE
BROCKTON, MA 02302
(617) 413-2770

| | |
|---|---|
| Booking # | **21601102** |
| Inmate ID | **69011** |
| DOB | **1959/08/12** |
| AGE | **56** |
| SSN | **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** |



Detainers Outstanding: **None**
Risk Types:
Risk      :
Comments

Alias Used:
Warrant Info:

---

## Commitment Info              Booking Code:    **SAFEK**

| | | | | |
|---|---|---|---|---|
| By: | **Stoughton District** | Arrested By: **MIDDLEBORO S.P.** | Disposed: | **Brockton District** |
| Ref#: | **1655CR00281** | Next Court Dt: **2016/03/09** | Bail: | **No Bail** |
| OBTN: | **JPHC021601102** | SID: | FBI: | |
| | | | Alt. ID: | |

| Offenses | Offense Type | Statute | Bail |
|---|---|---|---|
| **STALKING** | _ | **265S43** | **No Bail** |

---

## Personal Info

Sex: **M**  Hair: **BRO**   Eyes: **BLU**   Hgt: **6'3"**    Wgt: **320**    Race: **WHT**    Ethnicity: **ITL**
Hair Length: **MED**   Teeth: **NRM**  Handed: **R**    Build: **OBS**   Speech: **NRM**    Language: **ENG**
Skin Ton:**FAR**     Marital Sts: **D**    Children: **0**      Religion: **CTH**      Education: **GE**
Military: **NSR**   Occu.: **DISABLED**          POB: **QUINCY**
Citizen: **UNITED STATES**            Self Reported Physical          **POOR**
Scars, Marks, Tattoos:

---

## Family Info

Spouse:                              Phone:

Mother: **CLAPP, PHYLLIS**                   Phone:
                                   **Deceased**
Father: **CLAPP, ARTHUR**                    Phone:
                                   **Deceased**
Emergency: **CLAPP, ARTHUR**                 Phone: **(781) 333-9622**
          217 LOTHROV, TAUNTON, MA           **BROTHER**

Inmate's                              Officer's    **Maus, Joshua**
Signature:                            Signature:

---

**Tpr. Kearns 000212**

| LEAVE BLANK | CRIMINAL | | | (STAPLE HERE) | | | LEAVE BLANK | | | |
|---|---|---|---|---|---|---|---|---|---|---|

STATE USAGE
NFF SECOND

SUBMISSION   APPROXIMATE CLASS   AMPUTATION   SCAR

STATE USAGE

LAST NAME, FIRST NAME, MIDDLE NAME, SUFFIX

CLAPP, KEVIN S

SIGNATURE OF PERSON FINGERPRINTED

SOCIAL SECURITY NO.

LEAVE BLANK

ALIASES/MAIDEN
LAST NAME, FIRST NAME, MIDDLE NAME, SUFFIX

| FBI NO. | STATE IDENTIFICATION NO. | DATE OF BIRTH   MM   DD   YY | SEX | RACE | HEIGHT | WEIGHT | EYES | HAIR |
|---|---|---|---|---|---|---|---|---|
| | | 08/12/1959 | M | W | 603 | 320 | BLU | BRO |

| 1. R. THUMB | 2. R. INDEX | 3. R. MIDDLE | 4. R. RING | 5. R. LITTLE |
|---|---|---|---|---|

| 6. L. THUMB | 7. L. INDEX | 8. L. MIDDLE | 9. L. RING | 10. L. LITTLE |
|---|---|---|---|---|

TP5300 000306

Lexmark   Universal                    20160309   01:49:49

L. THUMB   R. THUMB

FOUR FINGERS TAKEN SIMULTANEOUSLY

L. THUMB   R. THUMB

RIGHT FOUR FINGERS TAKEN SIMULTANEOUSLY

**Tpr. Kearns 000213**



# Plymouth County Correctional Facility
## Inmate Booking Record  Pre-Arraignment
## 2016/03/09          01:09

**CLAPP, KEVIN S**
79 BROOKVILLE AVENUE
BROCKTON, MA 02302
(617) 413-2770

| | |
|---|---|
| Booking # | **21601102** |
| Inmate ID | **69011** |
| DOB | **1959/08/12** |
| AGE | **56** |
| SSN | **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** |



Detainers Outstanding: **None**
Risk Types:
Risk          :
Comments

Alias Used:
Warrant Info:

---

## Commitment Info          **Booking Code:    SAFEK**

| | | | |
|---|---|---|---|
| By: | **Stoughton District** | Arrested By: **MIDDLEBORO S.P.** | Disposed: **Brockton District** |
| Ref#: | **1655CR00281** | Next Court Dt: **2016/03/09** | Bail: **No Bail** |
| OBTN: | **JPHC021601102** | SID: | FBI: |
| | | | Alt. ID: |

| Offenses | Offense Type | Statute | Bail |
|---|---|---|---|
| **STALKING** | _ | **265S43** | **No Bail** |

## Personal Info

Sex: **M**  Hair: **BRO**   Eyes: **BLU**   Hgt: **6'3"**    Wgt: **320**   Race: **WHT**      Ethnicity: **ITL**
Hair Length: **MED**  Teeth: **NRM**  Handed: **R**   Build: **OBS**  Speech: **NRM**     Language: **ENG**
Skin Ton:**FAR**      Marital Sts: **D**   Children: **0**    Religion: **CTH**        Education: **GE**
Military: **NSR**   Occu.: **DISABLED**          POB: **QUINCY**
Citizen: **UNITED STATES**          Self Reported Physical          **POOR**
Scars, Marks, Tattoos:

## Family Info

Spouse:                                             Phone:

Mother: **CLAPP, PHYLLIS**                          Phone:
                                                    **Deceased**
Father: **CLAPP, ARTHUR**                           Phone:
                                                    **Deceased**
Emergency: CLAPP, ARTHUR                            Phone: (781) 333-9622
          **217 LOTHROV, TAUNTON, MA**             **BROTHER**

Inmate's _signature_                               Officer's _signature_  Maus, Joshua
Signature:                                         Signature:

**Tpr. Kearns 000214**

Plymouth County
Sheriff's Department

Policy 413
Attachment 3

## SAFE-KEEP INFORMATION FORM

Date: 3/9/16

Arresting Agency: MSP

| TRANSPORTATION TO PCCF PROVIDED BY | |
|---|---|
| ☐ ARRESTING AGENCY | ☐ PLYMOUTH COUNTY SHERIFF'S DEPARTMENT |
| ☐ OTHER: (Explain) : MSP | |
| TRANSPORTING OFFICER: TPR DASILVA (Please Print) | BADGE / SHIELD # 3568 |

### PRISONER INFORMATION

Prisoner's Name: CLAPP (Last)   KEVIN (First)   S (Middle)

Prisoner's Home Address: 79 BROOKVILLE AVE (Street Address)

BROCKTON, MA. 02302 (City, Town, State, Zip Code)

Phone #: _____   Social Security # 026 50 4691

Date of Birth: 8/12/59   Age: 36

### ARRESTED BY VIRTUE OF

☑ WARRANT   ☐ APPLICATION FOR COMPLAINT   ☐ CITATION

☐ OTHER ; (Describe) WARRANT out of Stoughton Court
FOR STALKING and THREATS to
commit a crime

### PRISONER OBSERVATIONS

DOES THE PRISONER HAVE ANY KNOWN PHYSICAL INJURIES ? ☑ YES ☐ NO If yes, please describe: Complaint of shoulder pain

DOES THE PRISONER HAVE ANY KNOWN MEDICAL CONCERN? ☐ YES ☑ NO If yes, please describe:

IS THE PRISONER CURRENTLY TAKING ANY PRESCRIBED MEDICATIONS? ☑ YES ☐ NO If yes, please describe: Percocet, VASOTEC
Lipitor, Toprol, CYMBALTA, XANAX

DOES THE PRISONER APPEAR TO BE UNDER THE INFLUENCE OF ALCOHOL OR A CONTROLLED SUBSTANCE ? ☐ YES ☑ NO If yes, please describe:

DOES THE PRISONER HAVE ANY SUICIDAL, PSYCHIATRIC OR KNOWN MENTAL ILLNESSES? ☑ YES ☐ NO If yes, please describe: statement to NURSE
Dr. to slice wrist

Acceptance of a Safe-keep prisoner will be at the discretion of the On-duty Shift Commander, and will otherwise accomplished by observation of the prisoner, review of this form, and conferring with the booking officer and the on-duty medical staff member.

