UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| KEVIN S. CLAPP, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | Civil Action No. 18-cv-10426-ADB |
| | * | |
| BRUCE TOBIN, BRIAN TULLY, SCOTT KEARNS, AND BRIAN BROOKS, | * | |
| | * | |
| Defendants. | * | |

## MEMORANDUM AND ORDER ON MOTIONS IN LIMINE

BURROUGHS, D.J.

Currently before the Court are eight motions in limine filed by Defendants Bruce Tobin, Brian Tully, Scott Kearns, and Brian Brooks (collectively, "Defendants"), [ECF Nos. 216–223], and one filed by Plaintiff Kevin S. Clapp ("Plaintiff"), [ECF No. 215].

For the reasons set forth below, (1) ECF No. 218 is GRANTED; (2) ECF Nos. 217, 220, 221, and 223 are GRANTED in part and DENIED in part; (3) ECF Nos. 216 and 222 are DENIED with leave to renew at trial; and (4) ECF No. 215 is DENIED. The Court reserves ruling on Defendants' motion in limine regarding the outcome of the criminal charges filed against Plaintiff. [ECF No. 219].

I. **DISCUSSION**

The Court assumes the parties' familiarity with the underlying facts and allegations in this case. In sum, Plaintiff brings this case pursuant to 42 U.S.C. § 1983, alleging that Defendants violated his civil rights by engaging in unlawful conduct during his arrest and in the

investigation leading up to his arrest. [ECF No. 21]. The Court ruled on Defendants' motions for summary judgment, [ECF No. 255], and the case is now ready for trial.

### A. ECF No. 215: Plaintiff's Motion in Limine to Exclude Deposition Testimony of Plaintiff While Pro Se

Plaintiff moves to exclude all deposition testimony taken while he was proceeding pro se, [ECF No. 215], which Defendants have opposed, [ECF No. 236]. The motion is DENIED. The Federal Rules of Civil Procedure allow a deponent to contradict their deposition testimony by either clarifying testimony on cross-examination, Fed. R. Civ. P. 30(c)(1), or by, within 30 days after the deposition transcript becomes available, signing a statement listing the changes to that transcript and the reasons for making those changes, pursuant to Fed. R. Civ. P. 30(e)(1)(B). "This rule applies even to *pro se* litigants." Felix-Torres v. Graham, 687 F. Supp. 2d 38, 50 (N.D.N.Y. 2009). A review of the record shows that Plaintiff had ample opportunity to review his deposition transcript despite his initial pro se status, and his counsel, once retained, had over six months to either purchase the transcripts, request that they be made available to read, or file a motion to secure additional time for Plaintiff to read them.

Defendants have requested an award of fees for responding to this motion, [ECF No. 236 at 7], but, the motion, though meritless, is not frivolous or in bad faith. Consequently, the request for fees is DENIED.

### B. ECF Nos. 216, 221: Defendants' Motions in Limine to Exclude Certain Aspects of Damages and to Prohibit Plaintiff from Offering Testimony on Damages

The Court interprets Plaintiff's opposition brief, [ECF No. 227], to apply to both of Defendants' motions in limine regarding damages.

Defendants' first motion on damages, [ECF No. 216], seeks to preclude evidence of the alleged foreclosure of Plaintiff's house and his alleged loss of employment. This motion is

DENIED with leave to renew at trial if Plaintiff fails to substantiate such losses or to demonstrate a causal connection between any excessive force and these claimed damages.

Defendants' second motion on damages, [ECF No. 221], requests that the Court preclude the Plaintiff from offering any testimony or evidence regarding damages resulting from past and future medical bills, and damages attributable to the rigors of litigation or to defending himself against criminal charges. The motion is GRANTED in part and DENIED in part, also with leave to renew at trial. Should the jury find excessive force, it will be permitted to consider the full range of available damages to include compensatory, punitive, and nominal damages so long as Plaintiff can show causation and document damages, where required, either with medical records or testimony. See Lachance v. Town of Charlton, 990 F.3d 14, 28–29 (1st Cir. 2021) (stating that "in order to recover on a Fourth Amendment excessive force claim under § 1983, a plaintiff must show that he suffered damages caused by a defendant's use of such force"). Any reward of future medical expenses must be supported by evidence at trial, Stiles v. Demoulas Super Markets, Inc., No. 2013-cv-02549, 2016 WL 2610624, at *3 (Mass. Super. Ct. Apr. 1, 2016), and although future medical expenses are typically supported by expert testimony, it is also reasonable for a jury to base future medical expenses on current costs that are likely to continue, Larkin v. Dedham Med. Assocs., Inc., 107 N.E.3d 1212, 1221–22 (Mass. App. Ct. 2018). Additionally, Plaintiff may not seek compensatory damages for costs incurred in defending the criminal charges or for the rigors of litigating a civil case that he initiated.