Stearns 000215

03/09/2016 02:18 FAX

## ARREST INFORMATION

**WARRANT INFORMATION:**

WARRANT #: 1655CR00281   DATE OF ISSUE: 3/8/16

ISSUING COURT: Norfolk Dist Court

CHARGES: Stalking + Threats to commit a crime

☒ Straight   ☐ Default   ☐ Capis   ☐ Violation of Terms of Parole

**WARRANTLES:**

X DATE OF ARREST: 3/8/16   TIME OF ARREST: 1915   ☐ A.M. ☒ P.M.

CHARGES: SAME

## BAIL INFORMATION

☒ NOT ELIGIBLE FOR BAIL

☐ BAIL ELIGIBLE FOR : $ _____

☐ BAIL WAS SET BY A CLERK OF _____ COURT.

☐ BAIL WAS SET BY A BAIL COMMISIONER AT THE Plymouth County Correctional Facility.

## VICTIM WITNESS NOTIFICATION

☐ YES   ☐ ARRESTING AGENCY TO MAKE NOTIFICATION   ☐ SEE ATTACHED   ☐ NONE REQUIRED

## TRANSPORTATION TO COURT TO BE PROVIDED BY

☐ ARRESTING AGENCY   ☒ PLYMOUTH COUNTY SHERIFF'S DEPARTMENT

☐ OTHER: (Explain) :

☐ SUPERIOR COURT   ☒ BROCKTON DISTRICT COURT   ☐ BROCKTON   ☐ HINGHAM   ☐ WAREHAM   ☐ PLYMOUTH

## SECTION TO BE COMPLETED BY PLYMOUTH COUNTY SHERIFF'S DEPARTMENT

☒ Copy of Booking Report   ☐ Copy of Warrant / Writ etc. Provided (When Applicable)

☒ Copy of Police Report (When Applicable)   ☐ Copy of Pr _____ Receipt (With acceptable Property)

☐ Copy of Q-5 / suicide check via NCIC / Leaps / CJIS etc run by the Police Departm.

☐ I approve acceptance of the above listed Safe-keep prisoner.

☐ I am denying the acceptance of the above listed Safe-keep prisoner. (See attached incident report)

SHIFT COMMANDER / DESIGNEE SIGNATURE: _____   DATE: _____

Officer releasing custody of Safe-keep prisoner SIGNATURE: _____   DATE: 3-9-16

Booking Officer SIGNATURE: _____   Tpr. Kearns 000216

03/09/2016 02:18 FAX



# ARREST REPORT
## State Police Middleboro

326 West Grove Street
Middleboro, MA
(508) 947-2222

## CASE # 2016-0D4-000993

Invest Officer:  Trooper Andrew DaSilva ID# 3568                    Court: Brockton DC
Agency:          D-HQ - CAT Team

Activity Date/Time 03/08/2016 1915          Incident Class: Investigation Warrant

Location: 79 BROOKVILLE AVENUE, BROCKTON, MA



**Last:** **CLAPP**

**First:** **KEVIN**

| | | | |
|---|---|---|---|
| Middle: | S | Race: | White |
| Suffix: | | Sex: | Male |
| DOB: | 08/12/1959 | Height: | 603 |
| Age: | 56 | Weight: | 320 |
| SSN: | 026504891 | Hair Color: | Brown |
| License #: | S20650253 | Eye Color: | Blue |
| Lic. State: | MA | Build: | Heavy |
| Address: | 79 BROOKVILLE AVE | Complexion: | Light |
| City/Town: | BROCKTON | Marital Stat: | Divorced |
| State: | MA | Spouse: | |
| Zip Code: | 02302 | Father: | Arthur |
| Phone #: | 6174132770 | Mother: | Phyllis |
| Occupation: | Disabled | Dependents: | 0 |
| Employer: | N/A | Birth Place: | MA |
| Emp. Add: | | Citizenship: | USA |
| Emp. Phn: | N/A | | |

**OBTN: TSDH201601353**
Booked @ Middleboro

| | |
|---|---|
| Custody Status: | |
| Booking Officer: | Trooper Andrew DaSilva ID# 3568 |
| Desk Officer: | Trooper Frank Ashley ID# 3382 |
| Photo Officer: | Trooper Andrew DaSilva ID# 3568 |
| Miranda Given: | Y    Trooper Andrew DaSilva ID# 3568 |
| Print Officer: | Trooper Andrew DaSilva ID# 3568 |
| Lang Rights: | N/A |
| Visible Injuries: | N |
| Positive Q5: | N |
| Phone Used: | Y |
| Number Called: | |
| M/W: | Y |
| Detox Notified: | N |
| Medications: | Percocet, Valium, Xanax, Cymbalta, |
| Offered BT: | N/A |
| Refused BT: | |
| BT Results: | 0.000   0.000   0.000 |
| Bailed To: | |

**Charge(s):**

WRNT WARRANT 1655CR00281

Alias(es):                                              Distinguishing Marks:

Status: Approved
Approved by: #Sergeant James Cruz ID# 2150

03/09/2016 02:18 FAX                                                                                     ☒0004/0006



# ARREST REPORT
## State Police Middleboro

326 West Grove Street
Middleboro, MA
(508) 947-2222

## CASE # 2016-0D4-000993

| | | |
|---|---|---|
| Invest Officer: | Trooper Andrew DaSilva ID# 3568 | Court: Brockton DC |
| Agency: | D-HQ - CAT Team | |

**Vehicle(s):**

**Other Property/Evidence Involved in Case:**

**Arrest Narrative:**

CLAPP, Kevin

**By Trooper Andrew J DaSilva #3568**

1.   On Tuesday, March 8, 2016, I, Tpr. Andrew DaSilva #3568, was assigned to the DHQ-CAT, out of the City of Brockton.  At approximately 1915 Hours, troopers from the Norfolk SPDU requested assistance in serving an arrest warrant at 79 Brookville Avenue, in the City of Brockton.  Upon arrival, I observed several troopers and a male subject, who was currently in hand cuffs.  The male subject was further identified as CLAPP, Kevin, 8/12/59.  The troopers from Norfolk SPDU possessed an active straight warrant, Warrant #1655CR000281, out of Stoughton DC, for the following charges: Chapter 265/43/A Stalking and Chapter 275/2 Threat To Commit A Crime.

2.   CLAPP was further pat frisked and instructed to sit in the rear of Cruiser 1837, however refused to do so.  Tpr. Andrew Mason #3649 and I instructed CLAPP to sit in the rear of the cruiser several additional times; however he failed to comply.  Tpr. Mason and I then guided CLAPP into the cruiser with minimal force.  CLAPP was then transported to D-4, SP Middleboro without injury or incident.

3.   Upon arrival, CLAPP was properly booked and processed.  Bail Commissioner Manchester was contacted and denied to set bail.  At this time, CLAPP began to complain of shoulder pain, which he stated was due to sustaining a previous injury while interacting with the troopers from the Norfolk SPDU.  Upon stating this, Middleboro EMS was requested to respond to the barracks for an evaluation.  Middleboro EMS arrived shortly thereafter and transported CLAPP to Morton Hospital for a further evaluation.

Trooper Andrew J DaSilva #3568                                    Trooper Andrew J DaSilva #3568

Status: Approved
Approved by: #Sergeant James Cruz ID# 2150      Sup Tpr. **Kearns 000218**

Trooper Andrew DaSilva ID# 3568

03/09/2016 02:18 FAX                                                        ☒0005/0006



**ARREST REPORT**

**State Police Middleboro**

326 West Grove Street
Middleboro, MA
(508) 947-2222

**CASE # 2016-0D4-000993**

| Invest Officer: | Trooper Andrew  DaSilva ID# 3568 | Court: Brockton DC |
| Agency: | D-HQ - CAT Team | |

Narrative of Tpr. Brian Tully

By Trooper Andrew  J DaSilva #3568

On March 8, 2016, at approximately 1700 hours, I, Tpr. Brian Tully, was advised by Tpr. Bruce Tobin that he had a signed warrant in hand from Stoughton District Court for Kevin CLAPP for various offenses. I began surveillance of CLAPP's residence, 79 Brookville Ave., Brockton, MA. Sgt. Brian Brooks, Tpr. Tobin and Tpr. Scott Kearns later joined in the surveillance.