### C. ECF No. 217: Defendants' Motion in Limine to Preclude Claims of Conspiracy

Defendants move to preclude claims of conspiracy, [ECF No. 217], which Plaintiff has opposed, [ECF No. 233]. Defendants' motion is GRANTED in part and DENIED in part. Plaintiff may not argue that there is a conspiracy charge associated with this case, which he

concedes.  See [ECF No. 233 at 1 ("Plaintiff is not seeking to hold [Defendants] liable because of a conspiracy.")].  He may, however, assert that there was a common purpose or concerted activity on the part of Defendants.  The Court is willing to give an appropriate jury instruction on the need to consider each Defendant individually.

        **D.**      **ECF No. 218: Defendants' Motion in Limine to Preclude Prior Complaints Against or Discipline of Defendants**

Defendants ask the Court to bar any reference to or evidence of any complaint made against any Defendants in the course of their duties or any discipline that may have been imposed by the State Police.  [ECF No. 218].  Specifically, Plaintiff seeks to use evidence discussing incidents involving Defendants Kearns and Tobin.  [ECF No. 229 (opposition)].  These incidents are not admissible pursuant to Federal Rule of Evidence 404.  Further, to the extent Plaintiff is relying on any other rule, the incidents appear to be irrelevant and, if they arguably have any limited relevance, the probative value is far outweighed by the potential for unfair prejudice.  See Fed. R. Evid. 403.  Accordingly, the motion, [ECF No. 218], is GRANTED.

        **E.**      **ECF No. 220: Defendants' Motion in Limine to Preclude Plaintiff from Testifying to Hearsay, Non-Relevant, Unduly Prejudicial, and Inadmissible Statements**

Defendants have moved to preclude Plaintiff from testifying to hearsay, non-relevant, unduly prejudicial, and inadmissible statements.  [ECF No. 220].  Plaintiff has opposed only in part.  [ECF No. 228].  The motion is GRANTED in part and DENIED in part.  All parties will be subject to the Federal Rules of Evidence which prohibits such testimony.  Rulings as to what is improper testimony will be made at trial when proper objections are made.  Plaintiff will, in all likelihood, not be permitted to testify that Defendants wanted to kill him as this would seem to be more prejudicial than probative irrespective of the hearsay issues.  The Court will instruct

witnesses during their testimony if it appears to be necessary. The parties are encouraged to properly instruct their witnesses regarding the scope of their testimony where appropriate, but will not require them to do so.

### F. ECF No. 222: Defendants' Motion in Limine to Prohibit Plaintiff from Testifying to Statements Attributed to Him By Leo Murray

Defendants' motion to prohibit Plaintiff from testifying about statements attributed to him by Leo Murray ("Mr. Murray") is DENIED with leave to renew at trial. [ECF No. 222; ECF No. 226 (opposition)]. Plaintiff's testimony, like that of any other witness, will be constrained by the Federal Rules of Evidence which, among other things, limit irrelevant testimony. Nonetheless, Plaintiff will be allowed, consistent with applicable evidentiary rules, to develop his theory that excessive force was used on him because of his hostile relationship with some of the law enforcement officers involved in his arrest. Motive or intent is not relevant in assessing whether excessive force was used, see Graham v. Connor, 490 U.S. 386, 397 (1989); see also Raiche v. Pietroski, 623 F.3d 30, 36 (1st Cir. 2010), but can be introduced to support a claim for punitive damages, see Stamps v. Town of Framingham, No. 12-cv-11908, 2014 U.S. Dist. LEXIS 177455, *28–29, (D. Mass. Dec. 26, 2014).

It is conceivable that some aspects of Plaintiff's interactions with Mr. Murray may be admissible for this purpose. The Court will rule on appropriate objections as they arise at trial. If Mr. Murray testifies, he, like every other witness, will be subject to proper direct and cross examination that complies with the Federal Rules of Evidence.

### G. ECF No. 223: Defendant Tobin's Motion in Limine to Preclude Irrelevant Testimony

Defendant Tobin's motion to preclude irrelevant testimony is DENIED in part and GRANTED in part, with leave to make objections at trial as appropriate. [ECF No. 223; ECF

No. 225 (opposition)]. As already noted, Plaintiff will be allowed, consistent with applicable evidentiary rules, to develop his theory that excessive force was used on him because of his hostile relationship with some of the law enforcement officers involved in his arrest. This may involve some testimony concerning his mother, which seems to be the genesis of his conflict with Defendants. This testimony will be circumscribed in light of the fact that John Fanning is no longer a party to the case, but it will be permitted to the extent necessary to allow Plaintiff to explain the relevant relationships. Appropriate limiting instructions will be given at the discretion of the Court or at the request of a party. Testimony regarding sexual misconduct, missing prescriptions, and Mark Cohen's use of syringes will be excluded.

## II.     CONCLUSION

Accordingly, for the reasons set forth above, these motions in limine are resolved as follows:

- ECF No. 218 is GRANTED;
- ECF Nos. 217, 220, 221, and 223 are GRANTED in part and DENIED in part;
- ECF Nos. 216 and 222 are DENIED with leave to renew at trial; and
- ECF No. 215 is DENIED.

**SO ORDERED.**

March 21, 2022                                              /s/ Allison D. Burroughs
                                                                    ALLISON D. BURROUGHS
                                                                    U.S. DISTRICT JUDGE