At approximately 1915 hours, Tpr. Kearns observed a vehicle registered to CLAPP, MA registration 1GC982, a 2003 green Mercury Marquis, pull into the driveway of 79 Brookville Ave and park. I approached the vehicle on foot with a Massachusetts State Police badge on a chain around my neck. As I approached the vehicle, I observed the driver's door open and CLAPP seated in the driver's seat. CLAPP was the sole occupant of the vehicle. I identified myself as a Trooper with the Massachusetts State Police and asked the operator if he was Kevin CLAPP, which the operator responded he was Kevin CLAPP. I stated to CLAPP that he had a warrant issued for his arrest and that he was under arrest. I grabbed his left hand and the collar of his jacket and asked him to step out of the vehicle. CLAPP yelled that he refused to get out of the vehicle. I instructed CLAPP to exit the vehicle two more times, to which he replied that he would not get of the vehicle. CLAPP stated he would not get out of the vehicle until he saw a copy of the warrant. With his right hand, CLAPP began going through a bag on the passenger seat. I instructed CLAPP to not reach into the bag as I could not see its contents. Tpr. Tobin retrieved a copy of the warrant and showed it to CLAPP through the front passenger door. CLAPP began to yell that the warrant is "bullshit" and continued to state that he would not get out of the vehicle. This interaction lasted approximately 4 minutes while CLAPP passively resisted my commands to exit the vehicle. CLAPP continued to raise his voice and use profanity.

I informed CLAPP that if he did not exit the vehicle then I would have to use force in order to place him under arrest. CLAPP stated again that he would not exit the vehicle. I placed one handcuff on CLAPP's left wrist. CLAPP began to tense his left arm and actively attempted to pull away from me. I attempted to place CLAPP in an arm bar in order to extricate him from the vehicle. CLAPP resisted, leaned backwards and grabbed the steering wheel with his right hand. Sgt. Brooks called Brockton Police dispatch and State Police - Middleboro to request additional officers.

Tpr. Tobin began to push CLAPP from the passenger side of the vehicle. CLAPP began to kick his feet which were now outside of the driver's door. Tpr. Kearns grabbed both legs in order to prevent CLAPP from assaulting me. CLAPP continued to violently resist and was holding onto the steering wheel with his right hand and pulling away from my grasp of his left hand while kicking his feet. This active struggle of Tpr. Tobin pushing with Tpr. Kearns and I attempting to pull

Trooper Andrew  DaSilva ID# 3568          Status: Approved          **Tpr. Kearns 000219**
                          Approved by:  #Sergeant James Cruz ID# 2150   Supervisor

03/09/2016 02:19 FAX                                                                          ☐0006/0006



# ARREST REPORT
## State Police Middleboro

326 West Grove Street
Middleboro, MA
(508) 947-2222

## CASE # 2016-0D4-000993

| | | |
|---|---|---|
| Invest Officer: | Trooper Andrew DaSilva ID# 3568 | Court: Brockton DC |
| Agency: | D-HQ - CAT Team | |

CLAPP out of the vehicle lasted for over one minute. Sgt. Brooks retrieved a set of leg cuffs, and along with Tpr. Kearns, placed the leg cuffs on CLAPP. Tpr. Tobin, Kearns and I continued to attempt to extricate CLAPP from the vehicle. We were able to remove CLAPP from the vehicle and placed him on the paved driveway. I instructed CLAPP to roll onto his stomach. CLAPP refused and began to kick his feet in all directions. Tpr. Kearns had to lean on both of CLAPP's feet in order to prevent the violent failing. I again ordered CLAPP onto his stomach and he refused. I placed my right knee on CLAPP's left shoulder to prevent him from rolling onto his back. Tpr. Tobin and I were eventually able to place CLAPP on his stomach. Tpr. Kearns and I used two sets of handcuffs on CLAPP's wrists. Once CLAPP was secured, I rolled him onto his back and had him stand up. Tprs. Mason and DaSilva of the Troop D CAT team arrived, as well as officers from Brockton PD.

CLAPP stated that he had medication in his house that he needed. Tpr. Tobin asked CLAPP for permission to enter the residence in order to retrieve the medications. CLAPP refused, but continued to state that he needed his medication. Tpr. Tobin asked several more times that he would need permission to enter the home to retrieve the medications. CLAPP stated that Troopers could not enter his house. Tpr. DaSilva and Mason pat frisked CLAPP for weapons and asked him to have a seat in the rear of a marked State Police cruiser. CLAPP stated he would not get into the cruiser. CLAPP refused three more requests to sit in the cruiser. Tpr. DaSivla and Mason needed to use minimal force to get CLAPP into the rear of the cruiser. A Brockton PD Officer served CLAPP with a Harassment Order which had been issued to CLAPP out of Hingham District Court.

CLAPP was transported to SP Middleboro, where he was booked. During booking, CLAPP gave consent for officers to retrieve his medications from his residence. CLAPP gave very specific instructions on where a key was hidden in the garage and stated all of his medications were in the kitchen. Tpr. Kearns and I returned to 79 Brookville Ave., Brockton. I located the key where CLAPP stated and located the medication where CLAPP stated. I took custody of the following medications: Toprol 50 mg, Cymbalta 60 mg, Nitrostat .4 mg, Xanax 1 mg, Percocet 5-325 mg, Lipitor 40 mg, and Vasotec 10 mg. Tpr. Kearns and I returned the medications to SP Middleboro. Upon arrival to SP Middleboro, I was informed CLAPP was transported to Morton Hospital in Taunton for complaints of shoulder pain which was a result of the arrest.

CLAPP will be charged with MGL 268 C. 32B Resisting Arrest.

Plymouth County Sheriff's Department
Plymouth County Correctional Facility

Policy 268
Attachment 5

### BOOKING / INITIAL PREA RISK ASSESSMENT

Date: 3-9-16

Booking Officer: T-Silvr

Inmate Name: Clapp, Kevin

ID#: C9011

| | | Yes | No |
|---|---|---|---|
| 1. | Have you previously experienced sexual victimization? | ☑ | ☐ |
| 2. | Are you or have you ever been a victim of a sexual assault or rape while incarcerated? | ☐ | ☑ |
| 3. | Have you ever been placed in protective custody for sexual acts against you while incarcerated? | ☐ | ☑ |
| 4. | Are you currently under psychiatric care, a patient of the DMH or the DHS?  *depression, suicidal* | ☑ | ☐ |
| 5. | Do you have any mental health impairment? | ☑ | ☐ |
| 6. | Do you have any Physical Disabilities? | ☒ | ☐ |
| 7. | Do you have any Developmental Disabilities? | ☐ | ☑ |
| 8. | Are the inmate's crimes of a sexual non-violent? | ☐ | ☑ |
| 9. | Do you claim to be Gay or Bi-sexual? | ☐ | ☑ |
| 10. | Are you a member of the LGBTI Community or Gender non-conforming? | ☐ | ☑ |
| 11. | Have you ever been sexually abused or victimized outside the correctional setting? | ☐ | ☑ |
| 12. | Have you ever been placed in protective custody for violent acts against you while incarcerated? | ☐ | ☑ |
| 13. | Have you ever been involved in or been victimized by the sex industry? | ☐ | ☑ |
| 14. | Do you perceive yourself as vulnerable or easily taken advantage of? | ☐ | ☑ |
| 15. | Is the inmate being detained for Civil Immigration status only? | ☐ | ☑ |

*Observational Identifiers*

| | | Yes | No |
|---|---|---|---|
| 16. | Is the inmate small in stature? (5'4 and less than 3'6" tall and less than 130 lbs) | ☑ | ☐ |
| 17. | Is this a first time incarceration? (If so, did the inmate serve less than 30 days) | ☑ | ☐ |
| 18. | What is your current age? 56   Is the inmate under 18 years of age or over 65 years of age? | ☐ | ☑ |

SV = Inmate is identified and designated as a "Sexual Victim" for inmate answers yes to question 1, 2 or 3
PV = Inmate is identified and designated as a "Potential Victim" if inmate answers yes (3) or more questions (questions 4-18).
ND = No Designation   Note: A ND answer to question 5 & 6 requires an automatic referral to Mental Health

DESIGNATION: N D

| | | Yes | No |
|---|---|---|---|
| 1. | Is the inmate a predator w/ a known history of predatory sexual behavior while incarcerated? (Incarceration Provided?) | ☐ | ☑ |
| 2. | Have you ever forced someone sexually, against their will or forced anyone into sexual activity? | ☐ | ☑ |
| 3. | Do you have any STD / Blood affiliation? | ☐ | ☑ |
| 4. | Have you ever physically assaulted anyone? | ☑ | ☐ |
| 5. | Have you ever physically assaulted anyone while incarcerated? | ☐ | ☑ |
| 6. | Do you have a history of strong arming while incarcerated? | ☐ | ☑ |
| 7. | Do you have an institutional history of violence? | ☐ | ☑ |
| 8. | Have you ever been administratively segregated for acts of acts while incarcerated? | ☐ | ☑ |
| 9. | Do you have a history of counseling or treatment for assaultive behavior while incarcerated? | ☐ | ☑ |
| 10. | Do you have any anger management problems? | ☐ | ☑ |
| 11. | Have you ever received counseling or treatment for assaultive behavior? | ☐ | ☑ |
| 12. | Are you a registered sex offender? | ☐ | ☑ |
| 13. | Do you have any prior convictions for rape or child abuse? | ☐ | ☑ |
| 14. | Have you ever been charged with rape or child abuse? | ☐ | ☑ |
| 15. | Do you have any prior convictions for domestic violence? | ☐ | ☑ |
| 16. | Do you have any documented violations of a 209A order? | ☐ | ☑ |
| 17. | Do you have a history of sexual activity while incarcerated? | ☐ | ☑ |
| 18. | Have you ever been administratively segregated for sexual acts while incarcerated? | ☐ | ☑ |

SP = Inmate is identified and designated as a "Sexual Predator" if inmate answers to either question 1 or 2
PP = Inmate is identified and designated as a "Potential Predator" for yes answers to five or more questions (questions 3-18).
ND = No Designation   Note: A ND answer to question 1 or 2 requires an automatic referral to Mental Health

DESIGNATION: N P

*Inmate Certification*

I certify my answers to the above questions.

Inmate's Signature: [signature]   Date: 3-9-16

*Officer's Certification*

☐ Orientation Unit    ☐ Administrative Segregation    ☐ Single Cell in Booking Pending Classification

Based on information gathered at Booking requires placement of an Shift Commander

Officer's Signature & Title: T-Silvr   Date: 3-9-16

Tpr. Kearns 000221



# Commonwealth of Massachusetts

## Plymouth County Correctional Facility

### Property Seizure Receipt

INMATE:  KEVIN S CLAPP                          Inmate ID:   69011
Booking Number:        21601102      LOCATION:   253UP

REPORTING OFFICER:  _T. Silva_              DATE: _3-9-16_

TAKEN on commitment from the above the following personal items. All items except court clothes, glasses, hearing aids and approved prosthetic devices will be considered contraband.

CONTRABAND MUST BE REMOVED WITHIN THIRTY (30) DAYS or it will be disposed of.

| Quantity | Item | Description | Retained by Inmate |
|---|---|---|---|
| 1 | PANTS | BLUE | |
| 1 | SHOES | TAN | |
| 1 | T POLO (TORN) | WHITE | |

Dispose of my property in the following manner:

(   ) Destroy     (   ) Property will be picked up by (visitor): _____

(   ) Mail property at my expense      _____

(   ) Donate property to: _____

Inmate: X _____(Q-S)_____          Date _3-9-16_

Property Officer: _T. Silva_          Date _3-9-16_

I understand that it will be my responsibility to remove any and all of my property from the facility upon release. I further understand that any of my property not removed from this facility within thirty (30) days of the date of my release will be disposed/destroyed in a manner approved by the Deputy Superintendent and Property Officer of designees.

Inmate's Signature: _____ Date_____
Officer:_____ Date_____

I have received the above-listed property:

Received By: _____ Date_____
Property Officer:_____ Date_____

Inmate's CONTRABAND PROPERTY was disposed by (means) _____

on (date)_____
PROPERTY OFFICER:_____

**Tpr. Kearns 000222**

Printed:      3/9/2016      2:17



# Plymouth County Correctional Facility
## Screening Listing - Other Screening

**CLAPP, KEVIN S**

Inmate ID: **69011**          Booking #: **21601102**          Screening Date: **2016/03/09 02:00**

| Question | Response | Comment |
|---|---|---|
| Is the inmate at risk due to enemy issues, because of the nature of his charges or based upon other reliable or relevant information? | No | |
| Does the inmate appear to have TB, or any other highly transmissible disease, as determined from the receiving screening process? | No | |
| From the results of the receiving screening, does inmate present any limitations either from a handicap or the need for chronic care? | No | |
| Following the receiving screening process, does inmate possess any obvious signs of mental illness or emotional disturbances that preclude group living? | Yes | SIGNS OF MENTAL ILLNESS, MIDDLEBORO S.P. SAFEKEEP STATED THAT HE IS SUICIDAL |
| Based on information gathered during the booking / admission processes, is this inmate an acceptable canidate for temporary group housing in Orientation Unit pending further classification review? | No | MIDDLEBORO STATE PD SAFEKEEP, PLACED ON Q-5 PER HOSPITAL, REQUESTING PC STATUS |

Tpr Kearns 000223



# Plymouth County Correctional Facility
## Screening Listing - Medical

**CLAPP, KEVIN S**

Inmate ID: **69011**          Booking #: **21601102**          Screening Date: **2016/03/09 02:00**

| Question | Response | Comment |
|---|---|---|
| Is the inmate unconscious? | No | |
| Does the inmate have obvious pains or signs of trauma? | Yes | TORN SHIRT SUGGESTING RECENT FIGHT |
| Is inmate bleeding or other symptoms suggesting need for doctor's care? | No | |
| Is the inmate lethargic (drowsey)? | No | |
| Does the inmate have a persistant cough? | No | |
| Is there obvious fever or swollen lymph nodes? | No | |
| Is there evidence of jaundice/other infection that spread? | No | |
| Is there evidence of vermin, rashes, needle marks on the skin? | No | |
| Does the inmate appear to be under influence of alcohol and/or drugs? | No | |
| Are there visible signs of withdrawl from alcohol and/or drugs? | No | |
| Is inmate sweating, nausea, cramps, shakes, or vomiting? | No | |
| Do you observe any body deformities? | No | |
| Does the inmate's behavior suggest the risk of suicide? | Yes | STATES SUICIDAL, Q5 WATCH AUTHORIZED |
| Inmates behavior suggests risk of assault to staff/inmates? | No | |
| Is inmate carrying/need meds which should be available? | No | |
| Is inmate presently on meds for diabetes, heart disease, or epilepsy? | No | |
| Is inmate presently on meds for asthma, ulcers, high blood pressure? | No | |
| Is inmate presently on meds for psychiatric, allergies, or infection? | Yes | DEPRESSION AND ALLERGIC TO PENNICILIN |
| Is inmate presently on meds for arthritis or urinary tract disease? | No | |
| Do you have a special diet prescribed by a doctor? | No | |
| Any history of V.D. or now have discharge from penis? | No | |
| Have been recently hospitalized or seen doctor for med or psych.? | Yes | MORTON HOSPITAL (TAUNTON) TODAY, DISCHARGE PAPERWORK |

**Tpr. Kearns 000224**

# CLAPP, KEVIN S

Inmate ID: **69011**          Booking #: **21601102**          Screening Date: **2016/03/09 02:00**

| Question | Response | Comment |
|---|---|---|
| Any allergies to medication or food? | Yes | PROVIDED PENNICILIN |
| Have you recently fainted or had a head injury? | No | |
| Do you have epilepsy, diabetes, hepatitis, tuberculosis? | No | |
| Any alcohol and/or drug abuse? | No | |
| Do you have a painful dental condition? | No | |
| Do you have any other medical problem we should know? | Yes | RIGHT SHOULDER INJURY |
| Does the officer have any special remarks regarding inmate? | No | |
| Do you have urinary tract problems? | No | |
| I have informed inmate of medical services. | Yes | INFORMED |
| Any changes in appetite recently, either loss of appetite or over eating? | No | |
| Have you ever been arrested for a sexual offense? | [no response] | |
| Private Medical Coverage? | No | |
| Private Medical Coverage Carrier: | | |
| Private Medical Coverage Policy #: | | |
| Private Medical Coverage Effective: | ____ / __ | |
| Private Medical Coverage Expiration: | ____ / __ | |
| Financial Assistance - | | |
| Federal? | No | |
| State? | No | |
| Medicare? | No | |
| Details: | | |

**Tpr. Kearns 000225**
Page:      2      of  2



# Plymouth County Correctional Facility
## Suicide Form

### CLAPP, KEVIN S

Sex: **M**     DOB: **1959/08/12**     Housing:
Offense: **STALKING**

Inmate ID: **69011**          Booking #: **21601102**          Screening Date: **2016/03/09  02:00**

| Question | Response | Comment |
|---|---|---|
| Observation of transporting officer: Arresting or transporting officer noted inmate may be a suicide risk. | Yes | SUICIDAL STATEMENTS TO HOSPITAL STAFF IN FRONT OF MIDDLEBORO STATE PD |
| Personal Data: Inmate lacks close friends in the community. | [no response] | NO ANSWER |
| Inmate has experienced a significant loss within the last (6) months (e.g. loss of job, loss of relationship, death of close family member) | Yes | MOTHER |
| Inmate is very worried about major problems other than legal situation (e.g. serious financial or family problems, medical condition, fear of losing job). | No | "JUST THIS" |
| Inmate's family or significant other (e.g., spouse, close friend, lover) has attempted or committed suicide. | [no response] | NO ANSWER |
| Inmate has psychiatric history.Note current psychotropic medications and name of most recent treatment person or agency. | Yes | DEPRESSION |
| Inmate has history of drug or alcohol abuse. | No | |
| Inmate holds a position of respect in the community (e.g. professional, public official) and/or crime is shocking in nature. | Yes | LOTS OF PUBLIC JOBS |
| Inmate is thinking of killing self. | Yes | WANTS TO SLIT WRISTS |
| Inmate has previous suicide attempt (check wrists and note method) | Yes | IDEATIONS |
| Inmate feels that there is nothing to look forward to in the future, expresses feelings of helplessness or hopelessness | Yes | NO FUTURE |
| Inmate has history of impulsive explosive behavior. | No | POLICE REPORT WOULD SUGGEST OTHERWISE |
| Inmate has history of head trauma or seizures. | No | NO ANSWER |
| Behavior/Appearance: Inmate shows signs of depression (e.g., crying, emotional flatness) | Yes | EMOTIONAL FLATNESS BUT STATES HE IS PISSED |
| Inmate appears overly anxious, afraid, or angry. | No | |
| Inmate appears to feel unusually embarrassed or ashamed. | No | |
| Inmate is acting and/or talking in a strange manner (e.g., cannot focus attention, hearing or seeing things which are not there). | No | |
| Inmate is apparently under the influence of alcohol | No | |

Printed:     2016/03/09     02:05          Suicide Form          Page 1 of 2

Tpr. Kearns 000226

Inmate ID: **69011**          Booking #: **21601102**          Screening Date: **2016/03/09 02:00**

| Question | Response | Comment |
|---|---|---|
| or drugs. | | |
| If yes, is inmate incoherent, or showing signs of withdrawl or mental illness? | [no response] | |
| Criminal History: No prior arrests. | No | |
| Prior history of sexual offenses. | No | |
| Shift Commander notified: | Yes | |
| Surveillance implemented: | Constant | |
| Referred to Medical Dept | Yes | |
| If Referred to Medical Dept: | Emergency Mental Health | |

Score:     **8**

**Comments:**



# Commonwealth of Massachusetts

## Plymouth County Correctional Facility

### Property Seizure Receipt

INMATE: KEVIN S CLAPP                          Inmate ID:    69011
Booking Number:      21601102      LOCATION:    253UP

REPORTING OFFICER: _T. Silva_      DATE: _3-9-16_

TAKEN on commitment from the above the following personal items. All items except court clothes, glasses, hearing aids and approved prosthetic devices will be considered contraband.

CONTRABAND MUST BE REMOVED WITHIN THIRTY (30) DAYS or it will be disposed of.

| Quantity | Item | Description | Retained by Inmate |
|---|---|---|---|
| 1 | PANTS | BLUE | |
| 1 | SHOES | TAN | |
| 1 | T POLO (TORN) | WHITE | |

Dispose of my property in the following manner:

(   ) Destroy      (   ) Property will be picked up by (visitor): _____
(   ) Mail property at my expense      _____
(   ) Donate property to: _____

Inmate: X _Q-S_      Date _3-9-16_

Property Officer: _T. Silva_      Date _3-9-16_

I understand that it will be my responsibility to remove any and all of my property from the facility upon release. I further understand that any of my property not removed from this facility within thirty (30) days of the date of my release will be disposed/destroyed in a manner approved by the Deputy Superintendent and Property Officer of designees.

Inmate's Signature: _____   Date _____
Officer: _____   Date _____

I have received the above-listed property:

Received By: _____   Date _____
Property Officer: _____   Date _____   **RELEASED**

Inmate's CONTRABAND PROPERTY was disposed by (means)      DATE: _3/9/16_

on (date) _____                                              **ALL PROPERTY TAKEN**
PROPERTY OFFICER: _____                            TSEP KS000222

LEAVE BLANK      CRIMINAL

(STAPLE HERE)

STATE USAGE
NFF SECOND
SUBMISSION          APPROXIMATE CLASS      AMPUTATION      SCAR

LEAVE BLANK

LAST NAME, FIRST NAME, MIDDLE NAME, SUFFIX

CLAPP,KEVIN S

STATE USAGE

SIGNATURE OF PERSON FINGERPRINTED

SOCIAL SECURITY NO.          LEAVE BLANK

ALIASES/MAIDEN
LAST NAME, FIRST NAME, MIDDLE NAME, SUFFIX

| FBI NO. | STATE IDENTIFICATION NO. | DATE OF BIRTH   MM   DD   YY | SEX | RACE | HEIGHT | WEIGHT | EYES | HAIR |
|---|---|---|---|---|---|---|---|---|
| | | 08/12/1959 | M | W | 603 | 320 | BLU | BRO |



| 1. R. THUMB | 2. R. INDEX | 3. R. MIDDLE | 4. R. RING | 5. R. LITTLE |
|---|---|---|---|---|

| 6. L. THUMB | 7. L. INDEX | 8. L. MIDDLE | 9. L. RING | 10. L. LITTLE |
|---|---|---|---|---|

IDX TP5300 000306

Lexmark   Universal       20160309   01:49:49

LEFT FOUR FINGERS TAKEN SIMULTANEOUSLY      L. THUMB      R. THUMB      RIGHT FOUR FINGERS TAKEN SIMULTANEOUSLY

INVESTIGATION, UNITED STATES DEPARTMENT OF JUSTICE
WASHINGTON, D.C.  20537

L, STATE, OR LOCAL  AGENCIES INFORM INDIVIDUALS WHOSE SOCIAL SECURITY NUMBER IS REQUESTED WHETHER
F AUTHORITY FOR SUCH  SOLICITATION, AND USES WHICH WILL BE MADE OF IT.

| REST | ORI | MA0123000 | |
|---|---|---|---|
| MM  DD  YY | CONTRIBUTER | PLYMOUTH COUNTY SD | |
| 03/08/2016 | ADDRESS | | |
| | REPLY  YES | X | |
| | DESIRED? | | |

| FENSE | PLACE OF BIRTH (STATE OR COUNTRY) | COUNTRY OF CITIZENSHIP |
|---|---|---|
| MM  DD  YY | | |
| 03/08/2016 | MA    MA - MASSACHUSETTS | |

RKS, TATOOS AND AMPUTATIONS

| I/COMPLETE ADRESS | CITY | STATE |
|---|---|---|
| OKVILLE AVENUE | BROCKTON | MA |
| | | 02302 |

| NTIFICATION/REFERENCE | PHOTO AVAILABLE? | YES X |
|---|---|---|
| | PALM PRINTS TAKEN? | YES |

| AGENCY | OCCUPATION |
|---|---|
| ND SERIAL NO. | DISABLED |
| | DISPOSITION |
| | 1. |
| | 2. |
| | 3. |
| | ADDITIONAL |
| | STATE BUREAU STAMP |

Tpr. Kearns 000230

nouth County Correctional Facility
ID Bracelets
CLAPP, KEVIN S

ID   69011         DOB  1959/08/12        SSN  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
  Hgt: 6'3"      Wgt: 320      Race: WHT      Ethnicity  ITL
  Children: 0        Religion: CTH         Education: GE
                POB: QUINCY
           Self Reported Physical        POOR

                Phone: (781) 333-9622
ON, MA              BROTHR

ional Facility | CLAPP
               | KEVIN
1              | ID:      69011
               | BKN:    21601102
ional Facility | DATE:  2016/03/09
               | DOB:    1959/08/12
1              |    WHTM  BRO   BLU
               | Plymouth County Correctional Facility

ional Facility | CLAPP
               | KEVIN
1              | ID:      69011
               | BKN:    21601102
ional Facility | DATE:  2016/03/09
               | DOB:    1959/08/12
1              |    WHTM  BRO   BLU
               | Plymouth County Correctional Facility

Tpr. Kearns 000231

**<u>EXHIBIT 17</u>**

# HARMON LAW OFFICES, P.C.

150 CALIFORNIA STREET
NEWTON, MASSACHUSETTS 02458
TEL (617) 558-0500
FAX (617) 244-7304
Business Hours: Monday-Friday 8:00 AM-to 5:30 PM
*SERVING MASSACHUSETTS, NEW HAMPSHIRE AND RHODE ISLAND*

**VIA OVERNIGHT MAIL**

October 7, 2021

Brian Rogal, Esq.
Rogal & Donnellan, PC
100 River Ridge Drive, Suite 203
Norwood, MA 02062

Re:   Clapp v. Baker, et. al.
      Docket No.: 18-10426- ADB

Dear Attorney Rogal:

Enclosed please find a business record certification along with the documents responsive to the subpoena served on Harmon Law Offices, PC.  Please contact me if you have any questions.

Thank you for your attention to this matter.

Sincerely,

Thomas J Walsh, Esquire

Enclosures

201703-0305

## CERTIFICATE OF AUTHENTICITY OF BUSINESS RECORDS

I, <u>Thomas J. Walsh</u>, attest that:

I am employed by Harmon Law Offices, P.C. that my official title is <u>Managing Attorney</u> and that I have been appointed the keeper of the attached records.

Each of the attached records is the original or a duplicate of the original records in the custody of Harmon Law Offices, P.C. I further state that:

1.  these records were made, at or near the time of the occurrence of the matters set forth, by (or from information transmitted by) a person with knowledge of those matters;

2.  these records were kept in the course of regularly conducted business activity; and

3.  it was the regular practice of this business to make such records.

I certify that the foregoing is true and accurate, to the best of my knowledge and belief.

Executed on <u>October 7, 2021</u>

<u>/s/ Thomas J. Walsh_____</u>
Signature

<u>Newton, MA_____</u>
Location

201703-0305/ **Foreclosure - Purple**
Clapp, Kevin
79 BROOKVILLE AVENUE
BROCKTON, MA 02301

ON Pub Date:
07/10/2017
ID: 2-29470064

**Foreclosure - Purple**
Enterprise Publishing Co.
ON pub 07/10/2017



Clapp, Kevin



COMMONWEALTH OF
MASSACHUSETTS
LAND COURT
DEPARTMENT OF THE
TRIAL COURT
17SM003436
ORDER OF NOTICE

To:
Kevin S. Clapp

and to all persons enti-
tled to the benefit of the
Servicemembers Civil
Relief Act. 50 U.S.C.c.
50 §3901 et seq.

Santander Bank, N.A.
formerly known as
Sovereign Bank, N.A. for-
merly known as
Sovereign Bank

claiming to have an inter-
est in a Mortgage cover-
ing real property in
BROCKTON, numbered
79 BROOKVILLE
AVENUE, given by Kevin
S. Clapp to Sovereign
Bank, dated August 31,
2006, and recorded in
the Plymouth County
Registry of Deeds in
Book 33289, Page 116,
has/have filed with this
court a complaint for
determination of
Defendant's/Defendants'
Servicemembers status.

If you now are, or recent-
ly have been, in the
active military service of
the United States of
America, then you may
be entitled to the benefits
of the Servicemembers
Civil Relief Act. If you
object to a foreclosure of
the above mentioned
property on that basis
then you or your attorney
must file a written
appearance and answer
in this court at Three
Pemberton Square,
Boston, MA 02108 on or
before August 14, 2017
or you will be forever
barred from claiming that
you are entitled to the
benefits of said Act.
Witness, JUDITH C
CUTLER Chief Justice of
said Court on June 29,
2017.
Attest: Deborah J.
Patterson
Recorder
201703-0305-PRP

13588224   7/10/17



# HARMON LAW OFFICES, P.C.

150 CALIFORNIA STREET
NEWTON, MASSACHUSETTS 02458
TEL (617) 558-0500
FAX (617) 244-7304
Business Hours: Monday-Friday 8:00 AM-to 5:30 PM
*SERVING MASSACHUSETTS, NEW HAMPSHIRE AND RHODE ISLAND*

March 28, 2017

Mr. Kevin S Clapp
79 BROOKVILLE AVE
BROCKTON, MA 02302

RE:   Mortgage on 79 BROOKVILLE AVE, BROCKTON, Massachusetts

Dear Mr. Clapp:

This office has been retained by Santander Bank, N.A. to foreclose on a mortgage dated August 31, 2006 from Kevin S Clapp to Sovereign Bank, in the original principal amount of $203,200.00. Our client informs us that you are in breach of the conditions of the loan documents. We have been instructed to bring a foreclosure in the name of Santander Bank, N.A. formerly known as Sovereign Bank, N.A. formerly known as Sovereign Bank underthe Power of Sale contained in your mortgage and by entry. You are further notified that the note is hereby accelerated and the entire balance is due and payable forthwith and without further notice. Even though the note has been accelerated, you may still have the right to reinstate the loan. If so, and if you desire to reinstate the loan, you will need to pay an amount of money sufficient to bring the loan fully current.

Under the terms of the note and mortgage, there is outstanding through the date of this letter $144,317.46 in principal and $4,964.24 in interest and other charges for a total of **$149,281.70**. Furthermore, attorney's fees and costs and other charges will continue to accrue pursuant to the terms of the loan documents.

The amount necessary to reinstate or pay off the loan changes daily. You may order a reinstatement or payoff 24 hours a day on-line by going to www.hloreinstatement.com or to www.hlopayoff.com. Please follow the instructions contained on the web page. Please note that only requests made by owners, borrowers, mortgagors and authorized parties will be processed. You may also contact us during business hours to request a reinstatement or payoff by calling (617) 558-0598. When completing the on-line form or when calling our office, please reference your Case Number 201703-0305 so that we may process your request more quickly.

Unless you, within thirty days after receipt of this notice, dispute the validity of the debt or any portion thereof, the debt will be assumed to be valid by this office. If you notify this office in writing within the thirty-day period that the debt, or any portion thereof, is disputed, this office will obtain verification of the debt or a copy of a judgment against you and a copy of such verification or judgment will be mailed to you by this office. Upon your written request within the thirty-day period,

201703-0305

09/28/21

FCL

/Acceleration  Letter  -  Mortgagor/Clapp,
Kevin

Harmon File No  201703-0305

HARM - 00039

this office will provide you with the name and address of the original creditor, if different from the current creditor.

The law does not require this office to wait until the end of the thirty-day period before proceeding with legal action to collect the debt.  However, if you notify this office in writing within the thirty-day period described in the previous paragraph that the debt, or any portion thereof, is disputed, or that you request the name and address of the original creditor, this office shall cease collection of the debt, or any disputed portion thereof, until this office obtains verification of the debt or a copy of a judgment, or the name and address of the original creditor, and a copy of such verification or judgment, or name and address of the original creditor, is mailed to you by this office.

Your failure to dispute the validity of the debt may not be construed by any court as an admission of liability by you.

Very truly yours,

Marsha N Springette

MOS/NRA/201703-0305

CERTIFIED  MAIL NO.
RETURN RECEIPT REQUESTED

Certified Article Number

9414 7266 9904 2092 4505 39

SENDERS RECORD

**PLEASE BE ADVISED THAT THIS OFFICE IS ATTEMPTING TO COLLECT A DEBT AND THAT ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.**

## NOTICE OF DEFAULT AND INTENTION TO FORECLOSE MORTGAGE

Date of Notice: December 07, 2016

Kevin S Clapp
79 Brookville Ave
Brockton, MA 02302

Loan #: 

The MORTGAGE held by Santander Bank, N.A. (hereinafter we, us, or ours) on your property located at 79 Brookville Ave Brockton, MA 02301 IS SERIOUSLY IN DEFAULT because YOU HAVE NOT MADE THE MONTHLY PAYMENTS of $923.44 since 08/01/16 to the present. The total amount now required to cure this default, or in other words, get caught up in your payments, as of the date of this letter, is $4,760.18. The total amount includes late charges and any other charges that have accrued to this date. If you disagree with the assertion that a default has occurred or the correctness of the calculated amount required to cure the default, contact:

SANTANDER BANK, N.A.
SINGLE POINT OF CONTACT
MAILCODE 10-421-MC3
450 PENN STREET
READING, PA 19602
1-888-656-8101

HOW TO CURE THE DEFAULT -- You may cure the default within THIRTY (30) DAYS of the date of this notice, or in other words not later than January 06, 2017 BY PAYING THE TOTAL AMOUNT PAST DUE TO THE LENDER, WHICH IS $4,760.18 PLUS ANY MORTGAGE PAYMENTS AND LATE CHARGES WHICH BECOME DUE DURING THE THIRTY (30) DAY PERIOD. Payments must be made either by cash, cashier's check, certified check or money order made payable to Santander Bank, N.A. and sent to PO BOX 12649, Reading, PA 19612 or overnight delivery to 450 Penn Street, Mail code 10-421-MP2, Reading, PA 19602.

IF YOU DO NOT CURE THE DEFAULT--If you do not cure the default within THIRTY (30) DAYS of the date of this Notice, the lender intends to exercise its rights to accelerate the mortgage debt. This means that the entire outstanding balance of this debt will be considered due immediately and you may lose the chance to pay the mortgage in monthly installments. If full payment of the total amount past due is not made within THIRTY (30) DAYS, the lender also intends to instruct its attorneys to start legal action to foreclose upon your mortgaged property.

IF THE MORTGAGE IS FORECLOSED UPON — The mortgaged property will be sold to pay off the mortgage debt. If the lender refers your case to its attorneys, but you cure the delinquency before the lender begins legal proceedings against you, you will still be required to pay the reasonable attorney's fees that were actually incurred, up to $50.00. However, if legal proceedings are started against you, you will have to pay all reasonable attorney's fees actually incurred by the lender even if they exceed $50.00. Any attorney's fees will be added to the amount you owe the lender, which may also include other reasonable costs. If you cure the default within the THIRTY (30) DAY period, you will not be required to pay attorney's fees.

OTHER LENDER REMEDIES — The lender may also sue you personally for the unpaid principal balance and all other sums due under the mortgage.

RIGHT TO CURE THE DEFAULT PRIOR TO SALE -- If you have not cured the default within the THIRTY (30) DAY period and foreclosure proceedings have begun, you still have the right to cure the default and prevent the sale at any time until the sale of the property.   You may do so by paying the total amount then past due, plus any late or other charges then due, reasonable attorney's fees and costs connected with the foreclosure sale and any other costs connected with the sale as specified in writing by the lender and by performing any other requirements under the mortgage. Curing your default in the manner set forth in this notice will restore your mortgage to the same position as if you had never defaulted.

HOW TO CONTACT THE LENDER:

Name of Lender: SANTANDER BANK, N.A.
Address:       SINGLEPOINT OF CONTACT, MAILCODE 10-421-MC3, 450 PENN STREET
               READING, PA 19602

Phone Number:  1-888-656-8101

Fax Number:   1-888-836-8850

Contact Person:  KARLIN RAMIREZ

ASSUMPTION OF MORTGAGE -- You may have the right to sell or transfer your home to a buyer or transferee who will assume the mortgage debt, provided that all the outstanding payments, charges and attorney's fees and costs are paid prior to or at the sale and that the other requirements of the mortgage are satisfied.

**You have the right to reinstate after acceleration, per the terms of your Mortgage.**

**You have the right to bring a court action to assert the non-existence of a default or any other defense you may have to acceleration and sale.**

YOU MAY ALSO HAVE THE RIGHT:

TO SELL THE PROPERTY TO OBTAIN MONEY TO PAY OFF THE MORTGAGE DEBT OR TO BORROW MONEY FROM ANOTHER LENDING INSTITUTION TO PAY OFF THIS DEBT.

TO HAVE THIS DEFAULT CURED BY ANY THIRD PARTY ACTING ON YOUR BEHALF.

TO SEEK PROTECTION UNDER THE FEDERAL BANKRUPTCY LAW.

You may contact our Mortgage Services Department via E-mail at:
MORTSERV@SANTANDER.US

This bank is a debt collector attempting to collect a debt and any information obtained from you will be used for that purpose.

To the extent your original obligation was discharged, or is subject to an automatic stay of bankruptcy under Title 11 of the United States Code, this statement is for compliance and/or informational purposes only and does not constitute an attempt to collect a debt or to impose personal liability for such obligation. However, Santander Bank, N.A. retains rights under its security instrument, including the right to foreclose its lien.

IMPORTANT NOTICE TO SERVICEMEMBERS AND THEIR DEPENDENTS

If you are or recently were on active duty or active service, including active military duty as a member of a state's national guard or as a member of a reserve component of the armed forces of the United States, you may be eligible for benefits and protections under the federal Servicemembers Civil Relief Act (SCRA). This includes protection from foreclosure or eviction. Please contact us immediately if you believe that you may be eligible for SCRA benefits and protections.

## HOUSING AND URBAN DEVELOPMENT ("HUD") NOTIFICATION

IMPORTANT NOTICE OF THE HOUSING AND COMMUNITY DEVELOPMENT ACT OF 1987
PLEASE READ THIS NOTICE. HOMEOWNERSHIP COUNSELING MAY BE AVAILABLE TO YOU.

DATE:   December 07, 2016

TO:   KEVIN S CLAPP

RE:   3446200964

FROM:   Santander Bank, N.A.

The Housing and Community Development Act of 1987 requires that Santander Bank, N.A. notify eligible homeowners with delinquent home loans of the availability of homeownership counseling. Because your home loan is DELINQUENT, you may be eligible for homeownership counseling provided by certain non-profit organizations.

### PLEASE CALL THE HUD TOLL FREE NUMBER AT
### 1-800-569-4287
### FOR MORE INFORMATION.

If you have any questions about your home loan you may call or write to Santander Bank, N.A. at:

SANTANDER BANK, N.A.
SINGLE POINT OF CONTACT
MAILCODE 10-421-MC3
450 PENN STREET
READING, PA 19602
1-888-656-8101
1-888-836-8850

Michael P. Sell

Assistant Vice President

Santander Bank, N.A.



**DTI Center**
Santander Bank, N.A.
P.O. Box 50310
Indianapolis, IN 46250

KEVIN S CLAPP
79 BROOKVILLE AVE
BROCKTON MA 02302-1157



## NOTICE OF DEFAULT AND INTENTION TO FORECLOSE MORTGAGE

Date of Notice: December 07, 2016

Kevin S Clapp
79 Brookville Ave
Brockton, MA 02301

Loan #: ██████████

The MORTGAGE held by Santander Bank, N.A. (hereinafter we, us, or ours) on your property located at 79 Brookville Ave Brockton, MA 02301 IS SERIOUSLY IN DEFAULT because YOU HAVE NOT MADE THE MONTHLY PAYMENTS of $923.44 since 08/01/16 to the present. The total amount now required to cure this default, or in other words, get caught up in your payments, as of the date of this letter, is $4,760.18. The total amount includes late charges and any other charges that have accrued to this date. If you disagree with the assertion that a default has occurred or the correctness of the calculated amount required to cure the default, contact:

SANTANDER BANK, N.A.
SINGLE POINT OF CONTACT
MAILCODE 10-421-MC3
450 PENN STREET
READING, PA 19602
1-888-656-8101

HOW TO CURE THE DEFAULT -- You may cure the default within THIRTY (30) DAYS of the date of this notice, or in other words not later than January 06, 2017 BY PAYING THE TOTAL AMOUNT PAST DUE TO THE LENDER, WHICH IS $4,760.18 PLUS ANY MORTGAGE PAYMENTS AND LATE CHARGES WHICH BECOME DUE DURING THE THIRTY (30) DAY PERIOD. Payments must be made either by cash, cashier's check, certified check or money order made payable to Santander Bank, N.A. and sent to PO BOX 12649, Reading, PA 19612 or overnight delivery to 450 Penn Street, Mail code 10-421-MP2, Reading, PA 19602.

IF YOU DO NOT CURE THE DEFAULT--If you do not cure the default within THIRTY (30) DAYS of the date of this Notice, the lender intends to exercise its rights to accelerate the mortgage debt. This means that the entire outstanding balance of this debt will be considered due immediately and you may lose the chance to pay the mortgage in monthly installments. If full payment of the total amount past due is not made within THIRTY (30) DAYS, the lender also intends to instruct its attorneys to start legal action to foreclose upon your mortgaged property.

IF THE MORTGAGE IS FORECLOSED UPON -- The mortgaged property will be sold to pay off the mortgage debt. If the lender refers your case to its attorneys, but you cure the delinquency before the lender begins legal proceedings against you, you will still be required to pay the reasonable attorney's fees that were actually incurred, up to $50.00. However, if legal proceedings are started against you, you will have to pay all reasonable attorney's fees actually incurred by the lender even if they exceed $50.00. Any attorney's fees will be added to the amount you owe the lender, which may also include other reasonable costs. If you cure the default within the THIRTY (30) DAY period, you will not be required to pay attorney's fees.

OTHER LENDER REMEDIES -- The lender may also sue you personally for the unpaid principal balance and all other sums due under the mortgage.

RIGHT TO CURE THE DEFAULT PRIOR TO SALE -- If you have not cured the default within the THIRTY (30) DAY period and foreclosure proceedings have begun, you still have the right to cure the default and prevent the sale at any time until the sale of the property. You may do so by paying the total amount then past due, plus any late or other charges then due, reasonable attorney's fees and costs connected with the foreclosure sale and any other costs connected with the sale as specified in writing by the lender and by performing any other requirements under the mortgage. Curing your default in the manner set forth in this notice will restore your mortgage to the same position as if you had never defaulted.

HOW TO CONTACT THE LENDER:

Name of Lender: SANTANDER BANK, N.A.
Address:        SINGLEPOINT OF CONTACT, MAILCODE 10-421-MC3, 450 PENN STREET
                READING, PA 19602

Phone Number:  1-888-656-8101

Fax Number:    1-888-836-8850

Contact Person:  KARLIN RAMIREZ

ASSUMPTION OF MORTGAGE -- You may have the right to sell or transfer your home to a buyer or transferee who will assume the mortgage debt, provided that all the outstanding payments, charges and attorney's fees and costs are paid prior to or at the sale and that the other requirements of the mortgage are satisfied.

**You have the right to reinstate after acceleration, per the terms of your Mortgage.**

**You have the right to bring a court action to assert the non-existence of a default or any other defense you may have to acceleration and sale.**

YOU MAY ALSO HAVE THE RIGHT:

TO SELL THE PROPERTY TO OBTAIN MONEY TO PAY OFF THE MORTGAGE DEBT OR TO BORROW MONEY FROM ANOTHER LENDING INSTITUTION TO PAY OFF THIS DEBT.

TO HAVE THIS DEFAULT CURED BY ANY THIRD PARTY ACTING ON YOUR BEHALF.

TO SEEK PROTECTION UNDER THE FEDERAL BANKRUPTCY LAW.

You may contact our Mortgage Services Department via E-mail at:<br>MORTSERV@SANTANDER.US

This bank is a debt collector attempting to collect a debt and any information obtained from you will be used for that purpose.

To the extent your original obligation was discharged, or is subject to an automatic stay of bankruptcy under Title 11 of the United States Code, this statement is for compliance and/or informational purposes only and does not constitute an attempt to collect a debt or to impose personal liability for such obligation. However, Santander Bank, N.A. retains rights under its security instrument, including the right to foreclose its lien.

IMPORTANT NOTICE TO SERVICEMEMBERS AND THEIR DEPENDENTS

If you are or recently were on active duty or active service, including active military duty as a member of a state's national guard or as a member of a reserve component of the armed forces of the United States, you may be eligible for benefits and protections under the federal Servicemembers Civil Relief Act (SCRA). This includes protection from foreclosure or eviction. Please contact us immediately if you believe that you may be eligible for SCRA benefits and protections.

## HOUSING AND URBAN DEVELOPMENT ("HUD") NOTIFICATION

IMPORTANT NOTICE OF THE HOUSING AND COMMUNITY DEVELOPMENT ACT OF 1987
PLEASE READ THIS NOTICE. HOMEOWNERSHIP COUNSELING MAY BE AVAILABLE TO YOU.

DATE:   December 07, 2016

TO:   KEVIN S CLAPP

RE:   3446200964

FROM:   Santander Bank, N.A.

The Housing and Community Development Act of 1987 requires that Santander Bank, N.A. notify eligible homeowners with delinquent home loans of the availability of homeownership counseling. Because your home loan is DELINQUENT, you may be eligible for homeownership counseling provided by certain non-profit organizations.

## PLEASE CALL THE HUD TOLL FREE NUMBER AT
## 1-800-569-4287
## FOR MORE INFORMATION.

**If you have any questions about your home loan you may call or write to Santander Bank, N.A. at:**

SANTANDER BANK, N.A.
SINGLE POINT OF CONTACT
MAILCODE 10-421-MC3
450 PENN STREET
READING, PA 19602
1-888-656-8101
1-888-836-8850

Michael P. Sell

Assistant Vice President

Santander Bank, N.A.



DTI Center
Santander Bank, N.A.
P.O. Box 50310
Indianapolis, IN 46250

KEVIN S CLAPP
79 BROOKVILLE AVE
BROCKTON MA 02302-1157



**<u>EXHIBIT 18</u>**

COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, ss.

SUPREME JUDICIAL COURT
FOR SUFFOLK COUNTY
NO: SJ-2016-0128

DISTRICT COURT DEPARTMENT
STOUGHTON DISTRICT COURT
No. 1655CR00281

COMMONWEALTH

vs.

KEVIN CLAPP

JUDGMENT

The petitioner has been charged with stalking and threatening to commit a crime based on reports of statements the petitioner made to a State trooper and his wife, and a series of text messages that the petitioner allegedly sent the trooper over a period of several days in March, 2016.[1]  As part of the petitioner's conditions of release on bail, he was fitted with a global positioning system (GPS) monitoring device.

This matter came before the court, Duffly, J., on the petitioner's emergency petition for relief pursuant to G. L. c. 211, §, from a District Court judge's order denying his

_____

[1] The petitioner apparently had a personal acquaintance with the State trooper as a result of the petitioner's mother's friendship with the trooper.  The Commonwealth contends that the petitioner blamed the trooper for not having conducted an investigation into the circumstances of his mother's death in a nursing home.

**<u>EXHIBIT 19</u>**



# THE COMMONWEALTH OF MASSACHUSETTS
## OFFICE OF THE ATTORNEY GENERAL

### ONE ASHBURTON PLACE
### BOSTON, MASSACHUSETTS 02108

(617) 727-2200
www.mass.gov/ago

MARTHA COAKLEY
ATTORNEY GENERAL

October 30, 2013

Kevin Clapp
79 Brookville Avenue
Brockton, MA 02302

Dear Mr. Clapp:

The Attorney General's Office has reviewed your recent inquiry to the Criminal Bureau for the purpose of deciding whether to assign this matter within the Criminal Bureau for a more comprehensive review of the facts, make an inquiry on your behalf, or intervene in this matter.

The Criminal Bureau of the Attorney General's Office receives inquiries and alleged complaints on a daily basis from citizens, police departments and other governmental agencies. Every such inquiry and complaint is reviewed and a decision made whether to take action on the inquiry or complaint. This type of evaluation is necessary because the volume of complaints and inquiries we receive, coupled with the finite resources available, precludes the Bureau from investigating and prosecuting every allegation that is brought to our attention.

I am advising you that the Criminal Bureau will not be conducting any further review or investigation of your complaint. To pursue this matter further you should contact the Norfolk District Attorney's Office. They may be reached at (781) 835-4800.

I am sorry that this office cannot be of further assistance to you.

Sincerely,

Mary A. Phillips
Assistant Attorney General
Criminal Bureau